# SANFORD WITTELS & HEISLER, LLP

555 Montgomery Street, Suite 1206
San Francisco, CA 94111
(415) 391-6900
Fax: (415) 391-6901
Email: jwipper@swhlegal.com
www.swhlegal.com

**RECEIVED DEC 20 2011 CHAMBERS OF ANDREW J. PECK**

1666 Connecticut Ave. NW
Suite 300
Washington D.C. 20009
Fax: (202) 742-7776

440 West Street
Fort Lee, NJ 07024
Fax: (201) 585-5233

1350 Avenue of the Americas
31st Floor
New York, NY 10019
Fax: (646) 723-2948

December 19, 2011

**VIA FACSIMILE**
Honorable Andrew J. Peck
U.S.D.C. – Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007
Fax No. 212-805-7933

**MEMO ENDORSED**

Re:   *da Silva Moore, et al. v. Publicis Groupe SA, et al.*, Civ. No. 11-CV-1279

Dear Judge Peck,

Plaintiffs write to respectfully request the adjournment of the discovery conference currently scheduled for Wednesday, December 21 at 2:00 p.m. to a date in early January 2012 that is convenient to the Court. This is the first request for adjournment. Defendant MSLGroup ("MSL") does not consent to adjournment; Defendant Publicis Groupe stated during the December 2, 2011 discovery conference that they did not plan to send counsel or a representative to the December 21 conference. (Dec. 2, 2011 Tr. at 36:4-37:11.) MSL does not think it is necessary to move the conference, because they wish to limit the upcoming conference to MSL's draft ESI protocol addressing only one source of data, electronic mail ("email").

At the previous discovery conference on December 2, 2011, the Court advised the parties that by the next conference on December 21, they should have an "ESI plan in place" with "very specific and targeted" disputes to bring before the Court. (Dec. 2, 2011 Tr. at 34:25-35:22.) Plaintiffs did not receive MSL's draft protocol until last Thursday afternoon. Because MSL waited nearly two-weeks to send their first draft of a protocol that is not comprehensive, and incorporates the use of novel methodologies, the parties still have broad disputes.

First, MSL's draft ESI protocol is not comprehensive, as it addresses only one source of data, electronic mail ("email"). MSL has informed Plaintiffs that it keeps data that is responsive to the discovery requests in this case in numerous places, including, but not limited to: (i) "Noovoo," or "MSLCity," an intranet system used primarily to post Company-related information likely to contain MSL policies and procedures; (ii) shared network storage locations including HR specific folders; (iii) personal network storage or Home Directories; (iv) non-custodian e-mail addresses used solely to receive employee complaints and inquiries; (v) "Vurv/Taleo," a system that houses information regarding talent recruitment and promotions; and (vi) email. MSL asserts, without provision of any support, that "almost everything" will be present in email data. Thus, MSL has refused to set forth how they would address search and review methodology with regard to any of these non-email searches. Additionally, there are

significant disagreements that have not yet been resolved, including the number and names of custodians, the search term list, and search methodology, with regard to MSL's proposed email search protocol, that will not be narrowed prior to December 21, 2011.

Second, MSL proposes the use of predictive coding—a novel method not yet approved by any court in the United States—as its <u>sole</u> search method for all email data. Although Plaintiffs are prepared to consider the use of predictive coding as a search method in general, Plaintiffs need more time to evaluate and provide feedback on the draft proposal and its methodology. Plaintiffs have retained electronic discovery experts from DOAR Litigation Consulting to aid them in evaluating Defendant's proposal, and have already started consulting about the draft protocol. Given the magnitude and novelty of the approach presented by MSL, however, Plaintiffs' experts need more time to examine the risks and benefits of Defendant's proposal. The parties then may engage in dialogue in order to narrow the issues, if any, that require resolution by the Court.

For the reasons listed above, Plaintiffs believe that good cause supports an adjournment, and respectfully request that the Court move the upcoming December 21 discovery conference to a date in early January.

Respectfully submitted,

Janette Wipper

Cc:   All counsel of record

**MEMO ENDORSED** 12/20/11

1. Conf adjourned at Π's request to 1/4 at 11AM. The Court expects the discovery protocol to be completed by then.
2. As to predictive coding, you should read my article, "Search, Forward," in its Oct. 2011 issue of Law Technology News.

SO ORDERED:

Hon. Andrew Jay Peck
United States Magistrate Judge

[BY ECF]

2

```
1c2Dsesc                                                                1
            UNITED STATES DISTRICT COURT
 1          SOUTHERN DISTRICT OF NEW YORK
 2          ------------------------------x
 2
 3          MONIQUE DA SLIVA MOORE,
 3
 4                         Plaintiff,
 4
 5                    v.                              11CV01279
 5
 6          PUBLICIS GROUPE, ET AL,
 6
 7                         Defendant.
 7
 8          ------------------------------x
 8                                                 New York, N.Y.
 9                                                 December 2, 2011
 9                                                 5:00 p.m.
10
10          Before:
11
11                            HON. ANDREW J. PECK,
12
12                                             Magistrate Judge
13
13                                APPEARANCES
14
14          SANFORD WITTELS & HEISLER
15               Attorney for Plaintiff
15          BY:  STEVEN WITTELS
16               SIHAM NURHUSSEIN
17
17          JACKSON LEWIS
18               Attorney for Defendant
18          BY:  VICTORIA WOODLIN CHAVEY
19               JEFFREY BRECHER
20
21          MORGAN LEWIS & BOCKIUS, LLP
21          BY:  GEORGE STOHNER
22          Attorneys for Defendant Publicis Groupe
22
23
24
25
                           SOUTHERN DISTRICT REPORTERS, P.C.
                                    (212) 805-0300
```

34

1c20sasc

```
 1   check with our clients to see.  I think some of them have
 2   already made travel arrangements, so --
 3             THE COURT:  You know, then the depositions -- look,
 4   here is the deal.  For any of them that can't switch it, are
 5   you all available the week of the 12th instead of the week of
 6   the 5th, whoever is taking these depositions?
 7             MS. CHAVEY:  We can make those arrangements, yes.
 8             THE COURT:  Good.  So you will find out quickly.  And
 9   any of your clients who could be deposed the week of the --
10             How about listening to me, instead of talking to each
11   other?
12             MR. WITTELS:  Sorry.
13             THE COURT:  Any one of them that can be deposed the
14   week of the 12th, instead of the week of the 5th, that's great.
15   Anyone already off to Florida or wherever it may be, then the
16   date sticks for the next week, unless you work out some
17   accommodation in writing with the defendants.
18             Because I don't want to hear misunderstandings or
19   whatever.  If there is a written letter signed, you know, one
20   now e-mail, you e-mail them and say, you know, how about we do
21   it on the 19th instead of the 12th.  If they say yes in
22   writing, then you're fine.  If there is no response or
23   whatever, the deposition goes forward next week as previously
24   scheduled.
25             Clear?  Clear.  Date to come back?  By which point you
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

35

1c20sasc

```
 1   must have your ESI plan in place, or very specific and very
 2   targeted, you know, we agree to these 50 custodians, or agree
 3   to X custodians, we're fighting over Y custodians, we agree on
 4   these key words, we're fighting over these. If you give me
 5   amorphous stuff, it's very hard for me to rule.
 6            When do you want to come back?
 7            MS. CHAVEY: Something like December 23, would work
 8   for us.
 9            MR. WITTELS: How about Tuesday, the 20th or 21 --
10            THE COURT: Tuesday is the 20th. Does that work for
11   the defendants?
12            MR. ANDREWS: I'm sure I can make it work, I don't
13   have a calendar with me. It's locked up downstairs.
14            THE COURT: The sooner -- you are all local,
15   Morristown, I don't know, whatever. But if you are
16   quote/unquote New York lawyers, get the New York State Bar
17   card, get a federal bar card, whatever we call it. That let's
18   you bring your cell phone in. In any event --
19            MR. WITTELS: How about the Wednesday, your Honor,
20   give us some time to work out the --
21            THE COURT: Fine, December 21 at 2:00. Does that
22   work?
23            MR. ANDREWS: We can make it work. That is the date
24   of deposition scheduled in Atlanta, but I guess you know,
25   they're enough lawyers on both sides, we can make that work.
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

```
                                                              36
    1c20sasc
 1            THE COURT:  If there is another day early that week
 2   that you want that works better for everyone, you know, I'm
 3   trying to accommodate you all here.
 4            MR. STOHNER:  Your Honor, while they are trying to
 5   talk about dates, my name is George Stohner, I represent
 6   Publicis Groupe.  I have never been to a discovery conference
 7   where I have not uttered a word.  But just a point of
 8   clarification.  I came today because I was uncertain as to the
 9   scope of this hearing.  There is no dispute at this time.
10   Hopefully, never, vis-a-vis Publicis Groupe.  And I do have a
11   New York Bar card, but I am not local.  And if it's possible
12   for Publicis Groupe to be excused, I would ask that, unless
13   there is some reason for them to be here.
14            THE COURT:  Are you talking about the next conference?
15            MR. STOHNER:  The next conference.
16            THE COURT:  All right.  Does anyone need them at the
17   next conference?  You, certainly from California, can appear
18   telephonically if it's useful, to let you off the hook
19   completely.
20            MS. CHAVEY:  It's fine with us.
21            MR. WITTELS:  We also have a counsel, my co-counsel
22   and partner Janette Wipper, if she could be on the phone as
23   well, that would be helpful, your Honor.
24            THE COURT:  That's fine.  But the question is do you
25   want Publicis on the phone for the next conference, or are we
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                                    37
     1c20sasc
 1   only dealing with disputes with MSI?
 2             MR. WITTELS: Well beyond the correspondence, if they
 3   feel they need to be here then, or on the phone, that would be
 4   appropriate. If not, I don't see any need to.
 5             THE COURT: All right. And I don't know what the --
 6   how close the relationship is between the two defendants. If
 7   you're not here and something comes up, you run the slight risk
 8   that you are relying on your co-defendant to protect your
 9   interest.
10             MR. STOHNER: I'll read the correspondence, your
11   Honor.
12             THE COURT: Okay. And if you are going to be on the
13   phone and the plaintiffs in San Francisco, counsel, you two
14   need to coordinate on one call calling in, and we put you on
15   the magic speakerphone in the sky, et cetera. But you have to
16   be on one phone for that purpose.
17             MR. STOHNER: Okay.
18             THE COURT: Have you all figured out what date you
19   really want? Wednesday, the 21st?
20             MS. NURHUSSEIN: Yes, your Honor.
21             MS. CHAVEY: Yes, your Honor.
22             THE COURT: Okay, the 21st at 2:00, which also is
23   beneficial to the Californians.
24             MR. STOHNER: Thank you, your Honor.
25             THE COURT: All right, it is my practice to have the
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

# ECF TRANSCRIPTION SHEET



**ANDREW J. PECK**
**UNITED STATES MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:          (212) 805-7933
Telephone No.:  (212) 805-0036

Dated:   December 20, 2011                                    Total Number of Pages:  8

## TRANSCRIPTION OF MEMO ENDORSED ORDER

1.  Conf. adjourned at π's request to 1/4 at 11 AM. The Court expects the ediscovery protocol to be completed by then.

2.  As to predictive coding, you should read my article, "Search, Forward" in the Oct. 2011 issue of Law Technology News.


Copies **by ECF** to:   All Counsel
                       Judge