# Exhibit 1

MONIQUE DA SILVA MOORE,          )
MARYELLEN O'DONOHUE, LAURIE      )     11 Civ. 1279 (RJS)
MAYERS, HEATHER PIERCE, and      )
KATHERINE WILKINSON, individually )
and on behalf of a class of similarly- )
situated female employees,       )
                                 )
                    Plaintiffs,  )     PLAINTIFF MONIQUE DA
                                 )     SILVA MOORE'S
                                 )     REVISED OBJECTIONS
          v.                     )     AND RESPONSES TO
                                 )     DEFENDANT MSLGROUP'S
PUBLICIS GROUPE SA and           )     INTERROGATORIES
MSLGROUP,                        )
                                 )
                    Defendants.  )
                                 )
                                 )
                                 )
                                 )
                                 )

## PLAINTIFF MONIQUE DA SILVA MOORE'S REVISED OBJECTIONS AND RESPONSES TO DEFENDANT MSLGROUP'S FIRST SET OF INTERROGATORIES

Plaintiff Monique da Silva Moore (hereinafter referenced as "Plaintiff" or "Ms. da Silva Moore"), individually by and through her undersigned counsel, hereby submits the following objections and responses to Defendant MSLGROUP's First Set of Interrogatories.

## GENERAL OBJECTIONS

1.      Plaintiff objects to each interrogatory to the extent that it exceeds the scope of the Federal Rules of Civil Procedure and/or the Local Rules of this Court.

1

**INTERROGATORY NO. 3**

Identify by name, current address and telephone number, each and every hospital, expert, doctor or health care professional who has treated Plaintiff within the last ten (10) years (for any mental health professional--e.g., psychiatrist, psychologist, social worker--identify for Plaintiff's entire lifetime) and specifically include the dates of any consultation, examination and/or periods of treatments and the purpose of each such consultation, examination and/or periods of treatment.

**SPECIFIC OBJECTION AND RESPONSE**

Plaintiff objects to Interrogatory No. 3 to the extent that it seeks to impose requirements greater than those under the Federal Rules of Civil Procedure and/or the Local Rules of this Court. Plaintiff also objects to Interrogatory No. 3 to the extent that it is overbroad, unduly burdensome, and oppressive. Plaintiff also objects to Interrogatory No. 3 to the extent that it is vague and ambiguous. Plaintiff also objects to Interrogatory No. 3 to the extent that it constitutes an unwarranted invasion of privacy, and is designed to harass, intimidate, oppress or annoy Plaintiff. Plaintiff further objects to this Interrogatory as premature, as it relates solely to damages. Plaintiff further objects to Interrogatory No. 3 to the extent that it seeks the production of information that is not relevant to any claim or defense in the above-captioned action and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, Plaintiff objects to the time-period covered by this Interrogatory, and to the extent that this Interrogatory No. 3 is unlimited as to time.

**INTERROGATORY NO. 4**

Identify any persons who witnessed or participated in or whom Plaintiff believes witnessed or participated in any act allegedly constituting a violation by Defendant of the Equal Pay Act ("EPA"), Title VII or any other law giving rise to or supporting any Claim. Please include a

8

# Exhibit 2

| | |
|---|---|
| MONIQUE DA SILVA MOORE, <br> MARYELLEN O'DONOHUE, LAURIE <br> MAYERS, HEATHER PIERCE, and <br> KATHERINE WILKINSON, individually <br> and on behalf of a class of similarly- <br> situated female employees, <br><br>                             **Plaintiffs,** <br><br>     **v.** <br><br> PUBLICIS GROUPE SA and <br> MSLGROUP, <br><br>                             **Defendants.** | 11 Civ. 1279 (RJS) |

## PLAINTIFF MONIQUE DA SILVA MOORE'S OBJECTIONS AND RESPONSES TO DEFENDANT MSLGROUP'S FIRST SET OF REQUESTS FOR PRODUCTION

Plaintiff Monique da Silva Moore (hereinafter referenced as "Plaintiff" or "Ms. da Silva Moore"), individually by and through her undersigned counsel, hereby submits the following responses to Defendant MSLGROUP's First Set of Requests for Production.

## GENERAL OBJECTIONS

1.      Plaintiff objects to each Request for Production to the extent that it exceeds the scope of the Federal Rules of Civil Procedure and/or the Local Rules of this Court.

2.      Plaintiff objects to each Request for Production to the extent that it seeks the production of information that is protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege.

3.      Plaintiff objects to each Request for Production to the extent that it is overbroad and unduly burdensome.

objects to Request for Production No. 6 to the extent that it seeks discovery of information that is unreasonably cumulative or duplicative or may be obtained from some other source that is more convenient, less burdensome, or less expensive. In addition, Plaintiff objects to the extent that Request for Production No. 6 is unlimited as to time.  This response may be supplemented as discovery is continuing in this matter.

Subject to and without waiving these objections, Plaintiff will produce non-privileged responsive documents, if any.

7.   All documents relating to or supporting Plaintiff's alleged pain and suffering, anxiety, humiliation, physical injury, emotional distress and or other damages and any treatment thereof.

**SPECIFIC OBJECTION AND RESPONSE**

Plaintiff objects to Request for Production No. 7 to the extent that it seeks to impose requirements greater than those under the Federal Rules of Civil Procedure and/or the Local Rules of this Court.  Plaintiff also objects to Request for Production No. 7 to the extent that it is overbroad, unduly burdensome, and oppressive.   Plaintiff also objects to Request for Production No. 7 to the extent that it is vague and ambiguous.   Plaintiff also objects to Request for Production No. 7 to the extent that it constitutes an unwarranted invasion of privacy, and is designed to harass, intimidate, oppress or annoy the witness.  Plaintiff further objects to Request for Production No. 7 to the extent that it seeks the production of information that is not relevant to any claim or defense in the above-captioned action and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Request for Production No. 7 as premature, as it has no bearing on class

certification issues, and the Court has not yet decided whether discovery will be bifurcated. In addition, Plaintiff objects to the extent that Request for Production No. 7 is unlimited as to time.   This response may be supplemented as discovery is continuing in this matter.

8.  All documents substantiating, relating or referring to any treatment that Plaintiff has received from, or consultations Plaintiff has had with, any physicians, surgeons, therapists, nurses, psychiatrists, psychologists, social workers, counselors or anyone else, relating to mental, emotional or physical injuries alleged to have been suffered by Plaintiff as a result of any act or omission by either Defendant or any of either Defendant's representatives. (With respect to any records or documents regarding Plaintiff in the possession of any physician, surgeon, therapist, psychiatrist, psychologist, social worker or counselor identified in response to this inquiry or in response to Defendant's First Set of Written Interrogatories to Plaintiff, Defendant requests that Plaintiff execute Medical Records Authorizations for each such health care provider to allow Defendant to obtain and examine copies of said records. Copies of Medical Records Authorizations for Plaintiff's use are attached hereto as Exhibit "A.")

**SPECIFIC OBJECTION AND RESPONSE**

Plaintiff objects to Request for Production No. 8 to the extent that it seeks to impose requirements greater than those under the Federal Rules of Civil Procedure and/or the Local Rules of this Court.  Plaintiff also objects to Request for Production No. 8 to the extent that it is overbroad, unduly burdensome, and oppressive.  Plaintiff also objects to

Request for Production No. 8 to the extent that it is vague and ambiguous. Plaintiff also objects to Request for Production No. 8 to the extent that it constitutes an unwarranted invasion of privacy, and is designed to harass, intimidate, oppress or annoy the witness. Plaintiff further objects to Request for Production No. 8 to the extent that it seeks the production of information that is not relevant to any claim or defense in the above-captioned action and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, Plaintiff objects to the extent that Request for Production No. 8 is unlimited as to time. Plaintiff further objects to Request for Production No. 8 as premature, as it has no bearing on class certification issues, and the Court has not yet decided whether discovery will be bifurcated. This response may be supplemented as discovery is continuing in this matter.

9. All documents substantiating, relating or referring to Plaintiff's efforts to obtain employment with any employer since her cessation of employment with Defendant, including, but not limited to, e-mail, Internet postings, resumes, correspondence with prospective employers and employment agencies, referral letters, letters of recommendation, applications for employment and records of interviews.

**SPECIFIC OBJECTION AND RESPONSE**

Plaintiff objects to Request for Production No. 9 to the extent that it seeks to impose requirements greater than those under the Federal Rules of Civil Procedure and/or the Local Rules of this Court. Plaintiff also objects to Request for Production No. 9 to the extent that it is overbroad, unduly burdensome, and oppressive. Plaintiff further objects

# Exhibit 3



**jackson lewis** | Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP
90 State House Square
8th Floor
Hartford, Connecticut 06103
Tel 860 522-0404
Fax 860 247-1330
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | DETROIT, MI | MILWAUKEE, WI | PORTLAND, OR |
| ALBUQUERQUE, NM | GREENVILLE, SC | MINNEAPOLIS, MN | PORTSMOUTH, NH |
| ATLANTA, GA | HARTFORD, CT | MORRISTOWN, NJ | PROVIDENCE, RI |
| BALTIMORE, MD | HOUSTON, TX | NEW ORLEANS, LA | RALEIGH-DURHAM, NC |
| BIRMINGHAM, AL | INDIANAPOLIS, IN | NEW YORK, NY | RICHMOND, VA |
| BOSTON, MA | JACKSONVILLE, FL | NORFOLK, VA | SACRAMENTO, CA |
| CHICAGO, IL | LAS VEGAS, NV | OMAHA, NE | SAN DIEGO, CA |
| CINCINNATI, OH | LONG ISLAND, NY | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CLEVELAND, OH | LOS ANGELES, CA | ORLANDO, FL | SEATTLE, WA |
| DALLAS, TX | MEMPHIS, TN | PHILADELPHIA, PA | STAMFORD, CT |
| DENVER, CO | MIAMI, FL | PHOENIX, AZ | WASHINGTON, DC REGION |
| | | PITTSBURGH, PA | WHITE PLAINS, NY |

MY DIRECT DIAL IS: (860) 331-1534
MY EMAIL ADDRESS IS: VICTORIA.CHAVEY@JACKSONLEWIS.COM

October 24, 2011

**VIA EMAIL**

Janette Wipper, Esq.
Sanford Wittels & Heisler, LLP
555 Montgomery Street
Suite 820
San Francisco, CA 94111

Re:     da Silva Moore v. Publicis Groupe SA, et al.
         Case No. 11-CV-1279
         _____

Dear Janette:

        We write regarding Plaintiffs' discovery deficiencies and request that you comply fully with Judge Sullivan's September 14, 2011 Order.

        In his Order, Judge Sullivan ordered Plaintiffs to produce complete and adequate responses concerning: past employers and professional experience (Interrogatory No. 1, Request for Production Nos. 20, 25); damages (Interrogatory Nos. 2, 3, Request for Production Nos. 5, 7-11, 22, 25, 31, 32, 43); Plaintiffs' statements about the case (Request for Production Nos. 2, 4, 12-15, 18, 23, 24, 34-37, 44); and the identification of potential witnesses (Interrogatory Nos. 8, 11).

        As of Friday, October 14, you represented that your production would be "substantially complete" that day. We still have not yet received, however:

        (1) any further identification of potential witnesses (Interrogatory Nos. 8 and 11);

        (2) your retainer agreement with your clients (Request for Production No. 43);

        (3) any documents reflecting your clients' past employers and professional experience (Interrogatory No. 1 and Request for Production Nos. 20 and 25);

        (4) any documents supporting or relating to your claims for emotional distress damages (Interrogatory No. 3 and Request for Production Nos. 7 and 8);

        (5) any documents and information supporting or relating to your claim for economic damages (Interrogatory No. 2 and Request for Production Nos. 5, 9, 11, 22, 31);



Janette Wipper, Esq.

Sanford Wittels & Heisler, LLP

October 24, 2011

Page 2

(6) any statements or affidavits relating to the allegations (Request for Production Nos. 13, 14, 36, 37); and

(7) any documents reflecting any Plaintiff's social networking postings on any matter relating to the allegations since 2008 (Request for Production No. 23).

Although you have produced some information and documents as ordered by the Court in certain categories, we ask that you complete your production or confirm that you have not identified any other responsive documents of these types:

(8) documents relating to job offers received by any Plaintiff since she left MSL (Request for Production No. 10);

(9) e-mails generated by Plaintiff or any other current or former MSL employee relating to the allegations in this case (Request for Production Nos. 18, 34, 35);

(10) documents reflecting any Plaintiff's work-related awards or credentials since 2004 (Request for Production No. 20);

(11) documents reflecting any Plaintiff's job search efforts (Request for Production No. 32);

(12) documents that purport to support the claims asserted (Request for Production Nos. 2, 4, 12, 15, 24, 44); and

(13) all resumes created by any Plaintiff since 2004 (Request No. 25).

Moreover, MSL notified you on October 7 that it intends to serve subpoenas on some or all of Plaintiffs' current employers. Specifically, we seek documents regarding each Plaintiff's application(s) for employment, including but not limited to, resume, application completed, and all electronic mail messages that concern or otherwise relate to Plaintiffs' application or expression of interest in employment; each Plaintiff's interview(s), meetings, telephone conversations or other communications concerning consideration for employment, including but not limited to, any notes of phone or in person interviews and all electronic mail messages which concern or otherwise relate to Plaintiffs' interviews and consideration for employment; each Plaintiff's identification of her prior employment with MSLGroup, including but not limited to identification and description of positions held and reason for cessation of employment; any and all inquiries made regarding each Plaintiff's prior employment with MSLGroup, including, but not limited to, all reference checks and all electronic mail messages which concern or otherwise relate to any such reference checks; and the position, salary and benefits offered to each Plaintiff upon hire and any subsequent records that concern or relate to salary history and benefits.

You advised us on October 7 that you object to our service of these subpoenas. You stated, inter alia, that "information relating to future employment is not relevant" and that "information concerning mitigation of damages has already been produced by our clients." We thereafter suggested a teleconference to discuss the issues with you, and we had that call on October 10. By email on October 11, we confirmed that, as we had discussed on October 10, we would hold off serving subpoenas,



**jackson|lewis**

Attorneys at Law

Janette Wipper, Esq.
Sanford Wittels & Heisler, LLP
October 24, 2011
Page 3

pending your production, which you said was forthcoming during the week of October 10, of the documents required by the Court's September 14 Order, because those documents may overlap with that which we seek in the subpoenas.

Given your statement on October 14 that your production was substantially complete (and your failure to respond to our further request to advise us when your production is fully complete), and given the significant areas of deficiency in your production to date, we believe that judicial intervention is required to compel your full compliance with the September 14 Order. We also believe that the subpoenas of current employers are necessary. We will not, however, take any action to seek judicial intervention or to serve the subpoenas until Friday, October 28, in order to provide the parties yet another opportunity to confer in an attempt to resolve these disputed issues.

We look forward to hearing from you. Thank you.

Very truly yours,

JACKSON LEWIS LLP

Victoria Woodin Chavey

cc:    Siham Nurhussein
       Jeffrey W. Brecher
       Paul C. Evans

# Exhibit 4

**SANFORD WITTELS & HEISLER, LLP**
555 Montgomery Street, Suite 1206
San Francisco, CA 94111
(415) 391-6900
Fax: (415) 391-6901
Email: jwipper@swhlegal.com
www.swhlegal.com

1666 Connecticut Avenue
Suite 300
Washington, D.C. 20009
(202) 742-7777
Fax: (202) 742-7776

1350 Avenue of the Americas
31st Floor
New York, NY 10019
(646) 723-2947
Fax: (646) 723-2948

440 West Street
Fort Lee, NJ 07024
(201) 585-5288
Fax: (201) 779-5233

October 28, 2011

**VIA ELECTRONIC MAIL**
Victoria Woodin Chavey
Jackson Lewis LLP
90 State House Square, 8th Floor
Hartford, CT 06103-3708
Victoria.chavey@jacksonlewis.com

> Re:    da Silva Moore, et al. v. Publicis Groupe SA, et al., Civ. No. 11-CV-1279

Dear Tory,

We write in response to your October 24, 2011 letter regarding Plaintiffs' alleged discovery deficiencies. As discussed in more detail below, Plaintiffs have complied with Judge Sullivan's September 14, 2011 Order.

In your letter, you identify seven areas in which you have not received any discovery. However, Plaintiffs have in fact produced documents and other discovery in response to those requests, except where noted below:

(1) **Any further identification of potential witnesses (Interrogatory Nos. 8 and 11).** Plaintiffs' revised interrogatory responses, served on October 27, 2011, include the names of potential witnesses whom they can recall at this time. Plaintiffs reserve the right to supplement their responses over the course of discovery.

(2) **Retainer agreement with clients (Request for Production No. 43).** Plaintiffs will address the production of retainer agreements shortly.

(3) **Any documents reflecting clients' past employers and professional experience (Interrogatory No. 1 and Request for Production Nos. 20 and 25).** Plaintiffs' revised interrogatories include detailed information regarding their employment and professional experience prior to their employment at MSLGroup, including names of prior employers, dates of employment, job titles held, job duties, salary information, and reason for cessation of employment. In some cases, Plaintiffs provided prior employment information going back *more than thirty years* – well beyond the relevant time period. In addition, Plaintiffs have produced other documents reflecting

2

prior employment, including, e.g., resumes (PLTFS000013-14, PLTFS000026, PLTFS000045-49, PLTFS000167-169, PLTFS000384-387, PLTFS000453-455)[1].

**(4) Any documents supporting or relating to your claims for emotional distress damages (Interrogatory No. 3 and Request for Production Nos. 7 and 8).** As Plaintiffs previously indicated to you, medical information and other documents regarding emotional distress damages are not discoverable where the Plaintiffs only have "garden variety" damages. Moreover, emotional distress damages are not available for Equal Pay Act claims.

**(5) Any documents and information supporting or relating to your claim for economic damages (Interrogatory No.2 and Request for Production Nos. 5, 9, 11, 22, 31):** The majority of documents relating to Plaintiffs' claims for economic damages are in MSL's possession. Indeed, Plaintiffs are still waiting for MSL to produce complete Company-wide employment data, including compensation data, as ordered by the Court on September 14, 2011. Nevertheless, Plaintiffs have produced documents relating to their back pay claims, including, e.g., MS&L offer letters (PLTFS000460-461), pay stubs (PLTFS000207), W-2 statements (PLTFS000208-210), benefits information (PLTFS000198-206, PLTFS000428), and MS&L compensation policies (PLTFS000429-435). Plaintiffs have also produced documents relating to their compensation at their subsequent employers, including, e.g., current W-2 statements (PLTFS000381-383, PLTFS000466-467), pay stubs (PLTFS000172, PLTFS000468-469, PLTFS000486), fee collections (PLTFS000485), offer letters (PLTFS000187-189, PLTFS000470-478, PLTFS000483-484, PLTFS000488), and current benefits (PLTFS000489-493). Moreover, Plaintiffs provided detailed information in their supplemental interrogatory responses regarding their mitigation efforts and subsequent employment, including the names of any subsequent employers, dates of employment, and job titles held, as well as information concerning their job search.

**(6) Any statements or affidavits relating to the allegations (Request for Production Nos. 13, 14, 36, 37).** Plaintiffs are currently not in possession of any affidavits or formal statements relating to the allegations, with the exception of da Silva Moore's EEOC charge, MSL's position statement in response to the EEOC charge, and da Silva Moore's rebuttal statement (PLTFS000614-24).

**(7) Any documents reflecting any Plaintiff's social networking postings on any matter relating to the allegations since 2008 (Request for Production No. 23).** Plaintiffs are not aware of any postings on their social networking sites that relate to the allegations.

You also requested that Plaintiffs complete their production or confirm that they have not identified other responsive documents relating to the following requests:

(8) Documents relating to job offers received by any Plaintiff since she left MSL (Request for Production No. 10)

---

[1] This is not an exhaustive list of responsive documents.

3

(9) E-mails generated by Plaintiff or any other current or former MSL employee relating to the allegations in this case (Request for Production Nos. 18, 34, 35)

(10) Documents reflecting any Plaintiff's work-related awards or credentials since 2004 (Request for Production No. 20)

(11) Documents reflecting any of Plaintiff's job search efforts (Request for Production No. 32)

(12) Documents that purport to support the claims asserted (Request for Production Nos. 2, 4, 12, 15, 24, 44)

(13)    All resumes created by any Plaintiff since 2004 (Request No. 25)

Plaintiffs have already produced numerous documents responsive to these requests. Plaintiffs have not identified any other responsive documents at this time, but reserve the right to supplement their production as discovery progresses.

Regarding the third party subpoenas that you plan to serve on Plaintiffs' current employers, it is clear that the parties will be unable to resolve this issue without Court intervention. Plaintiffs have already produced virtually all of the documents covered by the subpoena, including resumes, cover letters, pay stubs, offer letters, W-2s, and extensive correspondence with prospective employers. Plaintiffs' supplemental interrogatory responses also provide detailed information regarding their job search efforts (including names of subsequent employers, dates of employment, and interviews/offers received) following their separation from MSLGroup. Given that Plaintiffs have already produced substantial documentation regarding mitigation and other topics covered by the subpoenas, there is no legitimate purpose for serving the subpoenas on Plaintiffs' current employers. Moreover, the subpoenas are overbroad, seek personnel records in which Plaintiffs have a protected privacy interest, and will subject the Plaintiffs to annoyance, embarrassment, oppression, and undue burden. Nor has MSLGroup articulated how the requested documents (other than those related to mitigation) are relevant or reasonably calculated to lead to the discovery of admissible evidence. Per Judge Sullivan's October 28, 2011 Order, we will coordinate with you to submit a joint letter to the Court regarding the third party subpoenas.

Please let me know if you have any questions or wish to discuss this matter further.

Best regards,

/s/ Janette Wipper

Janette Wipper