

RECEIVED
JAN 20 2012
ANDREW L. CARTER, JR.
U.S. DISTRICT JUDGE
S.D.N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MONIQUE DA SILVA MOORE, MARYELLEN O'DONOHUE, LAURIE MAYERS, HEATHER PIERCE, and KATHERINE WILKINSON on behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

PUBLICIS GROUPE SA and MSLGROUP,

Defendants.

Civ No. 11-CV-1279 (ALC)(AJP)

---

## STIPULATION LIMITING PLAINTIFFS' CLAIMS FOR EMOTIONAL DISTRESS DAMAGES

WHEREAS Plaintiffs filed an Amended Class Action Complaint on April 14, 2011, seeking damages for emotional distress injuries;

WHEREAS Plaintiffs now wish to limit their claims for emotional distress injuries asserted in the Amended Complaint to only "garden variety" claims;

WHEREAS Plaintiff Katherine Wilkinson has withdrawn all claims for emotional distress damages, with prejudice;

IT IS HEREBY STIPULATED BY AND BETWEEN Plaintiffs Monique da Silva Moore, MaryEllen O'Donohue, Laurie Mayers, Heather Pierce and Opt-In Plaintiffs Zaneta Hubbard and Carol Perlman (to the extent they intend to make claims for emotional distress damages) (collectively, "Plaintiffs"), and Defendant MSLGroup Americas, Inc., sued herein as "MSLGroup" ("Defendant") as follows:

1. Plaintiffs' claims for emotional distress damages are limited to only "garden variety" emotional distress and Plaintiffs may introduce and rely on evidence in support of such claim only as set forth in this Stipulation.

2. Plaintiffs will not introduce or otherwise rely on or refer to any testimony or other evidence from any medical or mental health professional or counselor.

3. Plaintiffs shall not introduce or otherwise rely on or refer to any medical or mental health records.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1-23-12

4. Plaintiffs shall not introduce or otherwise rely on or refer to any evidence relating to any medical or psychological diagnosis or physical impairment or injury.

5. Plaintiffs shall not introduce or otherwise rely on or refer to any evidence relating to any physical symptoms or conditions experienced as a result of any alleged discrimination.

6. The evidence Plaintiffs may introduce or otherwise rely on or refer to at trial in support of their claims for emotional distress damages shall be limited to the testimony that describes the emotional distress that any healthy, well-adjusted person may reasonably feel as a result of experiencing alleged discrimination.

7. Defendant shall not question Plaintiffs through deposition or other discovery requests about medical or psychological diagnosis or diagnosed conditions of physical impairment or related medical evidence.

8. This stipulation shall not apply to any new Plaintiffs later added to this Class and Collective Action, or to any absent class members, and it is intended to be the entire agreement between the parties and shall supersede and cancel any prior stipulations, disclosures or other submissions regarding "garden variety" damages in this matter.

SANFORD WITTELS, & HEISLER, LLP
*Attorneys for Plaintiffs Monique da Silva Moore, MaryEllen O'Donohue, Laurie Mayers, Heather Pierce, Katherine Wilkinson, and the Class*
1350 Avenue of the Americas, 31st Fl.
New York, New York 10019
(646) 723-2947

By: _____
Janette Wipper, Esq.
Steven L. Wittels, Esq.
Deepika Bains, Esq.

Dated: January 19, 2012

JACKSON LEWIS LLP
*Attorneys for Defendant MSLGROUP*
58 South Service Road, Ste. 410
Melville, New York 11747
(631) 247-0404

By: _____
Victoria Chavey, Esq.
Jeffrey W. Brecher, Esq.

Dated: January 19, 2012

SO ORDERED on this 23 day of January, 2012

_____
United States District Judge