UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK




-----------------------------------X

**Monique Da Silva Moore**; **Maryellen O'Donohue**; **Laurie Mayers**; **Heather Pierce**; and **Katherine Wilkinson**, on behalf of themselves and all others similarly situated,

Plaintiffs,

11 Civ. 1279 (ALC) (AJP)

- against -

**Order**

**Publicis Groupe SA and MSL Group**,

Defendants.

-----------------------------------X

**ANDREW L. CARTER, JR., United States District Judge:**

Before the Court is (1) Plaintiffs' appeal from United States Magistrate Judge Andrew Peck's January 4, 2012 discovery rulings and (2) Plaintiffs' request for an emergency conference to discuss Judge Peck's February 8, 2012 rulings. For the reasons set forth below, Plaintiffs' requests are DENIED.

## I. January 4, 2012 Rulings

Plaintiffs argue that Judge Peck's rulings are clearly erroneous and contrary to law. Specifically, Plaintiffs complain that (1) they did not have an opportunity to brief their discovery disputes before Judge Peck issued his rulings; (2) Judge Peck's rulings limit the temporal scope of discovery to a period that does not cover the full liability period; and (3) Judge Peck's rulings appear to relieve MSL Group from

producing employment data that was previously compelled by the previous district judge.

A magistrate judge is permitted to make findings as to non-dispositive pretrial matters, such as discovery matters, which may not be disturbed by a district judge absent a determination that such findings were "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

Under the "clearly erroneous" standard of review, a district judge may reverse a magistrate's finding only if it is "left with the definite and firm conviction that a mistake has been committed." *Mobil Shipping and Transp. Co. v. Wonsild Liquid Carriers, Ltd.*, 190 F.3d 64, 67-68 (2d Cir. 1999) (*quoting Anderson v. Bessemer City*, 470 U.S. 564, 574, 105 S. Ct. 1504, 84 L.Ed.2d 518 (1985)) (internal quotations omitted). Similarly, under the "contrary to law" standard of review, a district court may reverse a finding only if it finds that the magistrate "fail[ed] to apply or misapplie[d] relevant statutes, case law or rules of procedure." *Catskill Dev., LLC v. Park Place Entm't*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (internal quotations omitted). Under this highly deferential standard of review, a magistrate judge is afforded broad discretion when resolving discovery disputes and a reversal is appropriate only if the district judge finds that discretion is abused. *See Conway v. Icahn*, 16 F.3d 504, 510 (2d Cir. 1994). "A court abuses its discretion

when its decision rests on an error of law or on a clearly erroneous factual finding, or when its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Arista Records v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010)(internal citation omitted). Thus "a party seeking to overturn a discovery order bears a heavy burden." *AP Links, LLC v. Global Golf, Inc.*, No. 08-CV-1730, 2011 WL 888261, at *4 (E.D.N.Y. Mar 14, 2011) (internal citations omitted).

The Court has reviewed the parties' submissions and the January 4, 2012 transcript. Pursuant to the applicable deferential standard of review, the Court finds that the discovery rulings are not clearly erroneous or contrary to law and does not find that Judge Peck abused his discretion. While Plaintiffs' did not submit formal briefs to Judge Peck, they did provide extensive letters summarizing their positions and the transcript adequately shows that Judge Peck spent a substantial amount of time discussing the issues. Accordingly, Plaintiffs' objections are DENIED and Judge Peck's January 4, 2012 discovery rulings are affirmed. If Plaintiffs need further clarification concerning Judge Peck's rulings, they are directed to ask Judge Peck. Further, the transcript reflects that some of the issues will be re-visited by Judge Peck at the appropriate time.

**II. Request for an Emergency Conference**

Plaintiffs submitted a letter on February 9, 2012 requesting an emergency conference to discuss Judge Peck's February 8, 2012 rulings. Plaintiffs request for an emergency conference is denied. The Court has reviewed the submissions and the transcript from February 8. If Plaintiffs wish to file Rule 72 objections, they are free to do so. If the Court decides to reverse Judge Peck's rulings, it will remain mindful that the Court's decision will be filed after the service of Plaintiffs' motion.

If Plaintiffs wish to submit a joint request to the Court seeking an extension of the personal jurisdiction discovery schedule concerning Defendant Publicis Groupe SA (Dkt. 44), they should submit the request to Judge Peck. All general, non-dispositive pretrial matters, including the scheduling of the collective action motion, have been referred to the magistrate judge. The undersigned will decide the motion once it is fully briefed.

Dated: New York, New York
February 14, 2012

SO ORDERED.

Andrew L. Carter, Jr.
United States District Judge