RECEIVED
MAR 0 5 2012
CHAMBERS OF
ANDREW J. PECK

COURTESY COPY

11-CV-1279 (ALC) (AJP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 3/8/12

---------------------------------------- x

MONIQUE DA SILVA MOORE,
MARYELLEN O'DONOHUE, LAURIE
MAYERS, HEATHER PIERCE, and
KATHERINE WILKINSON, on behalf of
themselves and all others similarly situated,

                             Plaintiffs,

vs.

PUBLICIS GROUPE SA and
MSLGROUP,

                             Defendants.

---------------------------------------- x

Case No. 11-cv-1279

**STIPULATION AND ORDER
REGARDING PRODUCTION OF
CONFIDENTIAL
INFORMATION**

## STIPULATION OF CONFIDENTIALITY

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs and MSLGROUP Americas, Inc., sued herein as "MSLGROUP," and PUBLICIS GROUPE SA, by and through their undersigned counsel, that:

1. All confidential information produced by the parties in the instant action shall be subject to the terms and provisions set forth herein.

2. The following terms, as used herein, shall, without limiting the generality of the meaning of those terms, be construed as follows:

        (a) "Parties" shall mean (i) Monique da Silva Moore, MaryEllen O'Donohue, Laurie Mayers, Heather Pierce, Katherine Wilkinson Zaneta Hubbard, Carol Perlman, and any other opt-in Plaintiff or class member required to appear at a deposition or respond to

written discovery ("Plaintiffs"), and (ii) Defendants MSLGROUP Americas, Inc. and Publicis Groupe SA

(b) "Counsel" shall mean the attorneys representing the Parties in this action.

(c) "Confidential Information" means documents or information that a Party in good faith believes contains non-public, personal, intimate or commercially sensitive information that requires the protections provided in this Stipulation of Confidentiality.

(d) "Attorneys' Eyes Only Information" means information whose disclosure would create a substantial risk of serious harm that could not be avoided by less restrictive means. This includes documents containing information relating to its business strategies, prospective, current or former clients, and decisions of MSLGROUP's or Publicis Groupe's prospective, current or former clients; information relating to the fees charged by MSLGROUP or Publicis Groupe to their prospective, current or former clients; documents regarding the financial performance of MSLGROUP or Publicis Groupe and any other non-public information of which disclosure could place MSLGROUP or Publicis Groupe at a competitive disadvantage or otherwise damage its business interests.

  (e) "Producing Party" means a Party or Non-Party that produces disclosure or discovery material in this action.

  (f) "Designating Party" means a Party that designates information or items that it produces in disclosures or in response to discovery as "Confidential" or "Attorneys' Eyes Only."

  (g) "Challenging Party" means a Party that challenges the designation of information or documents as "Confidential" or "Attorneys' Eyes Only" under this Stipulation of Confidentiality.

3. **Limitation on Use:** Any Confidential Information or Attorneys' Eyes Only Information produced in this action shall be used solely for the purpose of this litigation, including attempts to resolve this case through mediation or any other settlement process, and for no other purpose.

4. **Disclosure of Confidential or Attorneys' Eyes Only Information:** Except as otherwise provided in this Stipulation of Confidentiality, material designated as Confidential Information may be examined only by the following persons:

  (a) Parties;

  (b) Counsel for the Parties, as well as legal assistants, clerical assistants, or other assistants employed by Counsel;

  (c) To the extent necessary for the prosecution or defense of this matter, independent consultants (e.g., professional jury or trial consultants, including mock juries) or experts retained in connection with the instant action by the Parties' counsel so long

3

as they sign the attached Agreement to be Bound by Stipulation of Confidentiality;

(d) Stenographers or court reporters only to the extent necessary to prepare records of sworn testimony in the instant action; Professional vendors (e.g., photocopying, document management, and other litigation support services) only to the extent necessary to provide litigation support services;

(e) Mediators that the Parties engage or that the Court appoints in this matter, so long as they sign the attached Agreement to be Bound by Stipulation of Confidentiality; and

(f) Magistrates, judges, clerks or other employees [*Judges, Justices or Court*] of any court of competent jurisdiction over proceedings in or related to this action, ~~so long as confidentiality is maintained;~~

(g) The author of a document that is designated Confidential, but only to the extent of such author's writings and not to include any related writings by other authors.

5. Material designated as "Attorneys' Eyes Only" may be examined only by the following persons:

(a) Counsel for the Parties, as well as legal assistants, clerical assistants, or other assistants employed by Counsel;

(b) To the extent necessary for the prosecution or defense of this matter, independent consultants or experts retained in connection with the instant action by the Parties' counsel so long as they sign

4

the attached Agreement to be Bound by Stipulation of Confidentiality;

(c) Stenographers or court reporters only to the extent necessary to prepare records of sworn testimony in the instant action;

(d) Professional vendors (e.g., photocopying and other litigation support services) only to the extent necessary to provide litigation support services;

(e) Mediators that the Parties engage or that the Court appoints in this matter, so long as they sign the attached Agreement to be Bound by Stipulation of Confidentiality; and

(f) Judges, Arbitrators Magistrates, judges, clerks or other employees of any court of competent jurisdiction over proceedings in or related to this action, ~~so long as confidentiality is maintained;~~

(g) The author of a document that is designated Attorneys' Eyes Only, but only to the extent of such author's writings and not to include any related writings by other authors.

6. **Designating Confidential or Attorneys' Eyes Only Information:** Each Party that designates information or items for protection pursuant to this Stipulation of Confidentiality must take care to limit any such designation to specific material that qualifies under the appropriate standards, including the caveat pursuant to Fed.R.Civ. P 26(c).

7. Mass, indiscriminate, or routinized designations are prohibited.

8. The Producing Party shall designate information or documents as Confidential Information by placing or affixing on such material (in such manner as will not

5

interfere with the legibility thereof) a "confidential" stamp or the equivalent on each page that contains protected information.

9. The Producing Party shall designate information or documents as "Attorneys' Eyes Only" by placing or affixing on such material (in such manner as will not interfere with the legibility thereof) an "Attorneys' Eyes Only" stamp or the equivalent on each page that contains protected information.

10. For testimony given in a deposition or in other pretrial or trial proceedings, the Designating Party shall invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to twenty-one (21) days from receipt of the transcript to identify the specific portions of testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of testimony that are designated for protection within the 21 days shall be covered by the provisions of this Stipulation of Confidentiality. Until the 21-day period has expired or the Designating Party has made its designation, whichever is sooner, the transcript shall be treated as Confidential Information. After the 21-day period has expired or the Designating Party has made its designation, the transcript shall be treated only as actually designated.

11. A Party may also designate as Confidential Information documents or information received from non-parties pursuant to a subpoena. A Party seeking to designate such documents or information shall do so in accordance with the procedures outlined in the preceding paragraphs. The Designating Party shall have up to 21 days from receipt of the documents to designate the specific portions of documents as to which protection is sought. Until the 21-day period has expired or the Designating Party has made its designation, whichever is sooner, the documents shall be treated as Confidential Information. After the 21-day period has

expired or the Designating Party has made its designation, the documents shall be treated only as actually designated.

12. **Challenging Confidentiality Designations:** The Parties shall have the right to challenge any designation of documents as "Confidential Information" or "Attorneys' Eyes Only." The Parties agree that before seeking any relief from the Court they will make a good faith effort to resolve any disputes concerning the confidential treatment of any information. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within twenty-one (21) days of the date of service of notice.

13. If the Parties cannot resolve a challenge without Court intervention, they shall submit a joint letter to the Court in accordance with Rule 2(G) of Judge Sullivan's Individual Practices.

14. All Parties will treat all materials or information designated as protected in accordance with the requirements of this Stipulation of Confidentiality during the pendency of any motion brought in accordance with the procedures outlined in the preceding paragraph.

15. No person shall be allowed to retain any document or other item designated as confidential or "Attorneys' Eyes Only" beyond the time period necessary to accomplish the purpose for which disclosure to such person was permitted.

16. The Producing Party may not waive the confidentiality provisions of this Stipulation of Confidentiality as to any information designated as Confidential or any portion thereof, except by explicit written waiver. Any such waiver shall not result in a waiver of the confidential status of any other information deemed Confidential pursuant to this Stipulation of

7

Confidentiality. Use of information acquired through independent search or investigation (other than discovery from the parties to this action) or which is in the public domain shall not be restricted by the terms of this Stipulation of Confidentiality.

17. **Filing Protected Materials:** Any Confidential Information or material designated Attorneys Eyes Only may be filed with the Court, introduced into evidence, or produced at a deposition if agreed to in writing by the parties or otherwise ordered by the Court.

18. Absent an agreement between the Parties or an Order from the Court, Confidential Information or Attorneys' Eyes Only Information filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential or Attorneys' Eyes Only Information, shall be filed under seal with the Clerk of the Court in accordance with the applicable rules of the United States District Court of the Southern District of New York, and kept under seal until further order of the Court. The Parties shall also publicly file a redacted copy of the Confidential or Attorneys' Eyes Only Information via the Electronic Case Filing system. The Parties shall serve the Court and the opposing party with unredacted courtesy copies of any submissions filed under seal. The Parties will use their best efforts to minimize such sealing.

19. **Miscellaneous:** Any party that desires relief from the provisions of this Stipulation of Confidentiality or desires further protection with respect to discovery may, if agreement cannot be negotiated between the Plaintiffs and MSLGROUP or PUBLICIS GROUPE, seek appropriate relief from the Court upon no less than three (3) days' notice to counsel for the other party.

20.  This Stipulation of Confidentiality may be amended by the agreement of counsel for the parties in the form of a written amendment to the Stipulation of Confidentiality.

21.  This Stipulation of Confidentiality shall remain in full force and effect indefinitely until modified, superseded, or terminated by agreement of the parties hereto or by court order.

22.  The parties further acknowledge that they are engaged in the production and exchange of documents, including electronic data, pursuant to various discovery requests propounded by each Party. Both Plaintiffs, MSLGROUP, and PUBLICIS GROUPE agree that given the volume and nature of material being exchanged, it will be difficult for the Producing Party to identify with certainty every potentially privileged document prior to production and there is a possibility that privileged material may be produced inadvertently. Accordingly, the Parties agree to the following non-waiver provision. A Party who produces any privileged document, regardless of the reason for the production, may, within ten days after the producing party actually discovers, through any source, that such inadvertent production occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld as privileged. If such notice occurs, the inadvertent production will not constitute a waiver of the privilege with respect to the inadvertently produced document or any other document. Once the Producing Party provides such notice to the requesting party, the requesting party must promptly return the specified document and any copies thereof and follow the procedures identified in Fed. R. Civ. P. 26(b)(5)(B).

23.  Within thirty (30) days after the conclusion of this action by final judgment not subject to appeal or by settlement, all documents or other items constituting or containing Confidential Information or Attorneys' Eyes Only Information and all copies thereof

which are in the possession, custody or control of any person other than the Producing Party shall either be returned to the Producing Party or destroyed. If destroyed, a detailed affidavit to that effect shall be delivered within thirty (30) days after the conclusion of this action to the party who or which produced such document or items. Nothing in this Stipulation constitutes an admission or agreement that any document or information is subject to discovery or is admissible as evidence in this case.

24. Pending Court approval of this Stipulation, the parties agree to abide by all of its terms, as if it had been approved by the Court.

By: _____  
JANETTE WIPPER, ESQ.  
SANFORD WITTELS & HEISLER, LLP  
*Attorneys for Plaintiff*  
55 Montgomery Street, Ste. 820  
San Francisco, CA 94111  
Telephone (415) 391-6900  

Date: __3-2__, 2012

By: _____  
VICTORIA WOODIN CHAVEY, ESQ.  
JEFFREY W. BRECHER, ESQ.  
JACKSON LEWIS LLP  
*Attorneys for Defendant* MSLGROUP  
58 South Service Road, Suite 410  
Melville, NY 11747  
Telephone: (631) 247-0404  

Date: __1/3__, 2012

25. Sealed records which have been filed with the Clerk shall be removed by the party submitting them (1) within ninety (90) days after a final decision is rendered if no appeal is taken, or (2) if an appeal is taken, within thirty (30) days after final disposition of the appeal. Parties failing to comply with this order shall be notified by the Clerk that, should they fail to remove the sealed records within thirty (30) days, the Clerk may dispose of them.

SO ORDERED: _____ 3/8/12  
Hon. Andrew Jay Peck  
United States Magistrate Judge

Copies by ECF to: All Counsel

10

By: _____
GEORGE STOHNER, ESQ.
PAUL C. EVANS, ESQ.
MORGAN LEWIS BOCKIUS LLP
*Attorneys for Defendant* PUBLICIS GROUP SA
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: (215.963.5000)

Date: ___Feb. 28___, 2011

SO ORDERED

_____     _____
Date                                                              U.S.D.J.

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

MONIQUE DA SILVA MOORE,
MARYELLEN O'DONOHUE, LAURIE
MAYERS, HEATHER PIERCE, and
KATHERINE WILKINSON, on behalf of
themselves and all others similarly situated,

        Plaintiffs,

vs.

PUBLICIS GROUPE SA and
MSLGROUP,

        Defendants.

---------------------------------------------------------X

Case No. 11-cv-1279

**STIPULATION**

## AGREEMENT TO BE BOUND BY STIPULATION OF CONFIDENTIALITY

    I, _____, declare as follows:

    1. I have read and am familiar with the terms of the Stipulation of Confidentiality ("Stipulation") in the above-captioned case governing disclosure of information designated as confidential.

    2. I have been instructed by counsel for _____ that any information designated as "Confidential Information" or "Attorneys' Eyes Only" shall be kept confidential and used only in the preparation of this matter for trial and any other pre-trial proceedings in this case, including attempts to resolve the case through mediation or any other settlement process, and that I may not disclose, convey, publish, or duplicate any Confidential Information or Attorneys' Eyes Only documents other than under the limited conditions permitted in the Stipulation.

3.  I agree to abide by all the terms of the Stipulation and will not reveal or otherwise communicate to anyone any Confidential Information disclosed to me pursuant thereto except in accordance with the terms of the Stipulation. I agree not to use any Confidential Information or documents marked Attorneys' Eyes Only for any purpose other than the litigation of the above-captioned matter.

4.  I agree to return to producing counsel any and all documentation delivered to me under the terms of the Stipulation and all copies thereof and to destroy any notes in my possession containing any Confidential Information or documents marked Attorneys' Eyes Only covered by the terms of this Stipulation.

5.  I acknowledge that the Stipulation is binding on me. I consent to the personal jurisdiction of the above-captioned Court for the purposes of determining whether I have complied with this Stipulation, and, if I have not complied, whether to impose sanctions and/or attorneys' fees and costs as the Court may, after notice and an opportunity to be heard, deem appropriate.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Executed this ____ day of _____, 2011, at _____.

_____
Signature

_____
Printed Name

_____
Address

_____

4851-6193-3066, v. 4

# ECF TRANSCRIPTION SHEET



**ANDREW J. PECK**
**UNITED STATES MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:         (212) 805-7933
Telephone No.:   (212) 805-0036

Dated:  March 8, 2012                          Total Number of Pages:  15

## TRANSCRIPTION OF MEMO ENDORSED ORDER

[Insert to line 2 of ¶ 2(c)]:       . . ., consistent with Rule 26(c) caselaw, . . .

[Insert to line 1 of ¶ 4(f)]:       Magistrate Judges, District or Circuit . . .

[Insert to line 1 of ¶ 5(f)]:       Magistrate Judges, District or Circuit . . .

[Insert at end of ¶ 6]:             . . ., including the caselaw pursuant to Fed. r. Civ. P. 26(c).

[Insert to line 13 of ¶ 22]:        Rule 502(a) of the Federal Rules of Evidence provides additional protection.


Copies to:   All Counsel
             Judge Andrew L. Carter, Jr.