# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MONIQUE DA SILVA MOORE, MARYELLEN O'DONOHUE, LAURIE MAYERS, HEATHER PIERCE, and KATHERINE WILKINSON on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) | |
| | | Civ No. 11-CV-1279 (RJS) |
| PLAINTIFFS, | ) ) | CASE MANAGEMENT PLAN AND SCHEDULING ORDER |
| v. | ) ) | |
| PUBLICIS GROUPE SA and MSLGROUP, | ) ) ) | |
| DEFENDANTS. | ) ) | |

This draft Plan is submitted by Plaintiffs and Defendant MSLGroup only and not by Defendant Publicis Groupe SA.

**Plaintiffs' Position**: Plaintiffs have properly served Defendant Publicis Groupe SA with all documents filed in this case beginning on April 14, 2011 (*see* Docket Nos. 8, 10, 11).[1] Publicis Groupe SA has not yet made an appearance in this case.

**Defendant MSLGroup's Position**:  MSLGroup has advised Plaintiffs that Publicis Groupe SA, its parent company in Paris, France, has not been served.  Publicis, Inc. is a separate and distinct entity from Publicis Groupe SA. Although the two have a parent-subsidiary relationship, they maintain separate corporate identities. Publicis, Inc. is not authorized to accept service on behalf of Publicis Groupe SA.  MSLGroup further has advised Plaintiffs that Plaintiffs and all female current and former public relations employees were employed by one or more of the entities comprising MSLGroup, not by Publicis Groupe SA.

---

[1] Plaintiffs have served Defendant Publicis Groupe SA through Publicis, Inc., which is a wholly owned subsidiary of Defendant Publicis Groupe SA. Because Publicis, Inc. is a mere department and an agent of Publicis Groupe SA, service of Defendant Publicis Groupe SA through Publicis, Inc. was proper. *See Jazini v. Nissan Motor Co.,* 148 F.3d 181, 184 (2d Cir. 1998); *Ginsberg v. Gov't Properties Trust, Inc.,* 07 CIV. 365 CSHECF, 2007 WL 2981683 (S.D.N.Y. Oct. 11, 2007). Even service through MSLGroup would suffice to serve Publicis Groupe SA because Publicis Groupe itself refers to MSLGroup as its public relations department operating under one centralized management structure. *See* 2009 Publicis Groupe SA Annual Report (referring to MS&L as "the PR and events arm of Publicis Groupe"); http://www.mslgroup.com/support/about-us.aspx (last visited May 3, 2011) ("MSL is the Publicis Groupe's flagship communications, PR and events network.").

<u>RICHARD J. SULLIVAN</u>, District Judge:

Pursuant to Rules 16-26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order.

1.   All parties do not consent to disposition of this case by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c).

2.   All claims triable to a jury are to be tried by a jury, and Defendant MSLGroup does not waive its right to have claims for equitable relief tried to the Court.

3.   **Plaintiffs' Position**: Additional parties may be joined without leave of the Court until October 28, 2011.

   **Defendant MSLGroup's Position**: Additional parties may be joined without leave of the Court until June 6, 2011.

4.   **Plaintiffs' Position**: Amended pleadings may be filed without leave of the Court by October 28, 2011.

   **Defendant MSLGroup's Position**: Amended pleadings may be filed without leave of the Court until June 6, 2011. Pursuant to agreement of counsel for the parties, the time within which MSLGroup may serve its Answer or responsive pleading has been extended to June 6, 2011. To avoid delay, Plaintiffs must demonstrate adequate service upon Publicis Groupe SA by a date set by the Court.

5.   Initial disclosures pursuant to Rule 26(a)(1) shall be served no later than June 15, 2011.

6.   **Plaintiffs' Position**: Plaintiffs propose that class discovery and merits discovery shall be bifurcated because it is more efficient and economical. As noted in the Advisory Committee Note to Rule 23 of the Federal Rules of Civil Procedure, bifurcation of class and merits discovery is preferred because pre-certification discovery into merits should be "limited to those aspects relevant to making the certification decision on an informed basis." Merits discovery shall be held in abeyance pending the outcome of Plaintiffs' Motion for Class and Collective Action Certification, at which time the parties shall submit a revised Case Management Plan. All *fact* discovery related to class and collective action certification is to be completed no later than May 1, 2012.

   **Defendant MSLGroup's Position**: Fact discovery shall be completed by May 1, 2012 as to the named Plaintiffs and as to all class and other issues. As a matter of efficiency and in light of the substantial overlap between issues related solely to the propriety of a class or collective action and the merits of the individual, class and collective claims, bifurcation is neither necessary nor appropriate. MSLGroup submits that Plaintiffs' claims are subject to motions for summary judgment. There is no reason to bifurcate discovery, which could serve to prevent Defendant MSLGroup from seeking summary judgment until after collective action and class action briefing. The merits are entwined

2

with class issues, such as adequacy of the class representatives under Fed. R. Civ. P. 23, whether the class representatives are comparable to one another and to other current and former PR employees under the FLSA and whether claims exist such that trial thereof is required.

7.     The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 6 above.

a.     **Plaintiffs' Position**: Initial requests for production of documents relating to class and collective action certification shall be served by June 30, 2011.

**Defendant MSLGroup's Position**: Initial requests for production of documents shall be served no later than June 30, 2011.

b.     **Plaintiffs' Position**: Initial Interrogatories relating to class and collective action certification shall be served by November 15, 2011.

**Defendant MSLGroup's Position**: Initial Interrogatories shall be served no later than June 30, 2011.

c.     **Plaintiffs' Position**: Depositions relating to class and collective action certification shall be completed by May 1, 2012.

**Defendant MSLGroup's Position**: All depositions shall be completed by May 1, 2012.

i.     **Plaintiffs' Position**: Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

**Defendant MSLGroup's Position**: Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have served responses to initial requests for document production unless the outstanding requests for document production are not related to the depositions sought. This provision is not intended to require resolution of all discovery disputes relating to initial requests for document production before depositions may be taken, especially where the discovery dispute does not relate to that particular deponent.

ii.     There is no priority in depositions by reason of a party's status as a plaintiff or a defendant.

iii.   **Plaintiffs' Position**:  Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.  Discovery from unnamed class members is not permitted absent an agreement between the parties or an order from the Court.

**Defendant MSLGroup's Position**:  Absent an agreement between the parties or an order from the Court, non-party depositions shall follow the depositions of the parties and putative class members' depositions.

d.   **Plaintiffs' Position**:  Requests to Admit shall be served on a date to be determined after the Court decides class and collective action certification.

**Defendant MSLGroup's Position**:  Requests to Admit shall be served no later than March 15, 2012.

8.   **Plaintiffs' Position**:  Experts, if any, in support of and in opposition to class and collective action certification, are to be designated by the parties by March 27, 2012, and any reports furnished by June 5, 2012.  Expert depositions must occur by July 24, 2012. Rebuttal expert reports shall be furnished by August 23, 2012.

**Defendant MSLGroup's Position**:  Plaintiffs shall designate their experts, if any, no later than March 27, 2012, and any reports shall be furnished by June 1, 2012. Depositions of plaintiffs' experts shall be taken no later than July 2, 2012.  Defendant MSLGroup shall designate its experts, if any, no later than July 2, 2012, and any reports shall be furnished by August 1, 2012.  Depositions of Defendant MSLGroup's experts shall be taken no later than August 30, 2012.  Plaintiffs' rebuttal expert reports, if any, shall be due by September 17, 2012, with discovery relating to the rebuttal report being conducted by Defendant MSLGroup by October 15, 2012.  Defendant MSLGroup's rebuttal expert report, if any, is due by October 30, 2012, with discovery relating to Defendant MSLGroup's rebuttal report being conducted by Plaintiffs by November 15, 2012.

9.   **Plaintiffs' Position**:  The parties shall submit a revised Case Management Plan, which will include the date by which all discovery must be completed, after the Court decides class and collective action certification.

**Defendant MSLGroup's Position**:  This case management plan shall govern the litigation unless modified by the Court or by the parties upon stipulation.

10.   **Plaintiffs' Position:**  Plaintiffs' motion for class and collective action certification shall be filed by September 25, 2012.

**Defendant MSLGroup's Position:**  Plaintiffs' motion for class and collective action certification shall be filed by December 17, 2012.  Defendants' motions for summary

judgment or other dispositive motions shall be filed by December 17, 2012. Further, both parties' motions with respect to experts (such as eligibility and qualification to testify, Daubert testing, etc.), if any, shall also be filed by December 17, 2012.

11.  **Plaintiff's Position:**  Defendants' response to Plaintiffs' motion for class and collective action certification shall be filed by November 28, 2012.

     **Defendant MSLGroup's Position:** Defendant MSLGroup's opposition to Plaintiffs' motion for class and collective action certification shall be filed by January 15, 2013. Plaintiffs' opposition to Defendant MSLGroup's summary judgment or other dispositive motions shall be filed by January 15, 2013. Similarly, opposition papers with respect to motions concerning experts shall be served by January 15, 2013.

12.  **Plaintiffs' Position:**  Plaintiffs' reply in support of their motion for class and collective action certification shall be filed by January 30, 2013.

     **Defendant MSLGroup's Position:**  Plaintiffs' reply in support of their motion for class and collective action certification shall be filed by January 30, 2013. Defendant MSLGroup's reply brief in support of its summary judgment or other dispositive motions shall be filed by January 30, 2013. Any reply briefs with regard to motions concerning experts shall be filed by January 30, 2013.

13.  **Plaintiffs' Position:**   The Court will conduct a post-discovery conference on _____. [*To be completed by the Court. The conference will be scheduled within three weeks of the close of all discovery.*]

     **Defendant MSLGroup's Position:**  The Court will conduct a discovery conference on or about September 28, 2011 to address the status of discovery and to resolve any disputes with respect thereto.  Thereafter, a further conference will be held on _____. [*To be completed by the Court. The conference will be scheduled within three weeks of the close of all discovery.*]

14.  If either party contemplates a motion, the post-discovery conference will function as a pre-motion conference. Pre-motion letters are to be submitted by _____. [*To be completed by the Court. The deadline will be no later than two weeks prior to the post-discovery status conference.*] Pursuant to Rule 2.A of the Court's Individual Practices, responses to pre-motion letters are to be submitted within three business days from the date of service of the initial pre-motion letter.  Pre-motion letters and responses shall be submitted to the chambers' email address at sullivannysdchambers@nysd.uscourts.gov.

15.  If neither party contemplates a dispositive motion, the post-discovery conference will function as a pre-trial conference at which a trial date will be set.

16.  Counsel for the parties request a settlement conference before a Magistrate Judge or the Southern District's Mediation Program and request: Referral to the Southern District's

Mediation Program. [*All counsel must meet for at least one hour to discuss settlement not later than two weeks following the close of fact discovery.*]

17.     **Plaintiffs' Position**: Plaintiffs' present best estimate of the length of trial is six weeks.

      **Defendant MSLGroup's Position**: Defendant MSLGroup anticipates that, at the time of trial, if any, this case will involve five plaintiffs and no class claims; accordingly, and given the substantial differences among the plaintiffs' claims, the trials would proceed separately, and each would take 3-5 days.

SO ORDERED.

DATED:      _____, 2011
                New York, New York           _____
                                               RICHARD J. SULLIVAN
                                               UNITED STATES DISTRICT JUDGE

# EXHIBIT 2

```
                                                            1
         17ledasc
1    UNITED STATES DISTRICT COURT
1    SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x
2
3    MONIQUE DA SILVA MOORE, on
3    behalf of herself and all
4    others similarly situated,
4    et al.,
5                    Plaintiffs,
5
6             v.                        11CV 1279(RJS)
6
7    PUBLICIS GROUPE, et al.,
7
8                    Defendants.
8
9    ------------------------------x
9
10                                  July 21, 2011
11                                  3:04 p.m.
11
12
12   Before:
13
13                   HON. RICHARD J. SULLIVAN,
14
14                                     District Judge
15
15              APPEARANCES (via telephone)
16
16   SANFORD WITTELS & HEISLER, LLP
17        Attorneys for Plaintiffs
17   BY:  JANETTE LYNN WIPPER
18        SIHAM NURHUSSEIN
18        STEVEN LANCE WITTELS
19
19   JACKSON LEWIS LLP
20        Attorneys for Defendants
20   BY:  JEFFREY W. BRECHER
21        VICTORIA WOODIN CHAVEY
21
22
22
23
24
25
                 SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300
```

17ledasc

1   server in France.  So when do you expect service to be made?
2             MS. WIPPER:  Our understanding is that it should be
3   within a month.
4             THE COURT:  Okay.  All right.  Well, so then we'll see
5   what happens after that, but I think I'm not going to stay
6   discovery for that either.
7             Okay.  So those are the things I wanted to cover.  Is
8   there anything else on any of your minds?
9             MS. WIPPER:  No, your Honor.
10            THE COURT:  Mr. Brecher or --
11            MS. CHAVEY:  Judge, this is Victoria Chavey.  One
12  question that we have is whether there was anticipated to be an
13  amended complaint.
14            THE COURT:  We lost you there, Ms. Chavey.  You're
15  cutting in and out.
16            MS. CHAVEY:  Sorry, Judge.  Is this better?  This is
17  Victoria Chavey.
18            THE COURT:  It's a little better.  Go ahead again.
19            MS. CHAVEY:  Okay.  I picked the receiver up.
20            One other question that we had is in light of the
21  discussion today, if there were to be an anticipated amended
22  complaint, what would be the schedule that the Court would set
23  for doing that?
24            THE COURT:  All right.  I mean, is there an
25  anticipated amended complaint?  Ms. Wipper?

17

17ledasc

```
 1              MS. WIPPER:  No, your Honor.
 2              THE COURT:  No.  Okay.  So that's easy.
 3              All right.  So I think that does that.  Anything else
 4    on anybody's mind?
 5              Okay.  Well, I will issue a short order just
 6    memorializing the date for the joint letter and what should be
 7    in that.  And then once I have that from you, I will either
 8    endorse the order or tweak it.  And if I need to get you back,
 9    I'll issue an order setting a date for another conference.
10    Okay?  All righty.
11              MS. WIPPER:  Thank you, your Honor.
12              MS. CHAVEY:  Thank you, your Honor.
13              THE COURT:  Thanks very much.  If anyone would like a
14    copy of the transcript, you can take that up with the court
15    reporter.  Do that through the website or through the phone
16    number, okay, that's on the court's website.  Thanks.
17              (Adjourned)
18
19
20
21
22
23
24
25
```

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MONIQUE DA SILVA MOORE, | ) | |
| MARYELLEN O'DONOHUE, | ) | |
| LAURIE MAYERS, HEATHER | ) | |
| PIERCE, and KATHERINE | ) | |
| WILKINSON on behalf of themselves | ) | Civ No. 11-CV-1279 (RJS) |
| and all others similarly situated, | ) | |
| | ) | |
| PLAINTIFFS, | ) | CASE MANAGEMENT PLAN AND |
| | ) | SCHEDULING ORDER |
| v. | ) | |
| | ) | |
| PUBLICIS GROUPE SA and | ) | |
| MSLGROUP, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This draft Plan is submitted by Plaintiffs and Defendant MSLGROUP Americas, Inc., sued herein as MSLGROUP ("MSL"), only (collectively the "parties") and not by Defendant Publicis Groupe SA. Defendant MSL will not be making a motion to dismiss the Complaint at this time.

Following the July 21, 2011 pre-motion conference, the parties conferred about the Case Management Plan and Scheduling Order. However, the parties were unable to reach agreement whether bifurcated discovery would be appropriate in this case. Accordingly, the parties have set forth two alternative schedules: Plaintiffs' Proposed Case Management Plan (Exhibit A), which provides a bifurcated discovery plan where the class certification discovery phase is followed by the merits discovery phase, and Defendant MSL's Proposed Case Management Plan (Exhibit B), which provides a consolidated discovery plan. Setting aside the disputed issue of bifurcation, the parties have largely agreed to dates for discovery within each plan. But a few disputes still remain (where noted), which the parties will require Court intervention to resolve.

**Plaintiffs' Position Regarding Bifurcation:**

Plaintiffs propose that class discovery and merits discovery be bifurcated because it is more efficient and economical. Merits discovery shall be held in abeyance pending the outcome of Plaintiffs' Motion for Class and Collective Action Certification, at which time the parties shall submit a revised Case Management Plan.

As noted in the Advisory Committee Note to Rule 23 of the Federal Rules of Civil Procedure, bifurcation of class and merits discovery is preferred because pre-certification discovery into merits should be "limited to those aspects relevant to making the certification decision on an informed basis." *See also Rahman v. Smith & Wollensky Rest. Group*, 06 Civ.

1

6198 (LAK)(JCF), 2007 U.S. Dist. LEXIS 37642 (S.D.N.Y. May 24, 2007) ("pre-certification discovery on the merits of the class claims is generally inappropriate").

Bifurcation of discovery serves a number of important purposes. Consistent with Rule 23's mandate, bifurcation facilitates the early resolution of class certification motions. *See, e.g., Elliott v. ITT Corp.*, No. 90 C 1841, 1992 U.S. Dist. LEXIS 3108, at *12 (N.D. Ill. Mar. 13, 1992) ("Given Rule 23(c)(1)'s directive that certification be addressed early in the litigation, bifurcation of discovery is appropriate"); *Amer. Nurses' Ass'n v. Illinois*, 84 C 4451, 1986 U.S. Dist. LEXIS 20447 (N.D. Ill. Sept. 12, 1986 ) (ordering bifurcated discovery because "this approach will expedite the decision on class certification in accord with Federal Rule 23, which requires that class determination be made 'as soon as practicable'").

Deferring merits discovery until a decision on class certification has been made also promotes judicial economy. Bifurcation "may result in substantial savings of time" because the class certification decision typically helps shape the contours of merits discovery. *Amer. Nurses' Ass'n*, 1986 U.S. Dist. LEXIS 20447, at 9. ("If class certification is denied, the scope of permissible discovery may be significantly narrowed; if a class is certified, defining that class should help determine the limits of discovery on the merits"). *See also Cox v. Zurn Pex*, No. 10-2267, 2011 U.S. App. LEXIS 13663 (8th Cir. July 6, 2011) ("there is little doubt that bifurcated discovery may increase efficiency [in complex class cases])."

For these reasons, bifurcated discovery is the norm in class and collective actions, particularly in employment and other civil rights cases. *See, e.g., Comer v. Wal-Mart Stores*, 454 F.3d 544 (6th Cir. 2006) (district court's order bifurcating discovery "was consistent with the approach typically used by courts" in FLSA suits); *B.H. v. Bloomberg*, 10 CV 210 (RRM)(ALC), 2010 U.S. Dist. LEXIS 143103 (E.D.N.Y. May 27, 2010) (discovery bifurcated into class certification stage followed by merits stage in Section 1983 class action).

In particular, "Supreme Court and Second Circuit caselaw support the use of bifurcation in Title VII actions asserting pattern-or-practice discrimination." *EEOC v. Sterling Jewelers*, 112 Fair Empl. Prac. Cas. (BNA) 392, at *6 (W.D.N.Y. 2011) (*citing Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 97 S. Ct. 1843, 52 L. Ed. 2d 396 (1977)). Courts routinely bifurcate discovery in Title VII cases such as this. *See id.* at *6 (granting EEOC's motion to bifurcate discovery and trial in pattern or practice discrimination case; first phase of discovery to focus on production of personnel data necessary for statistical analyses, Defendant's policies and procedures, etc.); *Velez v. Novartis Pharms. Corp.*, 04 Civ. 09194 (CM), 2010 U.S. Dist. LEXIS 125945 (S.D.N.Y. Nov. 30, 2010) (merits discovery preceded by class discovery in gender discrimination class action); *Mathers v. Northshore Mining Co.*, 217 F.R.D. 474 (D. Minn. 2003) (class and merits discovery bifurcated in discrimination suit); *Wilfong v. Rent-A-Center*, No. 3:00-cv-680-DRH, 2001 U.S. Dist. LEXIS 26074 (S.D.N.Y. Mar. 14 2001) (same); *NOW, Farmington Valley Chapter v. Sperry Rand Corp.*, 88 F.R.D. 272, 277 (D. Conn. 1980) (in discrimination case, "discovery on merits [was not to] be completed precedent to class certification").

Contrary to Defendant's assertion, *Wal-Mart Stores Inc., v. Dukes*, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (June 20, 2011), does not challenge the longstanding practice of bifurcating class

and merits discovery in pattern or practice discrimination cases. The Court merely noted that the "rigorous analysis" done at the class certification stage will likely entail "*some* overlap" with the merits. *Id.* at 390. This is consistent with the Advisory Committee Notes to Rule 23(c)(1), which note that it may be appropriate to "conduct controlled discovery into the 'merits,' limited to those aspects relevant to making the certification decision on an informed basis." Nothing in *Walmart* supports a *complete* overlap between class and merits discovery, as Defendant proposes.

Bifurcating discovery in this case would help streamline the litigation process and ensure that the parties focus discovery on class certification issues at the pre-certification stage. The discovery requests propounded by Defendant so far – seeking information that not only has no bearing on class certification, but, in some cases, no relevance to liability – underscore the need for bifurcation. *See, e.g.,* MSL's 1st Set of Interrogatories, #1-2 (all former, current and prospective employers of Plaintiffs), #5 (all personal email addresses of Plaintiffs), #6 (all personal websites, blogs, online forums, and social networking websites to which Plaintiffs belong or have posted any content), and #3 (all mental health professionals who treated Plaintiffs during their entire lifetimes); MSL's 1st Set of RFPs, #11 and 22 (tax returns of Plaintiffs) and # 43 (retainer agreement). By conducting a fishing expedition into Plaintiffs' personal information while withholding employment data necessary for statistical analyses for class certification, Defendant's proposed non-bifurcated discovery will only lead to greater discovery disputes between the parties.

By bifurcating discovery, this Court would ensure that the parties engage in focused, efficient discovery relating to class certification issues such as personnel data necessary for statistical analyses and corporate policies and procedures at the pre-certification stage. *Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 158 (2d Cir. 2001) (quoting 1 Arthur Larson et al., Employment Discrimination § 9.03[1], at 9-18 (2d ed. 2001))(" two kinds of circumstantial evidence... [typically] establish the existence of a policy, pattern, or practice of intentional discrimination: (1) statistical evidence aimed at establishing the defendant's past treatment of the protected group, and (2) testimony from protected class members detailing specific instances of discrimination.").

**Defendant's Position Regarding Bifurcation:**

At the initial conference held on June 16, 2011, the Court denied Plaintiffs' request to bifurcate discovery between "class certification" and "merits" issues. *See* Tr. p. 20 ("I'm going to go with a unified system. I am not going to bifurcate. If in practice it turns out that this is just not working, I certainly reserve the right to revisit that. But for now at least I'm unpersuaded that it would be more efficient to bifurcate."). Plaintiffs have not identified any facts or change in circumstances that warrant reversing that approach.

In fact, the Supreme Court's decision in *Wal-Mart Stores Inc., v. Dukes*, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (June 20, 2011), confirms the propriety of the Court's decision. In *Dukes*, the Court held the "rigorous analysis" required to determine whether the prerequisites of class certification have been met frequently entails some "overlap with the merits of plaintiff's

underlying claim". *Id.* at 391. As a result, lower courts often must evaluate the merits of a claim in determining whether the case can be certified. *Id.* Class certification involves considerations that are "enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.* (quoting *Gen. Telephone Co of the Southwest v. Falcon*, 457 U.S. 147 (1982). This is particularly true, the Court noted, in pattern and practice discrimination cases: "proof of commonality *necessarily overlaps with respondents' merits contention* that Wal-Mart engages in a *pattern or practice* of discrimination. That is so because, in resolving an individual's Title VII claim, the crux of the inquiry is the reasons for a particular employment decision." *Dukes,* 180 L. Ed. at 391. (internal quotations omitted) (second emphasis in original). Accordingly, because it is difficult in pattern and practice discrimination cases to separate issues related to the "merits" from those related to "certification", both must be considered. And if "merits" and "certification" issues must both be considered in determining a plaintiffs' motion for class certification, certainly discovery should not be limited to only "certification" issues. Indeed, even Plaintiffs concede (above) that there is "*some* overlap" between the merits and class certification issues.

Moreover, the party requesting to stay merits discovery pending resolution of class certification bears the burden of establishing good cause for the request. *Hines v. Overstock.com*, 2010 U.S. Dist. Lexis 70205, *2-3 (E.D.N.Y. July 13, 2010). Plaintiffs have not met this burden and courts have refused to bifurcate class and merits issues when, like here, discovery relating to the merits of Plaintiffs claims are intertwined and overlap with class certification issues. *Id.* (rejecting request to bifurcate merits and class certification issues and noting "courts in this and other circuits have recognized that where discovery relating to class issues overlaps substantially with merits discovery, bifurcation will result in duplication of efforts and needless line-drawing disputes); *Bodner v. Paribas*, 202 F.R.D. 370, 372 (E.D.N.Y. 2000) (collecting cases).

Bifurcating discovery here would only result in increasing the discovery disputes—each party objecting to the other's request on the basis that the request is not limited to "certification" issues—and result in the Court being asked to continually decide on what side a request falls. Bifurcation would also result in unnecessary costs, potentially having to depose witnesses once regarding "certification issues" and then calling them back to depose them on "merits" issues later, to the extent the parties can even agree on what side the question falls. These costs are compounded by the fact that many of the witnesses are located out-of-state, including the named Plaintiffs. Finally, some Plaintiffs have separate individual claims only (*e.g.*, Wilkinson has an individual claim under the Family and Medical Leave Act). Discovery of these claims should not wait pending class discovery. Because bifurcation will lead to unnecessary costs, discovery disputes, and delay, discovery should not be bifurcated and the Court should maintain its prior ruling.

RICHARD J. SULLIVAN, District Judge:

Pursuant to Rules 16-26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order.

4

EXHIBIT A

**Plaintiffs' Proposed Case Management Plan (Bifurcated Discovery)**

1. All parties do not consent to disposition of this case by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c).

2. All claims triable to a jury are to be tried by a jury, and Defendant MSL does not waive its right to have claims for equitable relief tried to the Court.

3. Additional parties may not be joined without leave of the Court.

4. Amended pleadings may be filed without leave of the Court until December 9, 2011. Plaintiffs have not received discovery on issues concerning the relationship between Publicis Groupe and MSL because MSL has objected to Plaintiffs' discovery requests and Publicis Groupe is still in the process of being served pursuant to the Hague Convention. Accordingly, Plaintiffs seek more time to amend the Complaint after receiving such discovery. **[Defendant position: amended pleadings may not be filed without leave of Court.]**

5. Plaintiffs served their Initial Disclosures pursuant to Rule 26(a)(1) on June 30, 2011. Defendant shall serve its Initial Disclosures forthwith, and no later than August 12, 2011.

6. All *fact* discovery related to class and collective action certification is to be completed no later than June 12, 2012.

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 6 above.

     a.    Initial requests for production of documents have been served by both parties.

     b.    Initial Interrogatories relating to class and collective action certification shall be served by August 15, 2011.

     c.    Depositions relating to class and collective action certification shall be completed by June 12, 2012.

          i.    Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production, and have received documents necessary to conduct the deposition.

     ii.       There is no priority in depositions by reason of a party's status as a plaintiff or a defendant.

    iii.       Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions. Discovery from unnamed class members is not permitted absent an agreement between the parties or an order from the Court. **[Defendant does not agree that Plaintiffs may restrict Defendant's right to obtain evidence to oppose class certification or prepare a defense by preemptively limiting Defendant to deposing only the named Plaintiffs and single opt-in Plaintiff absent their agreement or Court Order.]**

    d.       Requests to Admit shall be served 45 days prior to the close of fact discovery relating to class certification; additional request may be served on a date determined by the Court after the class and collective action certification motion has been decided.

8. Plaintiffs shall designate any experts in support of and in opposition to class and collective action certification by June 12, 2012. Plaintiffs' expert reports are to be furnished by July 10, 2012. Depositions of Plaintiffs' experts are to be completed by August 10, 2012. Defendant MSL's expert designations and reports are to be furnished by September 10, 2012. Depositions of Defendant MSL's experts are to be completed by October 10, 2012. Rebuttal expert reports are to be furnished by November 9, 2012.  Expert discovery must be completed by December 10, 2012.

9. The parties shall submit a revised Case Management Plan, which will include the date by which all discovery must be completed, after the Court decides class and collective action certification.

10. Plaintiffs' motion for class and collective action certification shall be filed by January 31, 2013.

11. Defendants' response to Plaintiffs' motion for class and collective action certification shall be filed by March 7, 2013.

12. Plaintiffs' reply in support of their motion for class and collective action certification shall be filed by April 11, 2013.

13. The Court will conduct a post-discovery conference on _____. **[*To be completed by the Court. The conference will be scheduled within three weeks of the close of all discovery.*]**

14. If either party contemplates a dispositive motion, the post-discovery conference will function as a pre-motion conference.  Pre-motion letters are to be submitted by _____. **[*To be*]**

***completed by the Court.*** The deadline will be no later than two weeks prior to the post-discovery status conference.] Pursuant to Rule 2.A of the Court's Individual Practices, responses to pre-motion letters are to be submitted within three business days from the date of service of the initial pre-motion letter. Pre-motion letters and responses shall be submitted to the chambers' email address at <u>sullivannysdchambers@nysd.uscourts.gov</u>.

15. If neither party contemplates a dispositive motion, the post-discovery conference will function as a pre-trial conference at which a trial date will be set.

16. Counsel for the parties request a settlement conference before a Magistrate Judge or the Southern District's Mediation Program and request: Pursuant to the Court's Standing Administrative Order dated June 6, 2011, this case has been automatically referred to mediation. The parties propose that the mediation take place on or around July 19, 2012. *[All counsel must meet for at least one hour to discuss settlement not later than two weeks following the close of fact discovery.]*

17. Plaintiffs' present best estimate of the length of trial is six weeks. **[Defendant cannot provide a reasonable estimate at this time]**

SO ORDERED.

DATED: _____, 2011
       New York, New York          _____
                                   RICHARD J. SULLIVAN
                                   UNITED STATES DISTRICT JUDGE

7

EXHIBIT B

## Defendant MSL's Proposed Case Management Plan (Consolidated Discovery)

1. All parties do not consent to disposition of this case by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c).

2. All claims triable to a jury are to be tried by a jury, and Defendant MSL does not waive its right to have claims for equitable relief tried to the Court.

3. Additional parties may not be joined without leave of the Court.

4. Amended pleadings may not be filed without leave of the Court. **[Plaintiffs' position: Amended pleadings may be filed without leave of the Court until December 9, 2011.]**

5. MSL's Initial disclosures pursuant to Rule 26(a)(1) shall be served no later than August 12, 2011.

6. Fact discovery shall be completed by June 30, 2012 as to the named Plaintiffs and as to all class and other issues.

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 6 above.

   a. Initial Requests for Production of Documents by both parties and Interrogatories by Defendant have been served as well as objections and responses.

   b. All depositions shall be completed by June 30, 2012.

      i. Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production unless the outstanding requests for document production are not necessary to conduct the deposition sought. **[Plaintiffs do not agree that any depositions can be held until all parties have responded to initial requests for document production.]**

      ii. There is no priority in deposition by reason of a party's status as a plaintiff or defendant.

      iii. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow the depositions of the parties and putative class members' depositions. **[Plaintiffs do not agree that absent class**

8

members can be deposed absent an agreement by the parties or an order by the Court.]

    c.  Requests to Admit shall be served no later than May 15, 2012.

8.  Plaintiffs shall designate their experts, if any, no later than March 27, 2012, and any reports shall be furnished by May 1, 2012. Depositions of plaintiffs' experts shall be taken no later than June 1, 2012. Defendant MSL shall designate its experts, if any, no later than August 1, 2012, and any reports shall be furnished by September 1, 2012. Depositions of Defendant MSL's experts shall be taken no later than October 1, 2012. Plaintiffs' rebuttal expert reports, if any, shall be due by November 1, 2012, with discovery relating to the rebuttal report being conducted by Defendant MSL by December 1, 2012. Defendant MSL's rebuttal expert report, if any, is due by December 15, 2012, with discovery relating to Defendant MSL's rebuttal report being conducted by Plaintiffs by December 31, 2012.

**[Plaintiffs propose an alternative schedule because it is more economical for fact discovery to close before expert discovery commences to ensure that the expert has all necessary data to conduct the analysis. If the Court does not order bifurcation, Plaintiffs propose the following expert schedule: Plaintiffs shall designate their experts, if any, no later than June 30, 2012, and any reports shall be furnished by July 31, 2012. Depositions of plaintiffs' experts shall be taken no later than August 30, 2012. Defendant MSL shall designate its experts, if any, no later than October 31, 2012, and any reports shall be furnished by November 30, 2012. Depositions of Defendant MSL's experts shall be taken no later than December 28, 2012. Any rebuttal expert reports shall be due by January 31, 2013. Expert discovery shall be completed by March 1, 2013.]**

9.  All discovery shall be completed no later than December 31, 2012. **[Plaintiffs propose: March 1, 2013]**

10. This case management plan shall govern the litigation unless modified by the Court or by the parties upon stipulation.

11. Plaintiffs' motion for class and collective action certification shall be filed by January 31, 2013. **[Plaintiffs propose: April 26, 2013]**. Defendant MSL's opposition to Plaintiffs' motion for class and collective action certification shall be filed 45 days thereafter. Plaintiffs' reply in support of their motion for class and collective action certification shall be filed 30 days **[Plaintiffs propose: 45 days]** after service of the response. The parties' motions for summary judgment or other dispositive motions shall be filed by January 31, 2012. **[Plaintiffs propose: April 26, 2013]**. Oppositions to motions for summary judgment and other dispositive motions shall be filed by 45 days thereafter. The parties' reply in support of its motion for summary judgment shall be filed 30 days after service of the response.

12. The Court will conduct a discovery conference on or about October 28, 2011 **[Plaintiffs propose: June 15, 2012]** to address the status of discovery and to resolve any disputes with respect thereto. Thereafter, a further conference will be held on _____. **[*To be***

***completed by the Court.***  *The conference will be scheduled within three weeks of the close of all discovery.*]

13. Pre-motion letters prior to filing the motions set forth in paragraph 11 of this Scheduling Order are not required.

14. If neither party contemplates a dispositive motion, the post-discovery conference will function as a pre-trial conference at which a trial date will be set.

15. Counsel for the parties request a settlement conference before a Magistrate Judge or the Southern District's Mediation Program and request: Pursuant to the Court's Standing Administrative Order dated June 6, 2011, this case has been automatically referred to mediation.  The parties propose that the mediation take place on or around July 19, 2012. [*All counsel must meet for at least one hour to discuss settlement not later than two weeks following the close of fact discovery.*]

16. The parties cannot at this time provide a reasonable estimate of the length of trial.


SO ORDERED.

DATED: _____, 2011
           New York, New York

           _____
           RICHARD J. SULLIVAN
           UNITED STATES DISTRICT JUDGE