# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MONIQUE DA SILVA MOORE, | ) | |
| MARYELLEN O'DONOHUE, | ) | |
| LAURIE MAYERS, HEATHER | ) | |
| PIERCE, and KATHERINE | ) | |
| WILKINSON on behalf of themselves | ) | Civ No. 11-CV-1279 (RJS) |
| and all others similarly situated, | ) | |
| | ) | |
| PLAINTIFFS, | ) | JOINT PROPOSED SCHEDULING |
| | ) | ORDER REGARDING |
| v. | ) | JURISDICTIONAL DISCOVERY |
| | ) | |
| PUBLICIS GROUPE SA and | ) | |
| MSLGROUP, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| _____ | ) | |

This Joint Proposed Scheduling Order is submitted by Plaintiffs; Defendant MSLGROUP Americas, Inc., sued herein as MSLGROUP ("MSL"); and Defendant Publicis Groupe SA ("Publicis") (collectively the "Parties") pursuant to this Court's September 27, 2011 Order [Dkt. 41]. In that Order, the Court directed the Parties "to proceed with limited discovery related to the factors set forth in NYCPLR §§ 301 and 302, and discussed by the Second Circuit in *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1997)." [Dkt. 41] This Joint Proposed Scheduling Order addresses that discovery.

Publicis, while reserving its right to challenge personal jurisdiction and to object to any discovery from it other than the jurisdictional discovery ordered by the Court, agrees to participate in depositions of the Plaintiffs or MSL witnesses to avoid any delay in the litigation of Plaintiffs' claims against MSL. Plaintiffs and MSL agree that they can proceed with discovery of each other contemporaneous with any jurisdictional discovery. The Parties agree that Publicis' limited participation in this regard does not constitute a waiver of Publicis' defense regarding the lack of personal jurisdiction. However, if Publicis is not dismissed as a party at the close of this jurisdictional discovery phase, Plaintiffs anticipate needing additional time to complete general discovery relating to class and merits issues on their claims against Publicis.

Proposed Schedule For Jurisdictional Discovery

Pursuant to Rules 16-26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Scheduling Order governing jurisdictional discovery.

1. All jurisdictional discovery is to be completed no later than March 12, 2012.

2. Subject to the below agreed-upon limitations, the Parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the

1

Southern District of New York.  The following interim deadlines may be extended by the Parties on consent without application to the Court, provided that the Parties meet the deadline for completing jurisdictional discovery set forth in ¶ 1 above.

    a.    The Parties, after meeting and conferring in good faith, have been unable to agree upon the necessity of the Court setting limitations on the number of discovery requests that Plaintiffs will be permitted to serve on Publicis on the topic of jurisdictional discovery:

        i.    Consistent with the Federal Rules, Plaintiffs propose that the Court order: "There shall be no limit on the number of Document Requests that Plaintiffs may serve on Publicis on the topic of jurisdictional discovery." Plaintiffs further propose that the Court order: "Plaintiffs shall serve no more than 25 Interrogatories, and no more than 35 Requests for Admission, on Publicis on the topic of jurisdictional discovery.  These limitations do not apply to discovery requests served on MSLGroup, who is already subject to full discovery as a party to this case."

        ii.    Consistent with the limited nature of the discovery ordered by the Court, Publicis and MSL proposes that the Court order:  "Plaintiffs shall serve no more than a total of 20 Document Requests, 20 Interrogatories, and 20 Requests for Admission combined to Publicis and MSL on the topic of jurisdictional discovery, subject to Plaintiffs' right to seek the Court's permission to serve additional Document Requests for good cause shown."

    b.    Initial Requests for Production of Documents relating to jurisdictional discovery shall be served by October 19, 2011.

    c.    Initial Interrogatories relating to jurisdictional discovery shall be served by October 19, 2011.

    d.    Initial Requests for Admission relating to jurisdictional discovery shall be served by October 19, 2011.

    e.    Plaintiffs shall only take a corporate deposition[s] of Publicis pursuant to Rule 30(b)(6) on the topic of jurisdictional discovery. Subject to an agreement to the contrary by all Parties, such deposition[s] shall take place in Paris, France.  Plaintiffs shall not take any depositions of any named individual pursuant to Rule 30(b)(1) on the topic of jurisdictional discovery.

    f.    Any additional written discovery relating to jurisdictional discovery shall be served no later than February 14, 2012 and shall comply with the limits set by the Court in Section 2(a).

3.  The parties, after meeting and conferring in good faith, have been unable to agree upon the necessity of the Court setting a deadline for Plaintiffs to request permission to file a Second Amended Complaint:

    a.  Plaintiffs propose that the Court order that: "The deadline for Plaintiffs to request permission to amend their Complaint based on jurisdictional discovery shall be March 26, 2012." Pursuant to Fed.R.Civ. P. 15, leave to amend is "freely give[n]," and Plaintiffs request an opportunity to file a Second Amended Complaint based on jurisdictional discovery before Publicis moves to dismiss the claims against it. In addition, Plaintiffs oppose setting a deadline for Publicis to file a dispositive motion other than a motion to dismiss, as this Court ordered the Parties to submit a Joint Scheduling Order concerning "jurisdictional discovery necessary for the Court to resolve Defendant's contemplated motion," i.e. Publicis' contemplated motion to dismiss (as discussed in its September 21, 2011 pre-motion letter) [Dkt. 41]. Because the Court did not order the level of discovery necessary to resolve a motion for summary judgment, the filing of such a motion at this early stage would require the Court to rule based on a limited record.

    b.  Publicis and MSL do not believe that the Court should set a deadline for the filing of a Second Amended Complaint or that a Second Amended Complaint is necessary or appropriate. Any dispositive motion that Publicis may file based on lack of personal jurisdiction would not rely solely on Plaintiffs' allegations but would instead incorporate evidence adduced during the limited discovery period that the Court has ordered regarding jurisdiction. Accordingly, there would be no reason for Plaintiffs to amend the Amended Complaint further. Moreover, to the extent that Plaintiffs were to decide, after this limited discovery period, to dismiss their claims against Publicis voluntarily, the parties could proceed with a stipulated withdrawal under Rule 41 and, again, no further amendment to the Amended Complaint would be necessary.

4.  The parties, after meeting and conferring in good faith, have been unable to agree upon the appropriate motion to be filed by Publicis following limited jurisdictional discovery (*see* ¶ 3, *supra*), but agree to the following briefing schedule:

    a.  Plaintiffs propose that the Court order that: "Publicis shall file a motion to dismiss for lack of personal jurisdiction no later than April 16, 2012. Plaintiffs shall file an opposition to the motion to dismiss no later than May 7, 2012. Publicis shall file a reply in support of the motion to dismiss no later than May 21, 2012."

    b.  Publicis proposes that the Court order that: "Publicis shall file a dispositive motion for lack of personal jurisdiction no later than April 16, 2012. Plaintiffs shall file an opposition to the dispositive motion no later than May 7, 2012. Publicis shall file a reply in support of the dispositive motion no later than May 21, 2012."

SO ORDERED.

DATED: _____, 2011        _____
           New York, New York        RICHARD J. SULLIVAN
                                                          UNITED STATES DISTRICT JUDGE