UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONIQUE DA SILVA MOORE, MARYELLEN O'DONOHUE, LAURIE MAYERS, HEATHER PIERCE, and KATHERINE WILKINSON on behalf of themselves and all others similarly-situated, | ) ) ) ) ) ) |
| Plaintiffs, | ) Civ. No.: 11-cv-1279 (ALC) (AJP) ) ) |
| v. | ) ) |
| PUBLICIS GROUPE SA and MSL GROUP, | ) ) |
| Defendants. | ) ) |

**DEFENDANT PUBLICIS GROUPE SA'S
MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR
<u>CONDITIONAL CERTIFICATION AND AUTHORIZATION OF NOTICE</u>**

Defendant Publicis Groupe SA ("Publicis") hereby submits this memorandum in opposition to Plaintiffs' Motion for Conditional Certification and Authorization of Notice.

Publicis maintains that the Court lacks personal jurisdiction over it and previously sought permission to file a motion to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2). (*See* Sept. 21, 2011 Letter to J. Sullivan, attached hereto as Exhibit 1). Although Judge Sullivan was "highly skeptical of Plaintiffs' arguments—which would seem to make all corporate parents liable for the acts of their subsidiaries—" he, nevertheless, ordered "limited discovery" on the issue of personal jurisdiction. [Dkt. 41]. That discovery remains ongoing; once complete, Publicis will file a dispositive motion based upon the lack of personal jurisdiction on or before June 18, 2012. [Dkt. 109]. Until that motion is decided, it is improper for an order on Plaintiffs' Motion for Conditional Certification and Authorization of Notice to be entered against Publicis. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication.") (internal quotations omitted); *Mones v. Commercial Bank of Kuwait, S.A.K.*, 204 Fed. App'x 988 (2d Cir. 2006) (holding that "the district court erred in failing to determine whether it had valid personal jurisdiction [] before proceeding to the merits").

Subject to and without waiving its position regarding personal jurisdiction, Publicis joins the opposition submitted by MSLGroup Americas, Inc. ("MSL") and opposes Plaintiffs' Motion for Conditional Certification and Authorization of Notice as it relates to Publicis on all of the grounds set forth in MSL's opposition.

Accordingly, Publicis Groupe SA respectfully requests that the Court deny Plaintiffs' Motion for Conditional Certification and Authorization of Notice.

Dated:  March 19, 2012	Respectfully Submitted,

                s/ Paul C. Evans
                Paul C. Evans
                Morgan, Lewis & Bockius LLP
                1701 Market Street
                Philadelphia, PA 19103
                Tel: (215) 963-5000
                Fax: (215) 963-5001
                E-Mail: pevans@morganlewis.com

                *Attorney for Defendant Publicis Groupe SA*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of March, 2012, I caused to be served a true and correct copy of Defendant Publicis Groupe SA's Memorandum in Opposition to Plaintiffs' Motion for Conditional Certification and Authorization of Notice via the Court's electronic filing system on:

>Jeremy Heisler
>Steven L. Wittels
>Deepika Bains
>Siham Nurhussein
>SANFORD WITTELS & HEISLER, LLP
>1350 Avenue of the Americas, 31st Floor
>New York, NY 10019
>
>David W. Sanford
>SANFORD WITTELS & HEISLER, LLP
>1666 Connecticut Avenue, N.W.
>Suite 310
>Washington, DC 20009
>
>Janette Wipper
>SANFORD WITTELS & HEISLER, LLP
>555 Montgomery Street, Suite 820
>San Francisco, CA 94111
>
>Jeffrey W. Brecher
>JACKSON LEWIS LLP
>58 South Service Road
>Melville, NY 11747
>
>Victoria Woodin Chavey
>JACKSON LEWIS LLP
>90 State House Square, 8th Floor
>Hartford, CT 06103
>
>Brett Michael Anders
>JACKSON LEWIS LLP
>220 Headquarters Plaza, East Tower, 7th Floor
>Morristown, NJ 07960

>>s/ Paul C. Evans
>>Paul C. Evans