# EXHIBIT 1

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Melissa R. Kelly**
Associate
212.309.6705
melissa.kelly@morganlewis.com

September 21, 2011

**VIA HAND DELIVERY**

Honorable Richard J. Sullivan
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   da Silva Moore, et al. v. Publicis Groupe SA, et al.; Case No. 11-CV-1279

Dear Judge Sullivan:

This Firm represents Defendant Publicis Groupe, SA ("Publicis Groupe"). Pursuant to the Court's Individual Rules, we write to request a pre-motion conference. At that conference, Publicis Groupe will seek permission to file a motion under Fed.R.Civ.P. 12(b)(2) to dismiss with prejudice any and all claims against it for lack of personal jurisdiction.

**I.   Background**

Plaintiffs filed the initial Complaint in this case on February 24, 2011. On April 14, 2011, they filed an Amended Complaint. See Dkt. No. 1. On August 24, 2011, Plaintiffs served Publicis Groupe in France. Publicis Groupe is a French corporation whose shares are traded on Euronext Paris. It is a holding company with one office worldwide, and that is located in Paris. It has no US employees and conducts no business in New York.

**II.   The Court Does Not Have Personal Jurisdiction Over Publicis Groupe**

A plaintiff bears the burden of demonstrating personal jurisdiction and, to survive a motion to dismiss, must make a prima facie showing that jurisdiction exists. Penguin Group (USA) Inc. v. American Buddha, 609 F.3d 30, 34-35 (2d Cir. 2010). In litigation such as this, arising under federal statutes that do not contain their own jurisdictional provisions, federal courts apply the personal jurisdiction rules of the forum state, provided that those rules are consistent with the requirements of Due Process. Best Van lines, Inc. v. Walker, 490 F.3d 239, 242 (2d Cir. 2007).



Honorable Richard J. Sullivan
September 21, 2011

Page 2

Thus, Plaintiffs here must first make a prima facie showing that this Court has jurisdiction over Publicis Groupe under N.Y. C.P.L.R. 301 or 302. They have failed to do so.

    A.    <u>Section 301 Does Not Provide For Personal Jurisdiction Over Publicis Groupe</u>

Under CPLR § 301, "[a] corporation is 'doing business' and is therefore 'present' in New York and subject to personal jurisdiction with respect to any cause of action if it does business in New York not occasionally or casually, but with a fair measure of permanence and continuity." <u>Schultz v. Safra Nat. Bank of New York</u>, 377 Fed. Appx. 101, 102 (2d Cir. 2010). New York courts have focused on the following factors to support a finding that a defendant was "doing business" in New York: "the existence of an office in New York; the solicitation of business in New York; the presence of bank accounts or other property in New York; and the presence of employees or agents in New York." <u>Landoil Res. Corp. v. Alexander & Alexander Serv. Inc.</u>, 918 F.2d 1039, 1043 (2d Cir. 1990). Plaintiffs' Amended Complaint is devoid of any factual allegation (as opposed to legal conclusions) that gives rise to a prima facie showing of personal jurisdiction against Publicis Groupe under Section 301. To the contrary, Plaintiffs concede that Publicis Groupe is "based in Paris." <u>See</u> Am. Compl. [Dkt No. 4] ¶ 31.

Plaintiffs' sole attempt to prove personal jurisdiction is their allegation that "Publicis Groupe SA does business in New York through Publicis, Inc. (d/b/a Publicis USA)" <u>Id.</u> Plaintiffs also note the parent-subsidiary relationship between Publicis Groupe and MSLGroup. <u>Id.</u> ¶ 13. The mere presence of a subsidiary in New York, however, is insufficient to confer jurisdiction on a parent. <u>Saraceno v. S.C. Johnson & Son, Inc.</u>, 83 F.R.D. 65 (S.D.N.Y. 1979). Rather, the subsidiary must be either an "agent" or a "mere department" of the parent company for personal jurisdiction to attach. <u>Jazini v. Nissan Motor Co., Ltd.</u>, 148 F.3d 181, 184 (2d Cir. 1997).

To establish that a domestic corporation is an "agent" of a foreign corporation, "the plaintiff must show that the subsidiary does all the business which [the parent corporation] could do were it [in New York] by its own officials." <u>Id.</u> Publicis USA and MSLGroup are in the business of "public relations and event networks." Am. Compl. [Dkt No. 4] ¶ 32. Plaintiffs fail to allege any facts at all that would support a finding that officials of Publicis Groupe would engage in the public relations business in New York if MSLGroup or Publicis USA did not exist. <u>See</u> <u>Porter v. LSB Industries, Inc.</u>, 192 A.D.2d 205, 214-15, 600 N.Y.S.2d 867 (4th Dep't 1993) (declining to find jurisdiction where "[parent] is a holding company whose business is investment, which differs from the business of [subsidiary], which is distribution of machine tools.")

In determining whether a subsidiary is a "mere department" of the parent, the court considers: (1) whether there is common ownership; (2) whether the subsidiary is financially dependent on the parent corporation; (3) the degree to which the parent corporation interferes in the selection and assignment of the subsidiary's executive personnel and fails to observe corporate formalities; and (4) the degree of control the parent corporation exerts over the subsidiary's marketing and

Morgan Lewis
COUNSELORS AT LAW

Honorable Richard J. Sullivan
September 21, 2011

Page 3

operational policies. Jazini, 148 F.3d at 185. Plaintiffs make no effort to make a prima facie showing that this standard is met. To the contrary, they acknowledge the formal corporate distinction between Publicis Groupe and MSLGroup and make no factual allegations about Publics USA's corporate relationship with Publicis Groupe. See also June 16, 2011 Hr'g Transcript at 3-5 (after discussion of whether Publicis USA was a "mere agent or department" of Publicis Groupe, this Court stated, "I don't think what you have told me is enough to suggest that there's been proper service on Publicis Group[e]").

      B.    Section 302 Does Not Provide For Personal Jurisdiction Over Publicis Groupe

Section 302 grants personal jurisdiction over an out-of-state party that: (1) transacts business or contracts to supply goods or services within the state; (2) commits a tortious act within the state; (3) commits a tortious act outside of the state that causes an injury to a person or property within the state, provided that the party (i) engages in a persistent course of conduct with the state or (ii) expects or reasonably should expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or (4) owns, uses or possesses real property in the state. N.Y. C.P.L.R. § 302. Plaintiffs' Amended Complaint contains no allegations against Publicis Groupe that would support a finding of personal jurisdiction under Section 302. To the contrary, Plaintiffs' allegations are directed toward actions allegedly taken by MSLGroup employees and MSLGroup's alleged "practices."

      C.    Exercise Of Jurisdiction Over Publicis Groupe Would Violate Due Process

Even if Plaintiffs could make a prima facie showing of personal jurisdiction under Section 301 or 302, asserting such jurisdiction would be incompatible with requirements of Due Process. See Best Van Lines, 490 F.3d at 242. Due Process requires that a defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Id. Here, Plaintiffs concede Publicis Groupe is a foreign corporation, and they do not allege that it has any connections to New York other than through its subsidiaries. For the same reasons described above, the allegations regarding the parent-subsidiary relationships here are insufficient to comply with Due Process.

### III.   Conclusion

For all of the reasons stated herein, Publicis Groupe respectfully requests permission to file a motion to dismiss all claims against it pursuant to Fed.R.Civ.P. 12(b)(2).

DB2/22675753.1



Honorable Richard J. Sullivan
September 21, 2011

Page 4

Respectfully submitted,

Melissa R. Kelly

cc:   All counsel of record (via first class mail)

DB2/22675753.1