# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

MONIQUE Da SILVA MOORE, et al.,

Plaintiffs,

v. 11 CV 1279 (RJS)

PUBLICIS GROUPE, et al.,

Defendants.

------------------------------x

New York, N.Y.
January 4, 2011
10:58 a.m.

Before:

HON. ANDREW J. PECK,

Magistrate Judge

APPEARANCES

SANFORD WITTELS & HEISLER LLP
Attorneys for Plaintiffs
JANETTE WIPPER
DEEPIKA BAINS

JACKSON LEWIS LLP
Attorneys for Defendant MSL Group
BRETT M. ANDERS
VICTORIA WOODIN CHAVEY

ALSO PRESENT:

PAUL J. NEALE, DOAR Litigation Consulting
GENE KILMOV, DOAR Litigation Consulting
ERIC SEGGEBRUCH, Recommind
CRAIG CARPENTER, Recommind

their problem.

OK, continue.

MR. ANDERS: So far 36 were deemed relevant. Of the 400 not relevant I have reviewed, they were clearly not relevant. So right now the baseline is .015 percent of that random sample was relevant. If you translate that to the entire database, that's 48,000 documents.

After we did a random sample, then what we have done at the same time is we have applied keywords and we have taken the results of those keywords and sample-coded. So, for example, if there's a keyword "reorganization," we may have reviewed the top 200 random hits. We did that across the board.

Also, to respond to several of plaintiffs' targeted document requests, we ran targeted searches across the database. That's what we have already produced, about a thousand pages of documents. So we have that coding that's in there.

Plaintiffs' counsel, they have sent us now three different revisions of keywords. What I have proposed to plaintiffs' counsel is, I'll give you the hit lists. I've already given them two sets of hit lists; we have another set to give them, I'll review -- or we'll review 3,000 of those hits, you tell us how you want us to review it but pick the hits, we'll review any of the top 200 in these ten categories,

I'm away a little bit, try to redraft the protocol to address what we discussed today.

THE COURT: I know every lawyer thinks they're indispensable and I'm not pulling the "Jackson Lewis is a big firm and you're all fungible," but is there not another person who may be less email savvy or computer savvy than you, such as Ms. Chavey, for example, who can follow up, along with the folks from Recommind and plaintiffs' counsel, and not lose an entire week because you're on vacation?

MS. CHAVEY: Of course, your Honor.

THE COURT: And I happen to know, it may not be on this case, if it's a true e-discovery dispute, I happen to know your Florida e-discovery counsel very well --

MR. ANDERS: He knows a little bit.

THE COURT: You can bring Mr. Losey into the mix if need be.

MR. ANDERS: OK, understood.

THE COURT: What else?

MS. CHAVEY: Your Honor, I know your Honor said you weren't going to reconsider what was addressed this morning, but I did look, during the break, about the issue about Mr. Tsokanos in complaints that had been made against him. I think on plaintiffs' counsel's representation that their understanding was there had been a complaint in 2005, you ordered us to provide that. There was not a complaint in 2005.