# Exhibit F

**SANFORD WITTELS & HEISLER, LLP**

555 Montgomery Street, Suite 1206
San Francisco, CA 94111
(415) 391-6900
Fax: (415) 391-6901
Email: jwipper@swhlegal.com
www.swhlegal.com

| | | |
|---|---|---|
| 1666 Connecticut Avenue<br>Suite 300<br>Washington, D.C. 20009<br>(202) 742-7777<br>Fax: (202) 742-7776 | 1350 Avenue of the Americas 31st<br>Floor<br>New York, NY 10019<br>(646) 723-2947<br>Fax: (646) 723-2948 | 440 West Street<br>Fort Lee, NJ 07024<br>(201) 585-5288<br>Fax: (201) 779-5233 |

November 29, 2011

**VIA ELECTRONIC MAIL**
Brett Anders
Jackson Lewis LLP
andersb@jacksonlewis.com

      Re:    <u>da Silva Moore, et al. v. Publicis Groupe SA, et al., Civ. No. 11-CV-1279</u>

Dear Brett,

      We write in response to your November 18, 2011 letter regarding Defendant MSL's proposed keywords and search terms. Your letter contains very little information regarding MSL's proposed methodology for electronic mail discovery. Therefore, we have several questions we would like you to address in order to allow us to better understand and respond to your proposal.

    **I.**    **Custodian List**

      Your November 18 letter includes a proposed list of custodians but provides no explanation of how you generated the list. At no point did MSL solicit the input of Plaintiffs regarding their custodian list. Instead, MSL's proposed custodian list appears to ignore Plaintiffs' suggested custodian groups of "key players" outlined in our November 9, 2011 letter. MSL's list also includes some custodians multiple times. For example, Tara Lilien is listed as three separate custodians: "Lilien, Tara," "Kashanian, Tara," and "Lillien, Tara."

      We have the following inquiries regarding MSL's proposed custodian list (MSL Ex. A):

1. Please indicate whether any other custodians' email data has been loaded into the Axcelerate system aside from the email data of those custodians reflected in MSL Ex. A.

2. Are the document counts provided in MSL Ex. A reflective of the number of emails per custodian or total documents including emails and their attachments?

3. Are the document counts provided in MSL Ex. A reported on a post-deduplicated basis?

Please see Plaintiffs' list of electronic mail custodians, which includes key players described in Plaintiffs' November 9 letter, attached hereto as Exhibit 1. This is a preliminary list, and Plaintiffs reserve the right to amend this list without prejudice as the case progresses.

## II.     Search Terms

We also feel that MSL's proposed list of keywords and search terms is inadequate as it will not likely capture evidence germane to Plaintiffs' gender discrimination class claims. Further, MSL's proposed keywords do not cover different variations of the same root words. For example, MSL's keyword No. 1, "Reorganization," would not hit on the phrases "reorg," "reorganized," or "reorganizations." Finally, many of the keywords also appear on MSL's proposed custodian list. Running a search in a custodian's mailbox that bears that custodian's name would generate hits on every single email without targeting the desired subject matter relevant to this case.

We have the following inquiries regarding MSL's proposed keyword list and hit list (MSL Exs. B and D):

4. Please indicate whether "hits" as reported in MSL Ex. D refers to the number of documents responsive to each search or the number of times the keyword or search term was found among the documents that were searched.

5. Please confirm that you searched all 2,651,447 documents loaded into Axcelerate when generating your reports.

6. Please explain why the names of custodians are used as search terms. Please also explain why you used different search methods depending on custodian. For example, some searches are based solely on first or last name while others are based on first and last name.

7. We assume that quotation marks in a search term limit the search to the literal string of characters between the quotes (e.g. "Discrimination"). Please explain why you did not account for variations of the term (e.g. discriminate, discriminatory). Furthermore, please indicate what, if any, effect the use of capitalization has on the search. For example, does "discrimination" and "Discrimination" generate the same results?

8. Please explain why some search terms contain quotation marks while others do not (e.g. Nancy /2 Glick versus Nancy /2 "Brennan").

9. Please confirm that searches containing proximity operators (e.g. /2) are not limited by the order in which the words appear within the search term. Rather, searches using search terms with proximity operators should be bidirectional.

10. Please explain how proximity operators work generally within the Axcelerate system.

11. Are the document counts provided in MSL Ex. D reported on a post-deduplicated basis?

Please see Plaintiffs' list of search terms attached hereto as Exhibit 2, which is aimed at extracting information germane to this case from the custodians' electronic mailboxes. This is a preliminary list, and Plaintiffs reserve the right to amend this list without prejudice as the case progresses.

### III. Search Methods

In your November 18 letter, you describe "subset searches," using combinations of keyword searches and "broad categories of potentially discoverable documents." We are puzzled by your choice to pursue this type of search method, and you offer no explanation regarding how you chose the combinations of keywords searches. Your letter also describes your review of responsiveness but offers no guidance regarding the methodology used in order to define responsiveness. You further describe a "wildcard and/or connectors" search but do not explain how and in what instances you used these tools.

We have the following inquiries regarding MSL's proposed subset searches (MSL Exs. C and E):

12. How did you determine which search terms would be used as the "initial term" as opposed to the "combined with" term in MSL Ex. C?

13. MSL Ex. D contains terms and their syntax, while MSL Ex. C does not. Please explain how this difference affected your searches.

14. Did you structure searches of initial terms and "combined with" terms using the AND Boolean operator? If so, why do combinations of terms when searched in the inverse yield different results? For example, when you searched for the word "training" in combination with the phrase "work/life balance" 1,031 hits were reported. When the search was performed in the inverse order using the same criteria, 1,223 hits were reported.

15. What sampling method did you employ to determine how many of the documents returned by the combination searches in MSL Ex. C to review?

16. Please confirm that the total number of documents you deemed responsive in MSL Ex. D is the same number of documents you categorized in MSL Ex. E. For example, "Vickie" resulted in 292,868 "hits." Of the .55% of "hit" documents already reviewed, you deemed 57.45% to be responsive. Do the 571 documents categorized in MSL Ex. E for "Vickie" equal the same number of documents as the .55% in MSL Ex. D?

17. Please explain how you plan to use the categorization of documents in MSL Ex. E as part of your document review protocol in the Axcelerate system.

18. Are the document counts provided in MSL Ex. E reported on a post-deduplicated basis?

3

*****

As we would like to move this process forward as quickly and cooperatively as possible, we are willing to schedule another call with our respective ESI consultants to discuss these issues further.  Plaintiffs request that MSL provide a list of search term hits from custodians' mailboxes using the attached Exhibits 1 and 2 by Monday, December 5, 2011.  After Plaintiffs receive a list of search term hits, the parties can work together to agree on a final search term and custodian list that will best retrieve the information relevant to this action. We look forward to resolving this issue promptly in order to move forward with discovery.

                                                 Best regards,

                                                 /s/ Janette Wipper

                                                 Janette Wipper

Encls.

## Exhibit 1 – List of Custodians

|    | Last Name       | First Name |
|----|-----------------|------------|
| 1  | Baskin          | Robert     |
| 2  | Beaudoin        | Scott      |
| 3  | Binkowski       | David      |
| 4  | Branam          | Jud        |
| 5  | Brennan         | Nancy      |
| 6  | Bryant          | Steve      |
| 7  | Carberry        | Joseph     |
| 8  | Chamberlain     | David      |
| 9  | Curran          | Joel       |
| 10 | Da Silva Moore  | Monique    |
| 11 | Denker          | Kelly      |
| 12 | Dhillon         | Neil       |
| 13 | Farnham         | Kyle       |
| 14 | Fite            | Vicki      |
| 15 | Fleurot         | Olivier    |
| 16 | Freund          | Merrill    |
| 17 | Gross           | Meghan     |
| 18 | Hass            | Mark       |
| 19 | Hannaford       | Donald     |
| 20 | Harris          | Peter      |
| 21 | Hughes          | Keith      |
| 22 | Hubbard         | Zaneta     |
| 23 | Kolhagen        | Kelly      |
| 24 | Lee             | Don        |
| 25 | Lilien          | Tara       |
| 26 | Lund            | Wendy      |
| 27 | Manning         | Mike       |
| 28 | Masini          | Rita       |
| 29 | Mayers          | Laurie     |
| 30 | Miller          | Peter      |
| 31 | Morsman         | Michael    |
| 32 | O'Donohue       | MaryEllen  |
| 33 | Orr             | Bill       |
| 34 | Perlman         | Carol      |
| 35 | Pierce          | Heather    |
| 36 | Shapiro         | Maurey     |
| 37 | Tsokanos        | Jim        |
| 38 | Wilkinson       | Kate       |
| 39 | Wilson          | Renee      |

**Exhibit 2 – List of Search Terms**

| | | |
|---|---|---|
| adjust OR adjust* | fmla | perform OR perform* |
| advance OR advance* | freeze OR froze* | plan |
| apply OR applied OR application | friedman | pmp |
| | gender | prejudic* |
| approv* | "glass ceiling" | probation OR probation* |
| arens | guy OR guys | promot* |
| assess OR assess* | hall | pregnan* |
| award | harass OR harass* | raise OR raise* |
| baby OR babies | hausler | rationale |
| baker | hire OR hired OR hiring | recruit OR recruit* |
| balance OR balance* | hirson | region OR region* |
| bias OR bias* | hr OR human resources | reject OR reject* |
| bonus | incentive | relocat* |
| boy OR boys | increase OR increase* | remote |
| burgess | investig* | renard |
| caravetta | "jean-michel" OR etienne | reorg*, "re-org", "re-org*" OR restruct* |
| care | johnson | |
| central OR central* | kid OR kid* | resign OR resign* |
| chart | lawsuit OR suit | rogers |
| child OR child* | leader OR leader* | rosen |
| chipman | leave | salar* |
| comp OR compensation | levy | schneidau |
| complain OR complain* | marinelli | select* |
| common | market | sever* |
| commission | matern* | sex OR sex* |
| connor | mathias OR emmerich | showalter |
| critical | merit | single |
| "critical hire" | mcclean or mclean | son |
| daughter | mckenna | sullivan |
| discriminat* | merit | survey |
| divers* | "mission critical" | train OR train* |
| dorsey | mom OR mom* OR mother OR mother* | transfer |
| donaldson | | term OR term* |
| eeoc OR eeo OR "equal employment" | money | trimble |
| | morgan | unfair |
| equit* | nesselrodt | uniform |
| eval* | nominat* | vickery |
| exception | "o'kane" OR okane | wadia |
| fair | one | wage OR wage* |
| falcetti | org* | |
| family | overall | |
| farrell | pattern* | |
| flex OR flex* | pay OR paid | |
| "flight risk" | "part-time" OR "part time" | |

6