C651mooc

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   MONIQUE DA SILVA MOORE, et
     al.,
 4
                    Plaintiffs,
 5
               v.                           11-CV-1279 (ALC)(KNF)
 6
     PUBLICIS GROUPE SA and MSL
 7   GROUP,

 8                  Defendants.             Conference

 9   ------------------------------x
                                            New York, N.Y.
10                                          June 5, 2012
                                            2:40 p.m.
11
     Before:
12
                      HON. ANDREW L. CARTER, JR.,
13
                                            District Judge
14
                            APPEARANCES
15
     SANFORD WITTELS & HEISLER, LLP
16        Attorneys for Plaintiffs
     BY:  STEVEN WITTELS, ESQ.
17        DEEPIKA BAINS, ESQ.

18   MORGAN, LEWIS & BOCKIUS LLP
          Attorneys for Defendant Publicis Groupe SA
19   BY:  KRISSY A. KATZENSTEIN, ESQ.

20   JACKSON LEWIS LLP
          Attorneys for Defendant MSL Group
21   BY:  JEFFREY W. BRECHER, ESQ.
          VICTORIA WOODIN CHAVEY, ESQ.
22

23

24

25
```

C651mooc

1              (In open court; case called)

2              THE CLERK:  Counsel, please state your appearance for

3     the plaintiff.

4              MR. WITTELS:  Steven Wittels, Sanford Wittels &

5     Heisler, for the plaintiffs.  Good afternoon, your Honor.

6              MS. BAINS:  Good afternoon, your Honor.  Deepika

7     Bains, Sanford Wittels & Heisler, for the plaintiffs.

8              THE COURT:  Good afternoon.

9              THE CLERK:  For the defendant?

10             MR. BRECHER:  Good afternoon, your Honor.  Jeffrey

11    Brecher on behalf of MSL Group.

12             MS. WOODIN CHAVEY:  Victoria Chavey on behalf of MSL

13    Group as well.

14             MS. KATZENSTEIN:  Krissy Katzenstein on behalf of

15    Publicis Groupe.

16             THE COURT:  Thanks.  Good afternoon.

17             ALL COUNSEL:  Good afternoon.

18             THE COURT:  Okay.  First, a couple of housekeeping

19    matters.

20             Plaintiffs have filed a motion to withdraw their

21    objection to Judge Peck's denial of the stay of discovery, and

22    defendants don't object to that.  That motion is granted.

23             In addition, the defendants have sought permission to

24    provide supplemental briefing on conditional certification in

25    light of Judge Buchwald's recent decision.  I'm aware of that

C651mooc

1    decision.  Supplemental briefing is not necessary, and that

2    application is denied.

3          I will have a decision on conditional certification

4    and on the filing of the proposed second amended complaint by

5    the end of this month.

6          Let's turn to sealing.  I received and reviewed the

7    parties' submissions.  The protective order in effect certainly

8    contemplates that the documents may be unsealed by order of the

9    court.  The protective order does not need to be modified and I

10   am not modifying it.  I have considered which documents should

11   be unsealed.  I have determined that each of the documents in

12   question here is in fact a judicial document, and since the

13   documents are not being submitted in conjunction with a

14   dispositive motion, the presumption of public access is not a

15   rock solid one, but it is not a meager presumption.  I've

16   weighed the intermediate presumption of public access against

17   the privacy concerns of the defendants, as well as the privacy

18   concerns of third parties, and I've also contemplated how the

19   public's access to these documents might affect judicial

20   efficiency.  Accordingly, I make the following ruling regarding

21   the documents that should be unsealed:

22         Regarding the pay comparison charts, that's document

23   number 135, Exhibit Q, I know the parties have agreed that that

24   should remain under seal, but I feel that the public's rights

25   to the access trumps the parties' agreement there.  That should

C651mooc

1   be unsealed, but the parties should redact the names of the

2   employees.

3            The MSL chart of individual salaries, document

4   number 119-5, Exhibit 14, should also be unsealed, but the

5   names of the employees should also be redacted.

6            Regarding the job code data dictionary, document

7   number 135, Exhibit R, that document should be unsealed.

8            Regarding the MSL job hierarchy, document

9   number 119-1, Exhibit 1, that should be unsealed.  I have not

10   seen that document.  If there are names of employees in that

11   document, the names of the employees should be redacted.

12            Regarding the Janus book, document 135, Exhibit D,

13   Exhibit D should be unsealed.  I know that the plaintiffs are

14   seeking that the entire Janus book be unsealed.  I have not

15   seen the entire Janus book.  I've only seen what's been

16   attached as Exhibit D, so I can't make a ruling on that, and I

17   know the entire Janus book hasn't been submitted, but we can

18   deal with that at another date if the plaintiffs still wish to

19   unseal the entire Janus book.  But Exhibit D should be

20   unsealed.

21            The pay for performance guide, document 135, Exhibit

22   F, that document should be unsealed.

23            The performance management program presentation,

24   document number 135, Exhibit K, that document should be

25   unsealed.

C651mooc

1           And again, if I didn't mention, that pay for

2   performance guide is document number 135, Exhibit F.

3           The promotion recommendation process, document

4   number 135, Exhibit L, should be unsealed.

5           The salary banner data, document number 135, Exhibit

6   I, document number 119-2, Exhibit 6, should be unsealed, and

7   the recommended ranges should be redacted.

8           Regarding the 2011 Council of Public Relations Firms

9   Metro Compensation Survey, document number 135, Exhibit G, that

10  document should remain under seal.

11          Regarding the 2010 Mercer Global Compensation Survey,

12  document number 135, Exhibit H, that document should remain

13  under seal.

14          Regarding the job description, document number 135,

15  Exhibit J, that document should be unsealed.

16          Regarding the MSL organizational chart, document

17  number 119-5, Exhibit 15, those charts should be unsealed, but

18  the names of the employees should be redacted.

19          The HR complaint referenced in the proposed second

20  amended complaint, as I've indicated, I haven't made a decision

21  about the propriety of allowing the plaintiffs to file the

22  second amended complaint.  So I'll rule on whether or not this

23  should be under seal.  If I allow the plaintiff to file the

24  proposed second amended complaint, the portion of the proposed

25  second amended complaint in question, paragraphs 44 through 45,

C651mooc

 1   should be unsealed.  Obviously, if the plaintiffs are not

 2   allowed to file the proposed second amended complaint, then

 3   that issue is moot.

 4        Okay.  So the parties should speak to the clerk's

 5   office and ECF to try to comport my rulings with what's on ECF

 6   so we can try to keep the docket neat and orderly.

 7        Is there anything else from counsel today?  Anything

 8   else from plaintiff's counsel today?

 9        MR. WITTELS:  Your Honor, thank you, yes, a few brief

10   items.

11        There are over 5300 other documents that the

12   defendants have marked confidential that we think fall within

13   the bulk of the rulings you made that should be unsealed.  We

14   don't think it's time efficient or this court should be

15   burdened with going through all 5300 documents.  We'd like the

16   defendants to articulate why they did a wholesale, you know,

17   confidentiality designation of documents that really are not

18   proprietary; they don't have any confidential information.  We

19   certainly would go with your Honor's solution with respect to

20   redacting names if there are salaried items.  We agree that

21   should be kept confidential.  But to willy nilly designate we

22   think is inappropriate.  We'd like to know, should we just

23   challenge defendants to -- on all of those designations and

24   bring it to a motion, or do you want -- do you have another

25   alternative way, mechanism?

C651mooc

1          THE COURT:  Well, the 5300 documents that you're

2     talking about, what we're dealing with are the documents that

3     would be filed publicly.  What the parties want to label

4     confidential amongst themselves, again, we can deal with that

5     at another point, but my assumption would be that you don't

6     wish to file all 5300 documents in conjunction with the motion,

7     or do you?

8          MR. WITTELS:  No.  But there will be apparently --

9     this gets to the second point.  There's another dispositive

10    motion that apparently Publicis will be making to which they

11    will undoubtedly attach some documents.  We will respond.

12    We'll be in the same boat of having to seal documents.  We just

13    don't want to go through the process every time.  It's never

14    been in a case where every time you have a motion, you have to

15    do it under seal.

16          THE COURT:  Okay.  So what is your suggestion?

17          MR. WITTELS:  Well, I'd like them to articulate -- I

18    just think that there was no forethought that went into the

19    designation of documents.  They just stamped everything

20    confidential.  They have to articulate some basis.  I'd like

21    the defendants to really be put to the test of articulating

22    what they really want to remain confidential so we can either

23    disagree or not disagree and then bring the dispute to your

24    Honor, because we don't know which documents will have to be

25    brought into court on a motion subsequently, if the case does

C651mooc

```
 1    go forward, and as your Honor pointed out when we wanted to
 2    keep certain declarations under file, sooner or later they will
 3    become public.  So we're asking the defendants now to
 4    articulate the basis for designating the documents confidential
 5    and then we can work it out amongst ourselves instead of having
 6    to go before your Honor.  The remaining ones would go before
 7    your Honor.
 8              THE COURT:  Okay.  Let me hear from defendant.
 9              MR. BRECHER:  Thank you, your Honor.
10              There's a completely different standard that applies
11    to documents that are being filed in a dispositive motion
12    versus documents that are just being exchanged for purposes of
13    discovery.  There is absolutely no presumption of access,
14    according to the Second Circuit, with respect to those kind of
15    documents.  The documents were not marked willy nilly
16    confidential.  As you can imagine that when you're dealing with
17    a public relations firm who has many clients, there are a lot
18    of internal documents that need to be marked confidential, and
19    there's no need to have those just -- you know, the
20    confidentiality stripped just because the plaintiffs filed a
21    lawsuit.
22              There is a procedure set forth in a stipulation of
23    confidentiality that was so ordered by Judge Peck that sets
24    forth the procedure that should follow if you believe that the
25    designation is incorrect.  So my suggestion would be, if you're
```

C651mooc

```
 1    going to file a dispositive motion or -- and you need a

 2    document in order to do so, let us know first, let us confer,

 3    and then if we can't agree, we can say to the court, you know,

 4    five days before the filing, we've met and conferred, here's a

 5    list of documents that we weren't able to agree with, we'd

 6    request a ruling on those documents.

 7              THE COURT:  Okay.  Thank you.

 8              Anything else from plaintiff?

 9              MR. WITTELS:  Well, here's one of the problems, your

10    Honor.  The time frame for a lot of these motions was

11    expedited.  Judge Peck ordered certain deadlines to be moved

12    back.  For example, the deadline now is -- I think it's

13    June 18th.  There's a 21-day provision I think in the

14    protective order for us to say which documents shouldn't be,

15    which we challenge.  Now we won't know, out of 5300

16    necessarily -- we could identify some that we want to use, but

17    then there will be 21 days -- there won't be time to have that

18    resolved certainly on this motion as to any disputed documents

19    except by, again, bringing it to your Honor, so there will be

20    more sealings on this motion.

21              I agree, a party has a right to mark a document

22    confidential, but there has to be some basis.  As you can see

23    from most of the documents that were marked, there isn't really

24    a basis for why.  Policy documents, documents that don't

25    affect -- have any proprietary reasons should not be kept
```

C651mooc

1    confidential.  So there is a strong presumption in documents,

2    you know, not being -- being shown to the public, and that's

3    what we're arguing for here.  So I don't know that defendants

4    have really proposed a solution that works other than we get

5    into now every motion we're going to end up having this

6    back-and-forth.

7              THE COURT:  I think that's kind of the process that

8    we're going to be left with.  There is a distinction between

9    the parties marking documents confidential so that one side

10   doesn't run out and have a press conference and start talking

11   about the document as opposed to judicial documents, documents

12   that are filed in conjunction with a motion, for conditional

13   certification or dispositive motion or whatever that motion may

14   be.  I understand your concern, but a lot of these things we

15   really can't do preemptively.  Once a dispositive motion is

16   filed, you'll have a better sense of what your response to that

17   motion will be, you'll have a better sense of what documents

18   you want to introduce.  Again, my hope would be that the

19   parties would not need to attach 5300 documents in a

20   dispositive motion or any other motion.

21             So I understand your concern.  Your concern is the

22   public's right to have access to these documents.  I'm

23   certainly very concerned with that.  But again, that happens

24   once these documents are being used as judicial documents.

25   Right now that's a little bit preemptive, so we'll have to

C651mooc

```
 1   wait, cross that bridge when we get to it, unfortunately.

 2            MR. WITTELS:  All right.  Well, your Honor, one other

 3   item is, we are deposing tomorrow on the jurisdictional

 4   question a high executive from Publicis.  Now last week we got

 5   an e-mail from defense counsel saying, "We want you to know

 6   that we are only producing this witness once."  Why this has

 7   now devolved into what has become a dispute is that we've

 8   objected to Magistrate Peck's ruling on -- limiting our

 9   jurisdictional discovery, and if your Honor -- and I don't want

10   to get into a preemptive sort of argument situation, but the

11   problem is, if your Honor agrees that we were too limited in

12   the scope of what we were able to obtain from the

13   jurisdictional perspective in terms of discovery, then we might

14   very well need to bring this witness back or seek additional

15   documents from him or further discovery from him.  So we would

16   like your Honor's guidance on this to tell us that if there is

17   a ruling down the road here that opens up further

18   jurisdictional discovery, that we not be bound by defendants'

19   argument that, well, you had only one chance to depose this

20   witness.

21            The only other alternative would be to ask the court

22   to stay jurisdictional discovery until that motion is heard on

23   the jurisdictional discovery and then we can have full inquiry

24   into -- do depositions in discovery and the briefing would be

25   fully ripe.  That would be the only way around that.
```

C651mooc

```
1              Your Honor is aware that Judge Peck had stayed the
2    discovery in great part because of the upcoming motion and what
3    might devolve, given your Honor's ruling on certification
4    issues.  So we're in the same sort of boat here, is what I'm
5    trying to get across, and we just don't want to be prejudiced
6    as a plaintiff by defendants' position, which we disagree with,
7    that we only can depose this witness once.  If discovery -- if
8    your Honor takes a different position on the jurisdictional
9    objection we made to Judge Peck's ruling, then we believe that
10   would not be the case.
11             So without asking for preemptive ruling, I'm asking
12   that your Honor rule that there is no ruling here, defendants'
13   position that there's only one bite at the apple or one bite at
14   a witness is not law or is not subject to any type of order.
15             THE COURT:  I'm not sure I'm understanding what it is
16   you're asking me to do.  You say you don't want me to make a
17   preemptive ruling, but that sort of sounds like what you're
18   asking me to do.
19             What is it you're concerned about?  You're concerned
20   because the defendants have told you that you get one shot, and
21   you're saying because the defendants have said this to you,
22   you're concerned that because the defendants have said that,
23   that Judge Peck won't listen to anything you have to say and I
24   won't listen to anything that you have to say, that the
25   defendants, in a sense, can overrule preemptively Judge Peck
```

C651mooc

1    and myself?  Is that what your concern is?

2              MR. WITTELS:  We are concerned by that in the sense

3    that the defendants have already said in their e-mail, "Well,

4    Judge Peck ordered you to have only one -- one opportunity."

5    That's the position they're taking.  And we just want to know

6    and have it clear that our position is, if your Honor ruled

7    that jurisdictional discovery was limited improperly and we're

8    entitled to get more discovery, that then the defendants should

9    not be able to stand on the argument they made Friday or here

10   in court that we only got one bite at their witness.

11             THE COURT:  Okay.  I don't think it's necessary for me

12   to make that ruling, if I'm understanding you properly, but let

13   me hear from defense counsel on that.

14             MS. KATZENSTEIN:  We would just note that in Judge

15   Sullivan's original jurisdictional discovery order which

16   granted limited discovery, there was one 30(b)(6) deposition

17   permitted under that order.  In that case -- or in that order

18   the judge cited a case from the Second Circuit where the Second

19   Circuit held jurisdictional discovery was inappropriate.  We

20   believe under that framework that Judge Peck's ruling was

21   appropriate in terms of putting reasonable restrictions on

22   discovery, so we think that -- we're confident that would be

23   affirmed, but to the extent there are any changes, at this

24   point it is entirely premature, given that we don't know

25   whether any of those changes would affect whether a witness is

C651mooc

1   needed for a second time.

2          Additionally, I would just note that it is extremely

3   burdensome for us to have a high executive from Publicis fly

4   over from Paris for the deposition.  Plaintiffs have known our

5   position on all three of the issues that Judge Peck ruled on

6   since January, so it's kind of been the fact that it was only

7   brought to Judge Peck's attention during a hearing on the

8   14th and then objections not being filed until the 29th

9   that have put us in the position where we now find ourselves.

10          THE COURT:  Okay.  Let me hear from plaintiff's

11   counsel.

12          MR. WITTELS:  Your Honor, I understand your Honor's

13   reluctance to make a preemptive ruling.  However, one thing

14   warrants more clarification, which is that the witness they're

15   bringing over was here in New York, not for a deposition but

16   for another business reason.  We agreed to depose him when

17   defendants suggested and told us that he'll be here.  So it's

18   not that they brought him over solely for the deposition from

19   Paris.

20          But secondly, defendants we believe, again, are trying

21   to get a preemptive ruling in effect by telling us, "You can't

22   bring -- we won't bring our witness back."  So we just want to

23   know from the court -- have some guidance that there is no

24   ruling in effect, that while defendants say there was limited

25   discovery, that should be determined by your Honor through a

C651mooc

1    ruling on the objection to what the definition of "limited" is.

2    So we believe there's certain information we need, we need to

3    have certain broad-ranging questions of the 30(b)(6) witness

4    they're going to bring to court, because the law on

5    jurisdictional discovery says there's many ways you can show

6    it, and that means to inquire into the subsidiaries that

7    Publicis has, and the interrelationships.  So we're just asking

8    the court for some guidance, and if your Honor's guidance is

9    that, "Well, there is no ruling, we'll take it -- take it up

10   when I've made my ruling on the jurisdictional motion," then

11   that's fine.

12       THE COURT:  What is your concern about what is going

13   to happen tomorrow or what is not going to happen tomorrow?

14       MR. WITTELS:  Well, I'm concerned that we'll hear

15   objections as well from the defendants about certain questions

16   we ask that will suddenly fall to their position that, "Well,

17   Judge Peck said you couldn't ask about that," or, "That wasn't

18   within the scope of discovery," and then we'll be bound --

19   we'll be forced into obviously, I guess, moving to compel

20   further depositions.  That's one concern.

21       And our second concern is that, again, if your Honor

22   rules on the jurisdictional motion that Judge Peck was too

23   limited in what he granted us, we be allowed to bring the

24   witness back in that circumstance.  That's what we're concerned

25   about.

C651mooc

```
 1            THE COURT:  Okay.  That last part, would you explain
 2    that to me again, what the concern is.  You're saying,
 3    hypothetically speaking --
 4            MR. WITTELS:  Yes.
 5            THE COURT:  -- if I were to rule that Judge Peck's
 6    ruling was too limited --
 7            MR. WITTELS:  Right.
 8            THE COURT:  -- and if you get another opportunity to
 9    depose this witness, or that his ruling was too limited in
10    terms of discovery --
11            MR. WITTELS:  Yes.
12            THE COURT:  -- you're concerned about what?  If I were
13    to do that, what is your concern then?
14            MR. WITTELS:  That defendants -- that defendants have
15    now put on -- stated in here again on the record, "We won't
16    bring our witness back."  That's our concern.  That because we
17    went forward tomorrow, that we somehow waived our rights to
18    have further questioning of that witness, the one 30(b)(6).
19    That's our concern.  That we are somehow waiving an objection
20    by going forward.  That's what defendants seem to be
21    suggesting:  "You go forward with the deposition tomorrow,
22    you're waiving your right to get further discovery from that
23    witness."
24            THE COURT:  Is that what the defendants' position is?
25            MS. KATZENSTEIN:  I think defendants' position is that
```

C651mooc

1    as a practical matter, we have our witness here, we have Judge

2    Peck's ruling.  We will be presenting the witness who is able

3    to testify in accordance with those rulings.  Discovery is set

4    to close on this issue on June 18th, with a dispositive

5    motion on that date.  So we're, you know, cognizant of that,

6    and it's, you know, practically not possible for this witness

7    to come back to New York in that period, and I would just note,

8    we had originally had it set to be in Paris and had agreed to

9    present Mr. Etienne (ph) in New York while he is here.

10           THE COURT:  All right.  I'm not going to make any

11    ruling on this.  Again, it seems that you're asking for some

12    sort of preemptive ruling that deals with all sorts of

13    hypothetical contingencies which have not yet happened.  You

14    don't know what's going to happen tomorrow.  I don't know.

15    Perhaps you may be more satisfied with the deposition than you

16    think; perhaps you will not.  But we'll cross that bridge as we

17    get to it.

18           Anything else from plaintiffs?

19           MR. WITTELS:  May I defer to my colleague Deepika

20    Bains on two other issues?

21           MS. BAINS:  Your Honor, we have two other objections

22    in front of the court that have filings under seal, so can we

23    deal with those today or are we going -- is the procedure going

24    to be briefing every time a document is filed under seal?  We

25    filed it under seal to comply with the confidentiality

C651mooc

1    agreement, but we do not believe that the document should be

2    filed under seal -- remain under seal.

3              THE COURT:  Okay.  Defendants have notice of this?

4              MS. BAINS:  Yes.  It's the motion, the 5/7 --

5    objections to the 5/7 ruling and the objections to the 5/14

6    ruling.

7              THE COURT:  Okay.  Do defendants have any position on

8    that?

9              MR. BRECHER:  Yes, Judge.  We weren't prepared today,

10   obviously, to talk about those two motions since it wasn't a

11   topic of discussion.  I vaguely recall that on the objections

12   to the May 7th order of Judge Carter, I think they filed one

13   single document under seal.  I believe it's an e-mail that was

14   exchanged during discovery and propriety of that e-mail being

15   included, that we filed our response to the objection

16   yesterday.  As I recall, it's an e-mail that has the name of

17   the employee and it has their salary information on it.  So in

18   accordance with your rulings earlier today, I would think that

19   consistent with those, we can redact the name of the employee

20   as well as the salary information and then I think that it

21   would be okay to file that in a redacted form.

22             THE COURT:  Let's do this.  I'm not going to rule on

23   that today.  Let's give the parties a chance to speak with each

24   other, give me a joint status report within a week, let me know

25   if the parties have been able to reach an agreement.  It very

C651mooc

1   well may be that the parties will be able to reach an

2   agreement.  And I'll let the parties know that I will try to

3   keep all of my rulings regarding public access to these

4   documents consistent.  So it would appear that that would be

5   consistent with my prior rulings.  Again, I don't have those

6   documents in front of me and I can't make a determination now.

7           MR. BRECHER:  Thank you, your Honor.  There was no

8   meet-and-confer before that was filed so we weren't able to

9   resolve that.

10          I just have a couple other things on the documents

11  that you --

12          THE COURT:  Hold on just a second.

13          MR. BRECHER:  Oh, yeah.

14          THE COURT:  Are plaintiffs finished?

15          MS. BAINS:  No.  We'll confer with respect to the

16  documents attached to both motions.

17          THE COURT:  Okay.  Thanks.  So let's have the parties

18  file that joint status report on June the 12th.

19          Okay.

20          MR. BRECHER:  Thank you, your Honor.  When you were

21  going through the documents that had been filed under seal,

22  there was one other document that defendants, MSL Group, filed

23  under seal, and that was the expert report of John Johnson.

24  That was Exhibit 13.  I don't believe there's a dispute between

25  the parties about that document being filed under seal, but

C651mooc

1    I -- that's the only remaining document.  It was Exhibit 13

2    in -- I believe it was -- the docket entry was 119, and it's

3    the expert report.  It has all of the salary information of all

4    the employees and the names of all the employees with their

5    salaries.  So perhaps we could file that in a redacted form,

6    again, taking out the names and taking out the salaries, and we

7    can report on that at the same time as the joint status report

8    on the 12th, if that's acceptable to the court.

9          THE COURT:  That's fine.  Hold on just a second.

10         Okay.  Yes.  Why don't you file that also on the

11   12th.  But again, my rulings before were that the employees'

12   names would be redacted; not the salary, the employees' names.

13         MR. BRECHER:  Okay.  Thank you, your Honor.  And I

14   just want to make sure I understood your ruling on the second

15   amended complaint, those two paragraphs.  I know you said you

16   haven't ruled on that motion, obviously.  So is that going to

17   be basically stayed where it is until you make a ruling, or

18   should that be filed in unredacted format even pending the

19   ruling?  I wasn't clear on what your ruling was.

20         THE COURT:  We can hold off on that until I make a

21   ruling, which, again, will happen at the end of this month.

22         MR. BRECHER:  Thank you.

23         And lastly, on the organizational chart, you had asked

24   us to redact the names of the individuals.  May we also redact

25   the names of the clients; for example, Bayer or some other

C651mooc

1    client?

2              THE COURT:  No.  The names of the clients will stay.

3              MR. BRECHER:  Thank you, your Honor.

4              THE COURT:  Okay.

5              MS. BAINS:  Your Honor, just responding briefly about

6    Dr. Johnson's expert report, we'll agree to redact the names on

7    those, but otherwise we don't think anything else should be --

8    remain under seal, so if the defendants are representing that

9    they're okay with that too, we can resolve that now.

10             THE COURT:  Okay.  That's fine.  I'll let the parties

11   think about it and give me the joint status report next week,

12   or give me a status report before that if you wish.

13             Anything else from defendants?

14             MR. BRECHER:  That's it, your Honor.  Thank you.

15             MS. KATZENSTEIN:  No, your Honor.

16             THE COURT:  Plaintiff's counsel?

17             MR. WITTELS:  No, your Honor.  Thank you.

18             THE COURT:  All right.  Thank you very much.

19                              o0o

20             THE COURT:  One more thing, actually.  Sorry about

21   that.  My clerk just brought something to my attention.

22             Actually, for the proposed second amended complaint,

23   if that has already been filed, the parties should go ahead and

24   that should be unredacted, the version that's already been

25   filed on the docket.  Again, I haven't made a ruling as to

C651mooc

1    whether or not the plaintiffs may actually officially file the

2    second amended complaint, but what's been attached already in

3    their moving papers, that version should be unredacted as to

4    paragraphs 44 and 45.  Okay?

5             ALL COUNSEL:  Thank you, your Honor.

6             THE COURT:  All right.  Thank you.

7             And again, make sure you speak to the clerk's office

8    and ECF to comport the documents with my rulings.

9                                o0o

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25