UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
**Monique Da Silva Moore**; **Maryellen O'Donohue**; **Laurie Mayers**; **Heather Pierce**; **Katherine Wilkinson**, and **Zaneta Hubbard**, on behalf of themselves and all others similarly situated,

        Plaintiffs,

        - against -

**Publicis Groupe SA and MSLGroup**,

        Defendants.
---------------------------------------------------------X

11 Civ. 1279 (ALC) (AJP)

**Order**

**ANDREW L. CARTER, JR., United States District Judge:**

    On November 28, 2011, the Court referred the case to designated Magistrate Judge Andrew J. Peck for supervision of pretrial proceedings, recognizing the need for prompt and thorough case management in view of the action's multiple parties, complexity of issues and the extraordinary relief demanded.

    On April 13, 2012, Plaintiffs moved, pursuant to 28 U.S.C. § 455(a), for recusal of the Magistrate Judge. Section 455(a) provides that "[a]ny ... judge ... of the United States shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned." 28 U.S.C.A. § 455(a) (West 1993). "[T]his test deals exclusively with appearances. Its purpose is the protection of the public's confidence in the impartiality of the judiciary." United States v. Amico, 486 F.3d 764, 775 (2d Cir. 2007). As the Second Circuit has explained, "the test of impartiality is what a reasonable person, knowing and understanding all the facts and

1

circumstances, would believe." In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1308 (2d Cir. 1988).

The Second Circuit has further stated, however, that "[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." Id. at 1312. Therefore, "the grounds asserted in a recusal motion must be scrutinized with care." Aguinda v. Texaco, Inc. (In re Aguinda), 241 F.3d 194, 201 (2d Cir. 2001). "[W]here the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited." Id.

"The district judge has discretion in the first instance to determine whether to disqualify himself...." In re Basciano, 542 F.3d 950, 956 (2d Cir. 2008) (internal quotation marks and citations omitted). This discretion is subject to review only for abuse. Id. "The judge to whom a recusal motion is addressed is presumed to be impartial ... and there is a substantial burden on the moving party to show that the judge is not impartial." Burgie v. Euro Brokers, Inc., No. 05 Civ. 0968, 2007 WL 669608, at *1 (E.D.N.Y. Feb. 28, 2007) (citation and quotation marks omitted). Recusal is particularly burdensome "where the request for disqualification was not made at the threshold of the litigation and the judge has acquired a valuable background of experience.'" Nat'l Auto Brokers Corp. v. Gen. Motors Corp., 572 F.2d 953, 958 (2d Cir.1978), cert. denied, 439 U.S. 1072, 99 S.Ct. 844, 59 L.Ed.2d 38 (1979). Eleven months of discovery have accumulated since Magistrate Judge Peck's first conference on December 2, 2011.

The relevant inquiry is "'would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal.'" Diamondstone, 148 F.3d at 121 (quoting Lovaglia, 954 F.2d at 815); see also In re Basciano, 542 F.3d 950, 956 (2d Cir. 2008). Recusal is not warranted "on the basis of 'remote, contingent, indirect or speculative interests.'" Diamondstone, 148 F.3d at 121 (quoting United States v.

2

Thompson, 76 F.3d 442, 451 (2d Cir. 1996)1; see also United States v. Morrison, 153 F.3d 34, 48 (2d Cir. 1998); Drexel, 861 F.2d at 1313.

By Order dated June 15, 2012, Magistrate Judge Peck denied the recusal motion. On June 29, Plaintiffs filed a Rule 72(A) objection to the Magistrate's June 15, 2012 Opinion and Order (Docket No. 251) for an order requiring recusal of the Magistrate Judge from his designation.

The Court has reviewed and considered Plaintiffs' Motion for Recusal or Disqualification and exhibits thereto, Defendant MSL's Opposition Motion and exhibits thereto, Plaintiffs' Reply and exhibits thereto, all correspondence and transcripts of the proceedings before Magistrate Judge Peck on the record of this matter, Magistrate Judge Peck's pertinent rulings, and Plaintiffs' Rule 72(A) Objection to the Magistrate's Opinion and Order. On the basis of this Court's review of the entire record, the Court is not persuaded that sufficient cause exists to warrant Magistrate Judge Peck's disqualification.

The recusal decision requires that the district court carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his expected adverse decisions. In re Basciano, 542 F.3d 950, 956 (2d Cir. 2008). At the April 25 discovery conference, Plaintiffs raised the recusal motion only after Magistrate Judge Peck denied Plaintiffs' request to stay discovery until this Court ruled on their pending motions to further amend their complaint and for FLSA collective action certification. (4/25/12 Conf. Tr. at 2-3; 13.)

Judge Peck is known as "one of this Court's experts in e-discovery." National Day Laborer Organizing Network v. U.S. Immigration and Customs Enforcement Agency, 2012 WL 2878130, 11 (S.D.N.Y. 2012). Here, it is undisputed that the parties agreed to defendants' use of predictive coding and only disagreed on the scope and implementation. (1/4/12 Conf. Tr. at 51.)

3

Predictive coding does not inherently favor one party over the other in this case. Judge Peck's decision accepting computer-assisted review, reached upon consideration of the applicable law, was not influenced by bias, nor did it create any appearance of bias. See Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); Chen v. Chen Qualified Settlement Fund, 552 F.3d 218, 227 (2d Cir.2009) ("Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality.")

Disagreement or dissatisfaction with Magistrate Judge Peck's rulings is not enough to succeed here. See Chevron Corp. v. Donziger, 783 F.Supp.2d 713, 723 (S.D.N.Y. 2011). An adversary system inherently has one side that wins and another that loses. United States v. Awadallah, 436 F.3d 125, 137 (2d Cir. 2006). "If losses compromised the appearance of justice, this system would grind to a halt." Id.

Even if short-tempered, manifestations of frustration, annoyance and even anger on the part of judges are not sufficient to disqualify a judge from a case because they are not necessarily wrongful or inappropriate, indeed, at times they may be called for or understandable. Teachers4Action v. Bloomberg, 552 F.Supp.2d 414 (S.D.N.Y. 2008).

A disinterested observer fully informed of the facts in this case would find no basis for recusal. The Court perceives expressions of annoyance, frustration or anger grounded largely on the Magistrate Judge's dissatisfaction with certain actions of Plaintiffs' counsel in the incidents Plaintiffs rely upon to charge improper appearance of partiality. Moreover, Judge Peck's participation in CLE conferences and his relationship to an attorney in the defendant's firm do not warrant recusal.

Viewing the record in its total context, the Court finds that Magistrate Judge Peck's conduct falls within the proper bounds of judicial conduct. His denial of Plaintiffs' recusal motion is consistent with the interests of judicial economy and the administration of justice. Accordingly, Plaintiffs' motion is DENIED. Defendant's request for attorney's fees and costs incurred in filing the opposition to recusal is DENIED.

Dated: New York, New York
November 7, 2012

SO ORDERED.

Andrew L. Carter, Jr.
United States District Judge