**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MONIQUE DA SILVA MOORE, ) <br> MARYELLEN O'DONOHUE, LAURIE ) <br> MAYERS, HEATHER PIERCE, and ) <br> KATHERINE WILKINSON on behalf of ) <br> themselves and all others similarly-situated, ) <br> ) <br>        Plaintiffs, ) <br> ) <br>    v. ) <br> ) <br> PUBLICIS GROUPE SA and MSLGROUP, ) <br> ) <br>        Defendants. ) <br> ) | Civ. No.: 11-cv-1279 (ALC) (AJP) |


**DEFENDANT PUBLICIS GROUPE SA'S ANSWER TO PLAINTIFFS'**
**SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

## ANSWER

Defendant Publicis Groupe SA ("Publicis" or "Defendant"), by its attorneys, Morgan, Lewis & Bockius LLP, answers Plaintiffs' Second Amended Class and Collective Action Complaint dated July 9, 2012 (hereinafter the "SAC") as follows:

## AS TO "INTRODUCTION"

1.      Publicis admits that it is a holding company and considered to be the world's third largest advertising and media conglomerate.  Publicis denies the remaining allegations contained in Paragraph 1 of the SAC.

2.      Publicis denies the allegations contained in Paragraph 2 of the SAC.

3.      Publicis denies the allegations contained in Paragraph 3 of the SAC.

4.      Publicis denies the allegations contained in Paragraph 4 of the SAC.

5.      Publicis denies the allegations contained in Paragraph 5 of the SAC.

6.      Publicis denies the allegations contained in Paragraph 6 of the SAC.

7.      Publicis denies the allegations contained in Paragraph 7 of the SAC.

8.      Publicis denies the allegations contained in Paragraph 8 of the SAC.

## AS TO "OVERVIEW OF THE CLASS-WIDE GENDER DISCRIMINATION AT PUBLICIS"

### As to "Publicis's Male Management Team"

9.      Publicis admits that the referenced document speaks for itself.  Publicis denies the remaining allegations contained in Paragraph 9 of the SAC.

10.     Publicis admits that it has a Management Board composed of five members whose identities are as alleged.  Publicis denies the remaining allegations contained in Paragraph 10 of the SAC.

11.     Publicis admits that the current members of the Management Board are also members of its P12 Executive Committee.  Publicis denies the remaining allegations contained in Paragraph 11 of the SAC.

12.     Publicis admits that Mathias Emmerich is a member of the P12, serves as Senior Vice President and General Secretary of Publicis, and has responsibilities that include Internal Audit and Human Resources.  Publicis denies the remaining allegations contained in Paragraph 12 of the SAC.

13.     Publicis denies the allegations contained in Paragraph 13 of the SAC.

### As to "MSLGROUP's Male Management Team"

14.     Publicis denies the allegations contained in Paragraph 14 of the SAC.

15.     Publicis denies the allegations contained in Paragraph 15 of the SAC.

### As to "MSL Americas' Male Executive Team"

16.     Publicis denies the allegations contained in Paragraph 16 of the SAC.

17.     Publicis denies the allegations contained in Paragraph 17 of the SAC.

### As to "Five Male Executives' Unfettered Power Over Employment Decisions at MSL: *Publicis's Global Employment Manual: Janus, The Book*"

18.     Publicis denies the allegations contained in Paragraph 18 of the SAC.

19.     Publicis denies the allegations contained in Paragraph 19 of the SAC.

20.     Publicis admits that the Janus Book speaks for itself.  Publicis denies the remaining allegations contained in Paragraph 20 of the SAC.

21.     Publicis admits that the Janus Book speaks for itself.  Publicis denies the remaining allegations contained in Paragraph 21 of the SAC.

22.     Publicis admits that the Janus Book speaks for itself.  Publicis denies the remaining allegations contained in Paragraph 22 of the SAC.

23.     Publicis denies the allegations contained in Paragraph 23 of the SAC.

24.     Publicis admits that the Janus Book speaks for itself.   Publicis denies the remaining allegations contained in Paragraph 24 of the SAC.

### As to "Publicis's Global Hiring and Salary Freeze, and Exceptions to the Freeze (2008 – 2011)"

25.     Publicis admits that in 2008, as a means of overseeing major financial decisions of its subsidiaries in the midst of worldwide financial crisis, it instituted a salary and hiring freeze that applied to MSLGROUP.   Publicis denies the remaining allegations contained in Paragraph 25 of the SAC.

26.     Publicis admits that during the salary and hiring freeze, MSLGROUP was required to obtain approval from Jean-Michel Etienne and/or Mathias Emmerich before implementing a proposed hiring or compensation decision.   Publicis denies the remaining allegations contained in Paragraph 26 of the SAC.

27.     Publicis admits that Jean-Michel Etienne and/or Mathias Emmerich evaluated MSLGROUP's proposed hiring and compensation decisions during the salary and hiring freeze. Publicis further admits that when proposing a hiring or compensation decision, MSLGROUP was required to provide an employee-specific justification for the decision.   Publicis denies the remaining allegations contained in Paragraph 27 of the SAC.

28.     Publicis denies the allegations contained in Paragraph 28 of the SAC.

29.     Publicis denies the allegations contained in Paragraph 29 of the SAC.

30.     Publicis denies the allegations contained in Paragraph 30 of the SAC.

### As to "MSL's Common Employment Policies and Practices and Centralized  Decisionmaking"

31.     Publicis admits that the Janus Book speaks for itself.   Publicis denies the remaining allegations contained in Paragraph 31 of the SAC.

32.     Publicis denies the allegations contained in Paragraph 32 of the SAC.

33.     Publicis denies the allegations contained in Paragraph 33 of the SAC.

34.     Publicis admits that the cited document speaks for itself.  Publicis denies the remaining allegations contained in Paragraph 34 of the SAC.

35.     Publicis admits that the cited document speaks for itself.  Publicis denies the remaining allegations contained in Paragraph 35 of the SAC.

36.     Publicis denies the allegations contained in Paragraph 36 of the SAC.

37.     Publicis admits that the cited document speaks for itself.  Publicis denies the remaining allegations contained in Paragraph 37 of the SAC.

38.     Publicis admits that the cited document speaks for itself.  Publicis denies the remaining allegations contained in Paragraph 38 of the SAC.

39.     Publicis denies the allegations contained in Paragraph 39 of the SAC.

### As to "MSL's Common Public Relations Professional Career Track"

40.     Publicis denies the allegations contained in Paragraph 40 of the SAC.

41.     Publicis denies the allegations contained in Paragraph 41 of the SAC.

42.     Publicis denies the allegations contained in Paragraph 42 of the SAC.

### As to "'*That's Just Jim, You Know How He Is*': MSL's Deliberate Indifference to Discrimination in the Workplace"

43.     Publicis denies the allegations contained in Paragraph 43 of the SAC.

44.     Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the SAC and, therefore, denies the same.

45.     Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the SAC and, therefore, denies the same.

46.     Publicis denies the allegations contained in Paragraph 46 of the SAC.

47.     Publicis denies the allegations contained in Paragraph 47 of the SAC.

48.     Publicis denies the allegations contained in Paragraph 48 of the SAC.

49.     Publicis denies the allegations contained in Paragraph 49 of the SAC.

50.     Publicis denies the allegations contained in Paragraph 50 of the SAC.

51.     Publicis denies the allegations contained in Paragraph 51 of the SAC.

52.     Publicis denies the allegations contained in Paragraph 52 of the SAC.

53.     Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the SAC and, therefore, denies the same.

54.     Publicis denies the allegations contained in Paragraph 54 of the SAC.

55.     Publicis denies the allegations contained in Paragraph 55 of the SAC.

56.     Publicis denies the allegations contained in Paragraph 56 of the SAC.

57.     Publicis denies the allegations contained in Paragraph 57 of the SAC.

58.     Publicis admits that Plaintiffs purport to bring their claims individually and on behalf of a class.  Publicis denies Plaintiffs' claims, denies that class treatment is proper, and denies the remaining allegations contained in Paragraph 58 of the SAC.

59.     Publicis denies the allegations contained in Paragraph 59 of the SAC.

### AS TO "JURISDICTION AND VENUE"

60.     Publicis admit that Plaintiffs purport to bring the stated claims.  Publicis denies the remaining allegations contained in Paragraph 60 of the SAC.

61.     Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the SAC and, therefore, denies the same.

62.     Publicis denies the allegations contained in Paragraph 62 of the SAC.

63.     Publicis denies the allegations contained in Paragraph 63 of the SAC.

### AS TO "THE PARTIES"

64.     Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the SAC and, therefore, denies the same.

65.     Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the SAC and, therefore, denies the same.

66.     Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the SAC and, therefore, denies the same.

67.     Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the SAC and, therefore, denies the same.

68.     Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the SAC and, therefore, denies the same.

69.     Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the SAC and, therefore, denies the same.

70.     Publicis denies the allegations contained in Paragraph 70 of the SAC.

71.     Publicis denies the allegations contained in Paragraph 71 of the SAC.

### AS TO "FACTUAL ALLEGATIONS"

### "A. PLAINTIFF MONIQUE DA SILVA MOORE"

72.     Publicis denies the allegations contained in Paragraph 72 of the SAC.

73.     Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the SAC and, therefore, denies the same.

74.     Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the SAC and, therefore, denies the same.

75.     Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the SAC and, therefore, denies the same.

76.     Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the SAC and, therefore, denies the same.

77.     Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the SAC and, therefore, denies the same.

78.     Publicis denies the allegations contained in Paragraph 78 of the SAC.

79.     Publicis denies the allegations contained in Paragraph 79 of the SAC.

### As to "Pay Discrimination"

80.     Publicis denies the allegations contained in Paragraph 80 of the SAC.

81.     Publicis denies the allegations contained in Paragraph 81 of the SAC.

82.     Publicis denies the allegations contained in Paragraph 82 of the SAC.

83.     Publicis denies the allegations contained in Paragraph 83 of the SAC.

84.     Publicis denies the allegations contained in Paragraph 84 of the SAC.

85.     Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the SAC and, therefore, denies the same.

86.     Publicis denies the allegations contained in Paragraph 86 of the SAC.

87.     Publicis denies the allegations contained in Paragraph 87 of the SAC.

88.     Publicis denies the allegations contained in Paragraph 88 of the SAC.

89.     Publicis denies the allegations contained in Paragraph 89 of the SAC.

### As to "Promotion Discrimination"

90.     Publicis denies the allegations contained in Paragraph 90 of the SAC.

91.     Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the SAC and, therefore, denies the same.

92.     Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the SAC and, therefore, denies the same.

93.     Publicis denies the allegations contained in Paragraph 93 of the SAC.

94.     Publicis denies the allegations contained in Paragraph 94 of the SAC.

95.     Publicis denies the allegations contained in Paragraph 95 of the SAC.

96.     Publicis denies the allegations contained in Paragraph 96 of the SAC.

97.     Publicis denies the allegations contained in Paragraph 97 of the SAC.

98.     Publicis denies the allegations contained in Paragraph 98 of the SAC.

99.     Publicis denies the allegations contained in Paragraph 99 of the SAC.

### As to "Discriminatory Terminations, Demotions, and Reassignments"

100.    Publicis denies the allegations contained in Paragraph 100 of the SAC.

101.    Publicis denies the allegations contained in Paragraph 101 of the SAC.

102.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the SAC and, therefore, denies the same.

103.    Publicis denies the allegations contained in Paragraph 103 of the SAC.

104.    Publicis denies the allegations contained in Paragraph 104 of the SAC.

### As to "Pregnancy/Caregiver Discrimination"

105.    Publicis denies the allegations contained in Paragraph 105 of the SAC.

106.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the SAC and, therefore, denies the same.

107.    Publicis denies the allegations contained in Paragraph 107 of the SAC.

108.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the SAC and, therefore, denies the same.

109.    Publicis denies the allegations contained in Paragraph 109 of the SAC.

110.    Publicis denies the allegations contained in Paragraph 110 of the SAC.

111.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the SAC and, therefore, denies the same.

112.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the SAC and, therefore, denies the same.

### AS TO "B. PLAINTIFF MARYELLEN O'DONOHUE"

113.    Publicis denies the allegations contained in Paragraph 113 of the SAC.

114.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the SAC and, therefore, denies the same.

115.    Publicis denies the allegations contained in Paragraph 115 of the SAC.

### As to "Pay Discrimination"

116.    Publicis denies the allegations contained in Paragraph 116 of the SAC.

117.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the SAC and, therefore, denies the same.

118.    Publicis denies the allegations contained in Paragraph 118 of the SAC.

119.    Publicis denies the allegations contained in Paragraph 119 of the SAC.

120.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the SAC and, therefore, denies the same.

121.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the SAC and, therefore, denies the same.

122.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of the SAC and, therefore, denies the same.

123.    Publicis denies the allegations contained in Paragraph 123 of the SAC.

124.    Publicis denies the allegations contained in Paragraph 124 of the SAC.

## As to "Promotion Discrimination"

125.    Publicis denies the allegations contained in Paragraph 125 of the SAC.

126.    Publicis denies the allegations contained in Paragraph 126 of the SAC.

127.    Publicis denies the allegations contained in Paragraph 127 of the SAC.

128.    Publicis denies the allegations contained in Paragraph 128 of the SAC.

## As to "Caregiver Discrimination"

129.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the SAC and, therefore, denies the same.

130.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the SAC and, therefore, denies the same.

131.    Publicis denies the allegations contained in Paragraph 131 of the SAC.

132.    Publicis denies the allegations contained in Paragraph 132 of the SAC.

133.    Publicis denies the allegations contained in Paragraph 133 of the SAC.

134.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the SAC and, therefore, denies the same.

135.    Publicis denies the allegations contained in Paragraph 135 of the SAC.

136.    Publicis denies the allegations contained in Paragraph 136 of the SAC.

137.    Publicis denies the allegations contained in Paragraph 137 of the SAC.

## AS TO "C. PLAINTIFF LAURIE MAYERS"

138.    Publicis denies the allegations contained in Paragraph 138 of the SAC.

139.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the SAC and, therefore, denies the same.

**As to "Discriminatory Assignment"**

140.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of the SAC and, therefore, denies the same.

141.    Publicis denies the allegations contained in Paragraph 141 of the SAC.

142.    Publicis denies the allegations contained in Paragraph 142 of the SAC.

**As to "Pay Discrimination"**

143.    Publicis denies the allegations contained in Paragraph 143 of the SAC.

144.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 of the SAC and, therefore, denies the same.

145.    Publicis denies the allegations contained in Paragraph 145 of the SAC.

146.    Publicis denies the allegations contained in Paragraph 146 of the SAC.

147.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147 of the SAC and, therefore, denies the same.

148.    Publicis denies the allegations contained in Paragraph 148 of the SAC.

149.    Publicis denies the allegations contained in Paragraph 149 of the SAC.

**As to "Promotion Discrimination"**

150.    Publicis denies the allegations contained in Paragraph 150 of the SAC.

151.    Publicis denies the allegations contained in Paragraph 151 of the SAC.

152.    Publicis denies the allegations contained in Paragraph 152 of the SAC.

153.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 of the SAC and, therefore, denies the same.

154.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154 of the SAC and, therefore, denies the same.

155.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155 of the SAC and, therefore, denies the same.

156.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156 of the SAC and, therefore, denies the same.

157.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157 of the SAC and, therefore, denies the same.

158.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 of the SAC and, therefore, denies the same.

159.    Publicis denies the allegations contained in Paragraph 159 of the SAC.

### As to "Constructive Discharge"

160.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160 of the SAC and, therefore, denies the same.

161.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 161 of the SAC and, therefore, denies the same.

162.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 162 of the SAC and, therefore, denies the same.

163.    Publicis denies the allegations contained in Paragraph 163 of the SAC.

164.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164 of the SAC and, therefore, denies the same.

165.    Publicis denies the allegations contained in Paragraph 165 of the SAC.

### AS TO "D. PLAINTIFF HEATHER PIERCE"

166.    Publicis denies the allegations contained in Paragraph 166 of the SAC.

167.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167 of the SAC and, therefore, denies the same.

168.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168 of the SAC and, therefore, denies the same.

169.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169 of the SAC and, therefore, denies the same.

170.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170 of the SAC and, therefore, denies the same.

171.    Publicis denies the allegations contained in Paragraph 171 of the SAC.

### As to "Pay Discrimination"

172.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172 of the SAC and, therefore, denies the same.

173.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173 of the SAC and, therefore, denies the same.

174.    Publicis denies the allegations contained in Paragraph 174 of the SAC.

175.    Publicis denies the allegations contained in Paragraph 175 of the SAC.

176.    Publicis denies the allegations contained in Paragraph 176 of the SAC.

### As to "Promotion Discrimination"

177.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177 of the SAC and, therefore, denies the same.

178.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178 of the SAC and, therefore, denies the same.

179.    Publicis denies the allegations contained in Paragraph 179 of the SAC.

### As to "Pregnancy/Caregiver Discrimination"

180.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180 of the SAC and, therefore, denies the same.

181.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181 of the SAC and, therefore, denies the same.

182.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182 of the SAC and, therefore, denies the same.

183.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183 of the SAC and, therefore, denies the same.

184.    Publicis denies the allegations contained in Paragraph 184 of the SAC.

185.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185 of the SAC and, therefore, denies the same.

186.    Publicis denies the allegations contained in Paragraph 186 of the SAC.

187.    Publicis denies the allegations contained in Paragraph 187 of the SAC.

### AS TO "E. PLAINTIFF KATHERINE WILKINSON"

188.    Publicis denies the allegations contained in Paragraph 188 of the SAC.

### As to "Discriminatory Assignment"

189.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189 of the SAC and, therefore, denies the same.

190.    Publicis denies the allegations contained in Paragraph 190 of the SAC.

191.    Publicis denies the allegations contained in Paragraph 191 of the SAC.

### As to "Pay Discrimination"

192.    Publicis denies the allegations contained in Paragraph 192 of the SAC.

193.    Publicis denies the allegations contained in Paragraph 193 of the SAC.

### As to "Promotion Discrimination"

194.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194 of the SAC and, therefore, denies the same.

195.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195 of the SAC and, therefore, denies the same.

196.    Publicis denies the allegations contained in Paragraph 196 of the SAC.

197.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 197 of the SAC and, therefore, denies the same.

198.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 198 of the SAC and, therefore, denies the same.

199.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199 of the SAC and, therefore, denies the same.

200.    Publicis denies the allegations contained in Paragraph 200 of the SAC.

### As to "Pregnancy/Caregiver Discrimination"

201.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201 of the SAC and, therefore, denies the same.

202.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 202 of the SAC and, therefore, denies the same.

203.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203 of the SAC and, therefore, denies the same.

204.    Publicis denies the allegations contained in Paragraph 204 of the SAC.

205.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 205 of the SAC and, therefore, denies the same.

206.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 206 of the SAC and, therefore, denies the same.

207.    Publicis denies the allegations contained in Paragraph 207 of the SAC.

## AS TO "F. PLAINTIFF ZANETA HUBBARD"

208.    Publicis denies the allegations contained in Paragraph 208 of the SAC. Additionally, because the Court has ruled that Opt-In Plaintiff Zaneta Hubbard is barred from maintaining any claim other than an individual Equal Pay Act claim, which is not part of the purported collective action, many of the allegations in this Section F of the SAC are unrelated to the claims asserted.

209.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 209 of the SAC and, therefore, denies the same.

### As to "Pay Discrimination"

210.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 210 of the SAC and, therefore, denies the same.

211.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 211 of the SAC and, therefore, denies the same.

212.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 212 of the SAC and, therefore, denies the same.

213.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 213 of the SAC and, therefore, denies the same.

### As to "Promotion Discrimination"

214.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 214 of the SAC and, therefore, denies the same.

215.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 215 of the SAC and, therefore, denies the same.

## As to "Pregnancy/Caregiver Discrimination"

216.     Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 216 of the SAC and, therefore, denies the same.

217.     Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 217 of the SAC and, therefore, denies the same.

218.     Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 218 of the SAC and, therefore, denies the same.

219.     Publicis denies the allegations contained in Paragraph 219 of the SAC.

220.     Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 220 of the SAC and, therefore, denies the same.

221.     Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 221 of the SAC and, therefore, denies the same.

222.     Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 222 of the SAC and, therefore, denies the same.

223.     Publicis denies that it "led Ms. Hubbard to believe she would be able to return on a flexible schedule."  Publicis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 223 of the SAC and, therefore, denies the same.

224.     Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 224 of the SAC and, therefore, denies the same.

225.     Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 225 of the SAC and, therefore, denies the same.

226.     Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 226 of the SAC and, therefore, denies the same.

## AS TO "G. WIDESPREAD PREGNANCY DISCRIMINATION AT PUBLICIS"

227.    Publicis denies the allegations contained in Paragraph 227 of the SAC.

228.    Publicis denies the allegations contained in Paragraph 228 of the SAC.

229.    Publicis denies the allegations contained in Paragraph 229 of the SAC.

230.    Publicis denies the allegations contained in Paragraph 230 of the SAC.

231.    Publicis denies the allegations contained in Paragraph 231 of the SAC.

232.    Publicis denies the allegations contained in Paragraph 232 of the SAC.

233.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 233 of the SAC and, therefore, denies the same.

234.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 234 of the SAC and, therefore, denies the same.

235.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 235 of the SAC and, therefore, denies the same.

236.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 236 of the SAC and, therefore, denies the same.

237.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 237 of the SAC and, therefore, denies the same.

238.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 238 of the SAC and, therefore, denies the same.

## AS TO "CLASS ACTION ALLEGATIONS"

239.    Publicis incorporates by reference its responses to Paragraphs 1 through 238 of the SAC, as if fully set forth herein, and denies each and every allegation not unequivocally admitted in this Answer.

240.    Publicis denies the allegations contained in Paragraph 240 of the SAC.

241.    Publicis denies the allegations contained in Paragraph 241 of the SAC.

242.    Publicis denies the allegations contained in Paragraph 242 of the SAC.

243.    Publicis denies the allegations contained in Paragraph 243 of the SAC.

244.    Publicis denies the allegations contained in Paragraph 244 of the SAC.

245.    Publicis denies the allegations contained in Paragraph 245 of the SAC.

246.    Publicis denies the allegations contained in Paragraph 246 of the SAC.

247.    Publicis denies the allegations contained in Paragraph 247 of the SAC.

248.    Publicis denies the allegations contained in Paragraph 248 of the SAC.

249.    Publicis denies the allegations contained in Paragraph 249 of the SAC.

250.    Publicis denies the allegations contained in Paragraph 250 of the SAC.

### As to "A. General Facts Relevant to Class Claims and Class Definition"

251.    Publicis admits that Plaintiffs purport to bring the stated claims on behalf of themselves and on behalf of the defined class.  Publicis denies all such claims, denies that class treatment is proper, and denies the remaining allegations in Paragraph 251 of the SAC.

252.    Publicis denies the allegations contained in Paragraph 252 of the SAC.

253.    Publicis denies the allegations contained in Paragraph 253 of the SAC.

### As to "B. Efficiency of Class Prosecution of Common Claims"

254.    Publicis denies the allegations contained in Paragraph 254 of the SAC.

255.    Publicis denies the allegations contained in Paragraph 255 of the SAC.

256.    Publicis denies the allegations contained in Paragraph 256 of the SAC.

257.    Publicis denies the allegations contained in Paragraph 257 of the SAC.

258.    Publicis denies the allegations contained in Paragraph 258 of the SAC.

259.    Publicis denies the allegations contained in Paragraph 259 of the SAC.

**As to "C. Numerosity and Impracticability of Joinder"**

260.    Publicis denies the allegations contained in Paragraph 260 of the SAC.

**As to "D. Common Questions of Law and Fact"**

261.    Publicis denies the allegations contained in Paragraph 261 of the SAC.

262.    Publicis denies the allegations contained in Paragraph 262 of the SAC.

263.    Publicis denies the allegations contained in Paragraph 263 of the SAC.

264.    Publicis denies the allegations contained in Paragraph 264 of the SAC.

265.    Publicis denies the allegations contained in Paragraph 265 of the SAC.

266.    Publicis denies the allegations contained in Paragraph 266 of the SAC.

267.    Publicis denies the allegations contained in Paragraph 267 of the SAC.

**As to "E. Typicality of Claims and Relief Sought"**

268.    Publicis denies the allegations contained in Paragraph 268 of the SAC.

269.    Publicis denies the allegations contained in Paragraph 269 of the SAC.

270.    Publicis denies the allegations contained in Paragraph 270 of the SAC.

271.    Publicis denies the allegations contained in Paragraph 271 of the SAC.

272.    Publicis denies the allegations contained in Paragraph 272 of the SAC.

**As to "F. Adequacy of Representation"**

273.    Publicis denies the allegations contained in Paragraph 273 of the SAC.

274.    Publicis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 274 of the SAC and, therefore, denies the same.

**As to "G. Requirements Of Rule 23(b)(2)"**

275.    Publicis denies the allegations contained in Paragraph 275 of the SAC.

276.    Publicis denies the allegations contained in Paragraph 276 of the SAC.

### As to "H. Requirements of Rule 23(b)(3)"

277.   Publicis denies the allegations contained in Paragraph 277 of the SAC.

278.   Publicis denies the allegations contained in Paragraph 278 of the SAC.

279.   Publicis denies the allegations contained in Paragraph 279 of the SAC.

### AS TO "VI. COLLECTIVE ACTION ALLEGATIONS (EQUAL PAY ACT)" [sic]

280.   Publicis incorporates by reference its responses to Paragraphs 1 through 279 of the SAC, as if fully set forth herein, and denies each and every allegation not unequivocally admitted in this Answer.

281.   Publicis admits that Plaintiffs purport to bring the stated claims as a collective action.  Publicis denies all such claims, denies that collective treatment is appropriate and denies the remaining allegations in Paragraph 281 of the SAC.

282.   Publicis denies the allegations contained in Paragraph 282 of the SAC.

283.   Publicis denies the allegations contained in Paragraph 283 of the SAC.

284.   Publicis denies the allegations contained in Paragraph 284 of the SAC.

285.   Publicis denies the allegations contained in Paragraph 285 of the SAC.

286.   Publicis denies the allegations contained in Paragraph 286 of the SAC.

### AS TO "COUNT I
### (INDIVIDUAL AND CLASS ACTION CLAIMS)
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### ('TITLE VII') – GENDER DISCRIMINATION
### 42 U.S.C. § 2000e, et seq.
### (Plaintiffs da Silva Moore, O'Donohue, Mayers, and Wilkinson Against All Defendants)"

287.   Publicis incorporates by reference its responses to Paragraphs 1 through 286 of the SAC, as if fully set forth herein, and denies each and every allegation not unequivocally admitted in this Answer.

288.    Publicis admits that Plaintiffs purport to serve as "Class Representatives" and to bring this claim on behalf of themselves and members of the purported class.  Publicis denies that class treatment is proper and denies the remaining allegations contained in Paragraph 288 of the SAC.

289.    Publicis denies the allegations contained in Paragraph 289 of the SAC.

290.    Publicis denies the allegations contained in Paragraph 290 of the SAC.

291.    Publicis denies the allegations contained in Paragraph 291 of the SAC.

292.    Publicis denies the allegations contained in Paragraph 292 of the SAC.

293.    Publicis denies the allegations contained in Paragraph 293 of the SAC.

294.    Publicis denies the allegations contained in Paragraph 294 of the SAC.

295.    Publicis denies the allegations contained in Paragraph 295 of the SAC.

296.    Publicis denies the allegations contained in Paragraph 296 of the SAC.

297.    Publicis denies the allegations contained in Paragraph 297 of the SAC.

**AS TO "COUNT II**
**(INDIVIDUAL AND CLASS ACTION CLAIMS)**
**VIOLATION OF NEW YORK EXECUTIVE LAW § 296, subd. 1(a) -**
**GENDER DISCRIMINATION**
**(Against All Defendants)"**

298.    Publicis incorporates by reference its responses to Paragraphs 1 through 297 of the SAC, as if fully set forth herein, and denies each and every allegation not unequivocally admitted in this Answer.

299.    Publicis admits that Plaintiffs purport to serve as "Class Representatives" and to bring this claim on behalf of themselves and members of the purported class.  Publicis denies that class treatment is proper and denies the remaining allegations contained in Paragraph 299 of the SAC.

300.    Publicis denies the allegations contained in Paragraph 300 of the SAC.

301.   Publicis denies the allegations contained in Paragraph 301 of the SAC.

302.   Publicis denies the allegations contained in Paragraph 302 of the SAC.

303.   Publicis denies the allegations contained in Paragraph 303 of the SAC.

304.   Publicis denies the allegations contained in Paragraph 304 of the SAC.

**AS TO "COUNT III**
**(INDIVIDUAL AND CLASS ACTION CLAIMS)**
**VIOLATION OF NEW YORK CITY ADMINISTRATIVE CODE § 8-107,**
**subd. 1(a) -GENDER DISCRIMINATION**
**(Plaintiffs da Silva Moore and O'Donohue Against All Defendants)"**

305.   Publicis incorporates by reference its responses to Paragraphs 1 through 304 of the SAC, as if fully set forth herein, and denies each and every allegation not unequivocally admitted in this Answer.

306.   Publicis admits that Plaintiffs purport to serve as "Class Representatives" and to bring this claim on behalf of themselves and members of the purported class.  Publicis denies that class treatment is proper and denies the remaining allegations contained in Paragraph 306 of the SAC.

307.   Publicis denies the allegations contained in Paragraph 307 of the SAC.

308.   Publicis denies the allegations contained in Paragraph 308 of the SAC.

309.   Publicis denies the allegations contained in Paragraph 309 of the SAC.

310.   Publicis denies the allegations contained in Paragraph 310 of the SAC.

311.   Publicis denies the allegations contained in Paragraph 311 of the SAC.

312.   Publicis denies the allegations contained in Paragraph 312 of the SAC.

**AS TO "COUNT IV**
**(INDIVIDUAL AND COLLECTIVE ACTION CLAIMS)**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938,**
**AS AMENDED BY THE EQUAL PAY ACT OF 1963 – 29 U.S.C. §§ 206, et seq.**
**DENIAL OF EQUAL PAY FOR EQUAL WORK**
**(Plaintiffs da Silva Moore, O'Donohue, Mayers and Pierce Against All Defendants)"**

313.    Publicis incorporates by reference its responses to Paragraphs 1 through 312 of the SAC, as if fully set forth herein, and denies each and every allegation not unequivocally admitted in this Answer.

314.    Publicis admits that the identified plaintiffs purport to bring this claim as individuals and on behalf of the purported "EPA Collective Action Class."  Publicis denies that collective action treatment is proper and denies the remaining allegations contained in Paragraph 314 of the SAC.

315.    Publicis denies the allegations contained in Paragraph 315 of the SAC.

316.    Publicis denies the allegations contained in Paragraph 316 of the SAC.

317.    Publicis denies the allegations contained in Paragraph 317 of the SAC.

318.    Publicis denies the allegations contained in Paragraph 318 of the SAC.

319.    Publicis denies the allegations contained in Paragraph 319 of the SAC.

320.    Publicis denies the allegations contained in Paragraph 320 of the SAC.

321.    Publicis denies the allegations contained in Paragraph 321 of the SAC.

**AS TO "COUNT V**
**(INDIVIDUAL AND CLASS ACTION CLAIMS)**
**VIOLATION OF THE NEW YORK EQUAL PAY LAW-**
**N.Y. LABOR LAW § 194**
**DENIAL OF EQUAL PAY FOR EQUAL WORK**
**(Against All Defendants)"**

322.    Publicis incorporates by reference its responses to Paragraphs 1 through 321 of the SAC, as if fully set forth herein, and denies each and every allegation not unequivocally admitted in this Answer.

323.    Publicis denies the allegations contained in Paragraph 323 of the SAC.

324.    Publicis denies the allegations contained in Paragraph 324 of the SAC.

325.    Publicis denies the allegations contained in Paragraph 325 of the SAC.

326.    Publicis denies the allegations contained in Paragraph 326 of the SAC.

327.    Publicis denies the allegations contained in Paragraph 327 of the SAC.

**AS TO "COUNT VI**
**(INDIVIDUAL AND CLASS CLAIMS)**
**VIOLATIONS OF TITLE VII, 42 U.S.C. § 2000e(k) et seq.**
**PREGNANCY DISCRIMINATION**
**(Plaintiffs da Silva Moore and Wilkinson Against All Defendants)"**

328.    Publicis incorporates by reference its responses to Paragraphs 1 through 327 of the SAC, as if fully set forth herein, and denies each and every allegation not unequivocally admitted in this Answer.

329.    Publicis denies the allegations contained in Paragraph 329 of the SAC.

330.    Publicis denies the allegations contained in Paragraph 330 of the SAC.

331.    Publicis denies the allegations contained in Paragraph 331 of the SAC.

332.    Publicis denies the allegations contained in Paragraph 332 of the SAC.

333.    Publicis denies the allegations contained in Paragraph 333 of the SAC.

334.    Publicis denies the allegations contained in Paragraph 334 of the SAC.

335.    Publicis denies the allegations contained in Paragraph 335 of the SAC.

## AS TO "COUNT VII
(INDIVIDUAL CLAIM – PLAINTIFF DA SILVA MOORE)
VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993
('FMLA')
29 U.S.C. § 2601 et seq.
(Plaintiff da Silva Moore Against All Defendants)"

336.    Publicis incorporates by reference its responses to Paragraphs 1 through 335 of the SAC, as if fully set forth herein, and denies each and every allegation not unequivocally admitted in this Answer.

337.    Publicis admits that Plaintiff Moore purports to assert the stated claim on her own behalf.  Publicis denies the remaining allegations contained in Paragraph 337 of the SAC.

338.    Publicis neither admits nor denies the allegations contained in Paragraph 338 of the SAC, which assert a legal conclusion and do not state facts.  To the extent a response to Paragraph 338 of the SAC is required, the allegations are denied.

339.    Publicis denies the allegations contained in Paragraph 339 of the SAC.

340.    Publicis denies the allegations contained in Paragraph 340 of the SAC.

341.    Publicis denies the allegations contained in Paragraph 341 of the SAC.

342.    Publicis denies the allegations contained in Paragraph 342 of the SAC.

343.    Publicis denies the allegations contained in Paragraph 343 of the SAC.

## AS TO "COUNT VIII
(INDIVIDUAL CLAIM - PLAINTIFF DA SILVA MOORE)
VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993
('FMLA') – RETALIATION
29 U.S.C. § 2601, et seq.
(Plaintiff da Silva Moore Against All Defendants)"

344.    Publicis incorporates by reference its responses to Paragraphs 1 through 343 of the SAC, as if fully set forth herein, and denies each and every allegation not unequivocally admitted in this Answer.

345.    Publicis admits that Plaintiff Moore purports to assert the stated claim on her own behalf.  Publicis denies the remaining allegations contained in Paragraph 345 of the SAC.

346.    Publicis neither admits nor denies the allegations contained in Paragraph 346 of the SAC, which assert a legal conclusion and do not state facts.  To the extent a response to Paragraph 346 of the SAC is required, the allegations are denied.

347.    Publicis neither admits nor denies the allegations contained in Paragraph 347 of the SAC, which assert a legal conclusion and do not state facts.  To the extent a response to Paragraph 347 of the SAC is required, the allegations are denied.

348.    Publicis denies the allegations contained in Paragraph 348 of the SAC.

349.    Publicis denies the allegations contained in Paragraph 349 of the SAC.

350.    Publicis denies the allegations contained in Paragraph 350 of the SAC.

351.    Publicis denies the allegations contained in Paragraph 351 of the SAC.

352.    Publicis denies the allegations contained in Paragraph 352 of the SAC.

**AS TO "COUNT IX**
**(INDIVIDUAL CLAIM – PLAINTIFF PIERCE)**
**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993**
**('FMLA')**
**29 U.S.C. § 2601, et seq.**
**(Plaintiff Pierce Against All Defendants)"**

353.    Publicis incorporates by reference its responses to Paragraphs 1 through 352 of the SAC, as if fully set forth herein, and denies each and every allegation not unequivocally admitted in this Answer.

354.    Publicis admits that Plaintiff Pierce purports to assert the stated claim on her own behalf.  Publicis denies the remaining allegations contained in Paragraph 354 of the SAC.

355.    Publicis neither admits nor denies the allegations contained in Paragraph 355 of the SAC, which assert a legal conclusion and do not state facts.  To the extent a response to Paragraph 355 of the SAC is required, the allegations are denied.

356.    Publicis denies the allegations contained in Paragraph 356 of the SAC.

357.    Publicis denies the allegations contained in Paragraph 357 of the SAC.

358.    Publicis denies the allegations contained in Paragraph 358 of the SAC.

359.    Publicis denies the allegations contained in Paragraph 359 of the SAC.

360.    Publicis denies the allegations contained in Paragraph 360 of the SAC.

**AS TO "COUNT X**
**(INDIVIDUAL CLAIM – PLAINTIFF PIERCE)**
**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993**
**('FMLA') – RETALIATION**
**29 U.S.C. § 2601, et seq.**
**(Plaintiff Pierce Against All Defendants)"**

361.    Publicis incorporates by reference its responses to Paragraphs 1 through 360 of the SAC, as if fully set forth herein, and denies each and every allegation not unequivocally admitted in this Answer.

362.    Publicis admits that Plaintiff Pierce purports to assert the stated claim on her own behalf.  Publicis denies the remaining allegations contained in Paragraph 362 of the SAC.

363.    Publicis neither admits nor denies the allegations contained in Paragraph 363 of the SAC, which assert a legal conclusion and do not state facts.  To the extent a response to Paragraph 363 of the SAC is required, the allegations are denied.

364.    Publicis neither admits nor denies the allegations contained in Paragraph 364 of the SAC, which assert a legal conclusion and do not state facts.  To the extent a response to Paragraph 364 of the SAC is required, the allegations are denied.

365.    Publicis denies the allegations contained in Paragraph 365 of the SAC.

366.    Publicis denies the allegations contained in Paragraph 366 of the SAC.

367.    Publicis denies the allegations contained in Paragraph 367 of the SAC.

368.    Publicis denies the allegations contained in Paragraph 368 of the SAC.

369.    Publicis denies the allegations contained in Paragraph 369 of the SAC.

**AS TO "COUNT XI**
**(INDIVIDUAL CLAIM – PLAINTIFF WILKINSON)**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938,**
**AS AMENDED BY THE EQUAL PAY ACT OF 1963 – 29 U.S.C. §§ 206, et seq.**
**DENIAL OF EQUAL PAY FOR EQUAL WORK**
**(Plaintiff Wikinson Against All Defendants)"**

370.    Publicis incorporates by reference its responses to Paragraphs 1 through 369 of the SAC, as if fully set forth herein, and denies each and every allegation not unequivocally admitted in this Answer.

371.    Publicis admits that Plaintiff Wilkinson purports to assert the stated claim on her own behalf.  Publicis denies the remaining allegations contained in Paragraph 371 of the SAC.

372.    Publicis denies the allegations contained in Paragraph 372 of the SAC.

373.    Publicis denies the allegations contained in Paragraph 373 of the SAC.

374.    Publicis denies the allegations contained in Paragraph 374 of the SAC.

375.    Publicis denies the allegations contained in Paragraph 375 of the SAC.

376.    Publicis denies the allegations contained in Paragraph 376 of the SAC.

377.    Publicis denies the allegations contained in Paragraph 377 of the SAC.

378.    Publicis denies the allegations contained in Paragraph 378 of the SAC.

## AS TO "COUNT XII
(INDIVIDUAL CLAIM – PLAINTIFF HUBBARD)
VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938,
AS AMENDED BY THE EQUAL PAY ACT OF 1963 – 29 U.S.C. §§ 206, et seq.
DENIAL OF EQUAL PAY FOR EQUAL WORK
(Plaintiff Hubbard Against All Defendants)"

379.     Publicis incorporates by reference its responses to Paragraphs 1 through 378 of the SAC, as if fully set forth herein, and denies each and every allegation not unequivocally admitted in this Answer.

380.     Publicis admits that Plaintiff Hubbard purports to assert the stated claim on her own behalf.  Publicis denies the remaining allegations contained in Paragraph 380 of the SAC.

381.     Publicis denies the allegations contained in Paragraph 381 of the SAC.

382.     Publicis denies the allegations contained in Paragraph 382 of the SAC.

383.     Publicis denies the allegations contained in Paragraph 383 of the SAC.

384.     Publicis denies the allegations contained in Paragraph 384 of the SAC.

385.     Publicis denies the allegations contained in Paragraph 385 of the SAC.

386.     Publicis denies the allegations contained in Paragraph 386 of the SAC.

387.     Publicis denies the allegations contained in Paragraph 387 of the SAC.

## AS TO "PRAYER FOR RELIEF ON CLASS, COLLECTIVE ACTION, AND INDIVIDUAL CLAIMS"

Publicis denies each and every allegation, demand, claim and statement contained in the **WHEREFORE** section, including subsections "A" through "S" thereof.

## AS TO PLAINTIFF'S "JURY DEMAND"

Publicis denies that all of Plaintiffs' asserted causes of action may be tried to a jury, rather than to the Court.

## PUBLICIS' AFFIRMATIVE DEFENSES AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by the applicable statutes of limitations.

### SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by the equitable doctrines of laches, waiver, estoppel, release, or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiffs or any of them failed to satisfy all of the conditions precedent to filing suit under Title VII, the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.* ("NYSHRL) or the New York City Human Rights Law, Administrative Code of the City of New York § 8-107, *et seq.* ("NYCHRL"), such claims are barred.

### FOURTH AFFIRMATIVE DEFENSE

To the extent any of Plaintiffs' Title VII claims concern events alleged to have occurred more than 300 days before filing of the Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), such claims are barred as untimely or due to failure to fulfill statutory prerequisites to suit.

### FIFTH AFFIRMATIVE DEFENSE

To the extent any of Plaintiffs' NYCHRL or NYSHRL claims concern events alleged to have occurred more than three years before the filing of this suit, such claims are barred.

### SIXTH AFFIRMATIVE DEFENSE

To the extent the SAC asserts or attempts to assert any Title VII claims other than those contained in the Charge of Discrimination, filed by Plaintiff Moore with the EEOC, such claims

are barred for failing to fulfill conditions precedent to maintaining such claims and otherwise are time-barred.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff Moore's Charge of Discrimination, filed with the EEOC, failed to assert claims on behalf of a class of similarly situated women that charge cannot serve as the foundation for any putative Class alleged by Plaintiffs with respect to such unasserted claims.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to raise some or all of the claims of the putative Class members they purport to represent.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims on behalf of the purported Class are barred by Plaintiffs' failure to meet the mandatory prerequisites of Fed. R. Civ. P. 23(a).

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims on behalf of the purported Class are barred by Plaintiffs' failure to meet the requirements of Fed. R. Civ. P. 23(b).

### ELEVENTH AFFIRMATIVE DEFENSE

The claims alleged by Plaintiffs are neither common of nor typical of those, if any, of the members of the putative Class of persons whom they purport to represent and, as such, such claims cannot be maintained on a class basis.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are inadequate representatives of the putative Class of persons whom they purport to represent.

## THIRTEENTH AFFIRMATIVE DEFENSE

The types of claims alleged by Plaintiffs and the types of relief sought by Plaintiffs are matters in which individual questions predominate and, accordingly, are not appropriate for class treatment.

## FOURTEENTH AFFIRMATIVE DEFENSE

Certain of the interests of Plaintiffs and members of the putative Class of persons whom they purport to represent are in conflict with the interests of other purported members of the putative Class, and thus certification of the Class is not appropriate.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to identify a pattern or practice of discrimination against Plaintiffs or the putative Class of persons whom they purport to represent, including, inter alia, a policy causing the alleged discrimination.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' wage discrimination claims on behalf of themselves and members of the putative Class of persons whom they purport to represent are not actionable because wage differences between them and similarly-situated male individuals were based on one or more factors other than sex.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The employment actions taken by Publicis with respect to the Named Plaintiffs, or any putative Class member, if any, were based solely on legitimate, non-discriminatory factors other than gender.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Publicis denies that gender or any impermissible factor played any role in any relevant employment decision in which it was involved or in any other policy, procedure or practice that Plaintiffs are or may be challenging but, if it is shown that gender was a factor in any particular decision, that same decision would have been made without regard thereto.

**NINETEENTH AFFIRMATIVE DEFENSE**

Publicis' and/or Defendant MSLGROUP's allegedly discriminatory employment policies, procedures or practices, including but not limited to those related to promotion or compensation, are job-related for the positions in question and consistent with business necessity.

**TWENTIETH AFFIRMATIVE DEFENSE**

Publicis' and/or Defendant MSLGROUP's allegedly discriminatory employment policies, procedures or practices, including but not limited to those related to promotion or compensation, are lawful, under the provisions of Administrative Code of the City of New York, because they bear a significant relationship to a significant business objective of Publicis or Defendant MSLGROUP or do not contribute to the alleged disparate impact.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Publicis' and/or Defendant MSLGROUP's allegedly discriminatory employment policies, procedures or practices, including but not limited to those related to promotion or compensation, are lawful because Plaintiffs have not demonstrated the availability of a lawful and practicable alternative employment practice.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Publicis and/or Defendant MSLGROUP exercised reasonable care to prevent and correct promptly any allegedly discriminatory conduct, and one or more Plaintiffs unreasonably failed timely to take advantage of the preventive or corrective opportunities provided by Publicis and/or Defendant MSLGROUP or to avoid harm otherwise.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' retaliation claims should be dismissed to the extent they did not engage in any protected activity under Title VII, the Family Medical Leave Act ("FMLA"), the New York or federal Equal Pay Act, NYSHRL or the NYCHRL.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' retaliation claims should be dismissed to the extent that any employment related actions taken subsequent to their purported protected activity were taken for legitimate non-retaliatory reasons, and/or were not reasonably likely to dissuade a reasonable employee from engaging in protected activity.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The asserted claims under New York State and City Laws must be dismissed as to Named or putative class members whose work location was outside, respectively, New York State or New York City.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Liabilities and penalties against Defendant, if any, should be mitigated by virtue of the factors set forth in the New York City Administrative Code.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages, including those on behalf of members of the putative Class of persons they purport to represent, are barred because imposition of punitive damages under any of the claims would constitute a denial of due process under the United States Constitution and/or the Constitution of the State of New York.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover punitive or liquidated damages because Publicis and Defendant MSLGROUP have made a good faith effort to comply with all applicable anti-discrimination laws and, at all relevant times, have acted reasonably, in good faith and without malice based upon all relevant information and facts and circumstances known by Publicis and/or Defendant MSLGROUP at the time they acted.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

To the extent any Plaintiff or putative class member has failed to comply with the duty to mitigate alleged losses, any claims for relief for lost earnings and/or benefits, must be set off or reduced by wages, compensation, pay and benefits, or other earnings or remunerations, profits, and benefits received or which would have been earned or received through good faith efforts to mitigate alleged damages.

## THIRTIETH AFFIRMATIVE DEFENSE

The claims for injunctive and other prospective relief by Plaintiffs and the members of the putative Class are barred as moot because none of the Named Plaintiffs currently is employed by Defendant.

### THIRTIETH-FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiffs seek to recover for injuries, physical and/or emotional, allegedly incurred in the course of or arising out of employment with Defendant MSLGROUP, such recovery is barred by the exclusivity of remedies under the New York or the applicable state's workers' compensation law.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

To the extent a named Plaintiff, or any putative class member, has entered into a settlement, waiver or release agreement, any and all claims, including, without limitation, the claims alleged herein, are barred in their entirety and that claimant cannot participate in this suit.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs cannot make a prima facie case under the EPA because they cannot demonstrate a pay disparity between similarly situated males and females, and Publicis and/or Defendant MSLGROUP based all compensation decisions on reasonable, non-discriminatory reasons.  Alternatively, even if Plaintiffs demonstrate some disparity in compensation, which Publicis denies, the disparity is because of seniority, merit, objective performance, and/or another gender-neutral reason.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over Publicis.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Publicis is not an "employer" as defined by any statute or ordinance pursuant to which Plaintiffs purport to assert a cause of action.

## **RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES**

Publicis has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter.  Publicis reserves the right to amend or seek to amend its answer and/or affirmative defenses.

**WHEREFORE**, Publicis prays that the Court:

    a.  Dismiss the SAC in its entirety, with prejudice;

    b.  Deny each and every demand and prayer for relief contained in the SAC; and,

    c.  Grant such other and further relief as the Court deems just and proper.

Date:  December 17, 2012

Respectfully Submitted,
/s/ Paul C. Evans
Paul C. Evans
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
Fax: (215) 963-5001
E-mail: pevans@morganlewis.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of December 2012, I caused to be served a true and correct copy of Defendant Publicis Groupe SA's Answer to Plaintiffs' Second Amended Class and Collective Action Complaint on counsel of record.

<u>/s/ Paul C. Evans</u>
Paul C. Evans