**MEMO ENDORSED**

**SANFORD HEISLER, LLP**
1350 Avenue of the Americas, 31st Floor
New York, NY 10019
(646) 402-5650
Fax: (646) 402-5651
Email: snurhussein@swhlegal.com
www.sanfordheisler.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: **12-20-12**

1666 Connecticut Ave. NW
Suite 300
Washington D.C. 20009
Fax: (202) 499-5199

555 Montgomery Street
Suite 1206
San Francisco, CA 94111
Fax: (415) 795-2021

December 19, 2012

*[Handwritten endorsement: Plaintiff Corrie Tin may not join the collective action. So Ordered. /s/ Andrew L. Carter 12-20-12]*

**VIA E-MAIL**
Honorable Andrew L. Carter, Jr.
U.S.D.C. – Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007
Fax No. 212-805-7995

*Re:*   **da Silva Moore, et al v. Publicis Groupe SA, et al. (11-cv-1279) (ALC) (AJP)**

Dear Judge Carter,

Plaintiffs and Defendant MSLGroup ("MSL") jointly submit this status report in accordance with the Court's December 14, 2012 Order to provide an update on whether the parties agree regarding: (1) whether opt-in Plaintiff Joellen Zumberge should remain an opt-in member of the EPA collective action, and (2) whether potential opt-in Plaintiff Corrie Tin, who signed her opt-in form on December 12, 2012, may join the collective action.

Regarding point (1), the parties have agreed that Ms. Zumberge, who worked outside the United States during the EPA statutory period, will withdraw her Consent to Join the EPA collective action. Ms. Zumberge reserves her right, if any, to be a member of the putative Title VII class.

The parties are in disagreement regarding point (2). The parties' positions are outlined below:

**Plaintiffs' Position**

Plaintiffs respectfully request that the Court order that Corrie Tin may opt into the EPA collective action and that her opt-in date be considered the date she signed her opt-in form, December 12, 2012.[1] *See* Exhibit A, Consent to Join Form of Corrie Tin.

---

[1] As mentioned in the December 14, 2012 conference, Ms. Tin's statute continues to run while the parties have conferred and while the Court considers this matter. Plaintiffs respectfully request that Ms. Tin's consent to join be filed as soon as possible.

A late filing of a consent to join form does not bar participation in a collective action. *Commisso v. PriceWaterhouseCoopers LLP*, No. 11 Civ. 5713 (NRB), 2012 U.S. Dist. LEXIS 105151, at *10 (S.D.N.Y. July 27, 2012). The Court selected the opt-in deadline "in its discretion" and may again exercise its discretion to allow Ms. Tin to join the collective action. *See Ayers v. SGS Control Servs. Inc.*, No. 03 Civ. 9078 (RMB), 2007 U.S. Dist. LEXIS 76539, at *17 (S.D.N.Y. Oct. 9, 2007) (citing *Robinson-Smith v. Gov't Employees Ins. Co.*, 24 F. Supp. 2d 117, 123 (D.D.C. 2006)) (noting that the Court was "not constrained by any considerations other than the practicalities of the case" when selecting the opt-in deadline); *see also Ruggles v. Wellpoint, Inc.*, 68 F. Supp. 2d 30, 37 (N.D.N.Y. 2009) ("The FLSA does not specify when a person must opt-in to a collective action, rather, the deadline is set by the court.")

When evaluating whether to permit an individual to join a collective action when she has submitted her consent to join after the deadline, courts consider five factors: "(1) whether 'good cause exists for the late submission[]; (2) the prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA." *Ruggles*, 687 F. Supp. 2d at 37.

First, Ms. Tin can show that good cause exists for her late filing. *See Arnold v. DirecTV, Inc.*, No. 4:10-CV-352-JAR, 2012 U.S. Dist. LEXIS 171672, at *20-21 (E.D. Mo. Dec. 4, 2012) (including language in the notice to potential collective action members that "[u]nder no circumstances will a potential FLSA class member be denied participation based on a late submission of a Consent to Join form if…that person has good cause for failure to submit the Consent to Join form on or before the opt-in deadline"). Ms. Tin received the notice but did not understand that it pertained to her. Ms. Tin worked for eight years as a former Vice President in MSL's New York office. She left the company in 2011. She learned that she was eligible to join the suit only after speaking to a current Plaintiff and seeing a news article regarding the case. Even if the Court believes that Ms. Tin has not shown adequate good cause for her late filing, the Court should still allow her to opt in because all other factors weigh in her favor.[2] *Id.* at 37 ("Although Plaintiffs have offered no good cause for their failure to timely file these consent forms, all of the other factors weigh in their favor."); *Heaps v. Safelite Solutions*, LLC, No. 2:10-cv-729, 2011 U.S. Dist. LEXIS 150313, at *7 (S.D. Ohio Dec. 22, 2012) (same).

Second, MSL can articulate no tangible prejudice it may suffer should the Court allow Ms. Tin to file her consent to join. Discovery has not yet begun on any opt-in Plaintiff beyond the seven Plaintiffs who opted in before the notice period. *See id.*, 687 F. Supp. 2d at 37 (allowing ten late opt-ins even though the discovery process was "already underway"); *see also Morangelli*, 275 F.R.D. at 122 (allowing late opt-ins after defendant had already deposed forty opt-in plaintiffs). Further, Judge Peck indicated on December 14, 2012, that MSL would not be allowed to depose or to conduct full discovery on the opt-in Plaintiffs prior to Plaintiffs' motion

---

[2] Even Courts that require a showing of good cause acknowledge that it is a relaxed standard in light of FLSA's remedial purpose. *Morangelli v. Chemed Corp.*, 275 F.R.D. 99, 122 (E.D.N.Y. 2011); *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2009 U.S. Dist. LEXIS 52040 (N.D. Cal. June 19, 2009); *In Re Wells Fargo Home Mortgage Overtime Pay Lit.*, No. MDL 06-01770 MHP, 2008 U.S. Dist. LEXIS 88851, at *2 (N.D. Cal. Oct. 23, 2008) (rejecting a rigid application of the good cause standard because it does not fully respond to the various factors with which the court must concern itself such as judicial economy and prejudice to the defendant).

2

for class certification unless the Plaintiffs agreed to allow them to do so. There is no such agreement at this time. Exhibit B, Excerpt of Transcript of Dec. 14, 2012 Conference before Judge Peck at 38-39. The addition of one opt-in, given that the case already includes 33 other plaintiffs, will not prejudice the Defendants. The Court in *Ruggles* allowed a similar percentage of late opt-ins—10 late opt-ins in addition to the 300 opt-ins who had already joined the case. *Ruggles*, 687 F. Supp. 2d at 37 (noting that "the impact [of an additional ten plaintiffs] will be relatively benign"); *see also Heaps*, 2011 U.S. Dist. LEXIS 150313, at *8 (finding that a 10% increase in the size of the potential class with the addition of 21 plaintiffs did "not overly burden or prejudice Defendants").

Third, Ms. Tin should be allowed to opt into the collective action because she submitted her opt-in form less than two months after the opt-in deadline. Ex. A. *See Morangelli*, 275 F.R.D. at 121-22 (allowing plaintiffs to opt into the action who signed their forms five to nine months late if good cause was shown); *see also Ruggles*, 687 F. Supp. 2d at 37 (allowing ten plaintiffs to opt into the action late, the latest of which filed approximately 1.5 months late).

Fourth, MSL's argument at the December 14th conference that Ms. Tin may simply file her own EPA action runs counter to judicial economy. The *Commisso* court addressed a similar argument when it noted that judicial economy concerns trumped the filing of a separate action. *Commisso*, 2012 U.S. Dist. LEXIS 105151, at *12 (citing *Wren*, 2009 U.S. Dist. LEXIS 52040, at *13). "There is little economy in spawning identical FLSA lawsuits that themselves might be properly joined with this lawsuit in the future." *Ruggles*, 687 F. Supp. 2d at 38.

Finally, the remedial purposes of the FLSA strongly favor allowing Ms. Tin to join the collective action. Several courts have held that a "generous reading [of the FLSA], in favor of those whom congress intended to benefit from the law, is also appropriate when considering issues of time limits and deadlines." *Id.*; *Kelley v. Alamo*, 964 F.2d 747, 750 (8th Cir. 1992); *Heaps*, 2011 U.S. Dist. LEXIS 150313, at *9-10.

For the foregoing reasons, Plaintiffs respectfully request that the Court allow Corrie Tin to join the da Silva Moore, et al. v. Publicis Groupe, S.A., et al. action and to toll her opt-in date to December 12, 2012, the date she signed her consent to join form.

### Defendant MSLGroup's Position

MSL objects to Plaintiffs' request to file a consent form more than 60 days late. Permitting such a late filing would violate the letter and spirit of this Court's order that required putative members of the collective action to mail consent forms no later than 60 days after the date the Notice was mailed. Indeed, the Court entered this order only after holding, on July 20, 2012, a lengthy conference to address the proper form of the Notice. The Court carefully reviewed, line-by-line, the proposed Notice, as well as comments submitted by both parties, and the Court then made numerous rulings regarding the content, form, and deadline for individuals to opt-in. *See* Tr. July 20, 2012. Among the Court's rulings was that the opt-in period shall be 60 days, not 90 days as requested by Plaintiffs, and, therefore, that any consent forms must be post-marked within 60 days of the mailing. *Id.* at p. 9. Notably, the consent form Plaintiffs wish to file now is well outside even the time period previously advocated by Plaintiffs.

The Court ensured the Notice was clear and accurate, and provided sufficient information about the nature of the case, the scope of the collective action, recipients' rights to participate in the lawsuit, the specific steps that recipients needed to take to join, and the applicable deadline. In bold capital letters, the Notice advised:

- **"YOUR TIME TO JOIN THIS LAWSUIT IS LIMITED;"**

- **"TO JOIN THIS LAWSUIT YOU MUST SIGN, DATE AND MAIL THE 'CONSENT TO JOIN' FORM TO THE CLERK OF THE COURT;"**

- **"IF YOUR 'CONSENT TO JOIN FORM' IS NOT POSTMARKED BY OCTOBER 15, 2012, YOU WILL NOT BE PART OF THIS LAWSUIT".**

Notice was mailed on August 15, 2012, thereby establishing an October 15, 2012 deadline.[3] At the December 14, 2012 Court conference, Plaintiffs' counsel stated for the first time that they wished to file a consent form on behalf of a former employee, Corrie Tin, whom Plaintiffs conceded had received the Notice approved by the Court. Plaintiffs' counsel represented to the Court that they had "just learned about" Ms. Tin's interest in filing a consent form. *See* Tr. Dec. 14, 2012, p. 16. Plaintiffs' counsel further explained that Ms. Tin, who is a former Vice President of MSL, had not filed in a consent form because she "didn't understand that it applied to her, and it was only after talking to one of the other plaintiffs in the case and seeing an article that she really became aware of the suit and her eligibility." *Id.* The Notice approved by the Court, however, clearly advised recipients to whom it applied. Specifically, the Notice stated, "If you fit the Vice President and/or Senior Vice President definitions above, you may join the Lawsuit by completing and mailing the attached 'Consent to Join' form. . . ." The Notice further provided contact information for Plaintiffs' counsel, which would permit any recipient with questions or concerns to contact Sanford Heisler to inquire about their potential rights. Plaintiffs' counsel did not identify any reason why Ms. Tin, a former high-level employee at MSL, allegedly failed to understand the court-authorized plain language of the Notice.

Against this backdrop, Defendant MSL opposes the filing of this untimely consent form in violation of the Court's Order setting 60 days as the period to join. *See Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989) (affirming order where district court set a cutoff for the filing of consent forms, finding "the trial court, as part of its order, set a cutoff date for the filing of consent, as it was bound to do if the action was to proceed in diligent fashion"). As the Fourth Circuit explained in *Royster v. Food Lion (In re Food Lion)*, 1998 U.S. App. LEXIS 11809, at *32-33 (4th Cir. June 4, 1998), where it affirmed a district court's refusal to permit individuals who failed to comply with the court imposed deadline for submitting consent forms in an FLSA case, a statute's remedial nature does not excuse a district court's ability to manage

---

[3] Two individuals – not including Ms. Tin -- were mailed notice of the lawsuit at a later date, and had until November 6, 2012 to opt-in.

4

its docket and for individuals to ignore orders from the Court: "Appellants' sole argument on appeal on this point is nothing more than the FLSA is remedial and should be stretched to allow in as many such claims as possible. The prerogative of the district court to manage its docket with timetables and deadlines, however, prevents even remedial statutes from stretching to the breaking point. It cannot be gainsaid that the district court was clear about its cut-off deadline." Here, even if the Equal Pay Act is viewed as having the same remedial nature as the FLSA, the *Food Lion* standard should apply, such that the remedial nature of the statute should not strip the Court of its ability to manage its docket by imposing meaningful deadlines.

Additionally, the issue is not "why the Court shouldn't allow the additional opt-ins, the issue is why the Court *should*." *Cox v. Appliance Direct, Inc.*, 2008 U.S. Dist. LEXIS 100559 (M.D. Fla. October 29, 2008) (emphasis in original). In *Cox*, the Court found, like here, that the notice clearly advised recipients of the deadline, the deadline was ignored, and the opt-ins were untimely. *Id.* ("Deadlines are placed for a reason and absent a showing of good cause, extensions are disfavored"); *see also, Ayers v. SGS Control Srvs*, 2007 U.S. Dist. LEXIS 7111, *14 (S.D.N.Y. Oct. 9, 2007) (dismissing individuals who filed late consent forms and failed to submit affidavits establishing "good cause" for the failure to comply with the Court order). Of course, if Ms. Tin wishes to pursue her claim she is not precluded from doing so; she may file an individual action under the Equal Pay Act if she so chooses.

Plaintiffs fall far short of establishing good cause for ignoring the Court's order. Plaintiffs' counsel's vague assertions about why Ms. Tin ignored the plain language of the Notice are belied by the clear provisions in the Notice regarding eligibility, deadlines, and the consequence of failing to meet the deadline, which the Court so thoroughly reviewed and approved. Indeed, if this is all it took to extend a Court-imposed deadline, the deadlines would be meaningless. For all the foregoing reasons, MSL opposes Plaintiffs' request to permit the filing of the late consent form.

****

We thank the Court for its time and consideration of this matter.

Respectfully submitted,

/s Siham Nurhussein

Siham Nurhussein

5

# Exhibit A

Case 1:11-cv-01279-ALC-AJP   Document 354   Filed 12/20/12   Page 6 of 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONIQUE DA SILVA MOORE, MARYELLEN O'DONOHUE, LAURIE MAYERS, HEATHER PIERCE, KATHERINE WILKINSON, and ZANETA HUBBARD, on behalf of themselves and all others similarly situated, <br><br> PLAINTIFFS, <br><br> v. <br><br> PUBLICIS GROUPE SA and MSLGROUP, <br><br> DEFENDANTS | Civ No. 11-CV-1279 (ALC) (AJP) |

## CONSENT TO JOIN FORM
Consent to sue under the Equal Pay Act

### THIS FORM MUST BE POSTMARKED BY OCTOBER 15, 2012, OR YOU WILL NOT BE A PART OF THIS LAWSUIT

I work or worked for MSLGroup in the United States in the position of Vice President / Senior Vice President (circle one or both).

I consent to join the Equal Pay Act collective action entitled *da Silva Moore et al. v. Publicis Groupe, S.A. and MSLGroup*, 11 Civ. 1279 (ALC) (AJP), to recover unpaid compensation, liquidated damages, and other relief sought in this action under the federal Equal Pay Act, 29 U.S.C. § 201 et seq.

I choose to be represented in this matter by the named Plaintiffs and counsel (Sanford Wittels & Heisler, LLP) in this action.

| CCEEIE | | 7/N |
|---|---|---|
| First Name | Middle Name | Last Name |
| CONNI JUN | | 12.12.12 |
| Signature | | Date |

POS_CTJ_120815

# Exhibit B

```
                                                              38
        Ccenmooc              Conference
 1   any further responsiveness, cleanup, whatever it may be.
 2          MS. CHAVEY:  Your Honor, as Mr. Henderson has advised
 3   the Court, the parties do agree to proceed with discovery on
 4   the Equal Pay Act claims.  We would like to prepare our motion
 5   for decertification of the collective action.  So we would like
 6   to proceed on a parallel track really to the Title VII class
 7   action.  We would like to proceed with discovery on the Equal
 8   Pay Act claims.
 9          THE COURT:  Is that going to then open up that they
10   need discovery of you on the Equal Pay Act claims?
11          MS. CHAVEY:  We anticipate that it will, as
12   Mr. Henderson alluded to, we were discussing before Judge
13   Carter earlier today our position that because six of the
14   opt-in plaintiffs have signed releases of all claims --
15          THE COURT:  Is that all we are talking about, the
16   release issue, or --
17          MS. CHAVEY:  Not exactly, because Judge Carter held
18   that those issues should wait until a summary judgment motion.
19   So, rather than decide issues just relating to that discrete
20   issue now, he ruled that that would be considered only at the
21   end of really full-blown discovery.
22          THE COURT:  I am going to put a pin in that, because
23   on the one hand you are each saying you agree, on the other, I
24   have my doubts, both because of the general nature of this case
25   and because they may agree that you can take discovery, but
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                  39
         Ccenmooc              Conference
 1    that's going to just open the door that they need discovery as
 2    well, I think.  But if you can work it out so that there is
 3    efficiency here, either to go simultaneous with this or
 4    obviously there will be a period of time while the class cert.
 5    motion is being briefed and then is under consideration by
 6    Judge Carter, that might be a good time for this.
 7             If you all can agree -- emphasis on agree -- on a way
 8    to do this that is not going to put us back into the doing
 9    predictive coding or key word searching or whatever twice, I'm
10    OK with that.
11             I really do like to move cases along.  This case is an
12    exception because -- I will leave it as because.  Work with
13    Mr. Henderson and Ms. Rubenstein.  If you can actually reach an
14    agreement on that you will report back to me in writing that
15    there is such an agreement and what it is and we'll go from
16    there.
17             If you can't, I will probably say we are not going to
18    do that now, but we'll see how that plays out.
19             MS. CHAVEY:  Judge, we would also ask the Court to
20    indicate how many document requests the plaintiffs are
21    permitted to prepare.
22             THE COURT:  How many is useless.  The real issue is --
23    I mean?  How many policies do you have.  If we are limiting
24    it --
25             MS. CHAVEY:  We believe we have produced them all.
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```