UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MONIQUE DA SILVA MOORE, | ) | |
| MARYELLEN O'DONOHUE, | ) | |
| LAURIE MAYERS, HEATHER | ) | |
| PIERCE, KATHERINE WILKINSON, | ) | |
| on behalf of themselves and all others | ) | |
| similarly situated, and ZANETA | ) | |
| HUBBARD, on her own behalf. | ) | |
| | ) | |
| Plaintiffs, | ) | Civ. No.: 11-cv-1279 (ALC) (AJP) |
| | ) | |
| v. | ) | |
| | ) | |
| PUBLICIS GROUPE and MSLGROUP, | ) | |
| | ) | |
| Defendants. | ) | |

DECLARATION OF JANETTE WIPPER IN SUPPORT OF PLAINTIFFS' RULE
72(a) OBJECTION TO MAGISTRATE JUDGE PECK'S DECEMBER 14, 2012
RULING REVOKING CLASS COUNSEL'S PRO HAC VICE ADMISSION

I, Janette Wipper, hereby declare as follows:

1. I make this Declaration based upon personal knowledge.

2. I am an attorney licensed to practice law in California, the District of
   Columbia and Texas. I am also admitted to practice before the United States
   District Courts for the Central, Eastern, Northern and Southern Districts of
   California, and the United States Court of Appeals for the Second Circuit. I
   have also been admitted *pro hac vice* in several federal courts throughout the
   country, including the United States District Court for the Southern District of
   New York.

3. I am the managing partner of the California office of Sanford Heisler, LLP,
   which represents the Plaintiffs and the class in the above-referenced gender
   discrimination class action.   Before joining Sanford Heisler, LLP, I
   represented plaintiffs in national civil rights matters with the Lawyers'
   Committee for Civil Rights Under Law and the National Association for the
   Advancement of Colored People.

4. I have served as counsel in multiple civil rights class actions across the
   country, both in jurisdictions where I am licensed and where I have received
   *pro hac vice* admission.  I have never had a *pro hac vice* application denied,
   an admission revoked, or even challenged.

1

5. I began working on this matter approximately three years ago. Plaintiff Monique da Silva Moore first contacted me on or about January 2010 and, since that time, I have been involved in every aspect of this case.  In addition to Ms. da Silva Moore, I have worked closely with all of the Plaintiffs, and I have developed and continue to maintain strong relationships with them.

6. Since the Plaintiffs asked me to serve as their counsel in this national class action matter several years ago, I have remained committed to representing them.  I have always intended to see their case to its conclusion.

\* \* \*

7. Plaintiffs filed this case in February 2011 and United States District Judge Richard Sullivan granted my *pro hac vice* admission in April 2011.

8. I appeared before Magistrate Judge Andrew Peck on January 4, 2012. It was the first time that I appeared in person before him.  At the conference, Magistrate Judge Peck offered the opportunity for counsel to appear telephonically at status conferences in the future because several counsel for both parties worked outside New York.

9. I appeared before Magistrate Judge Peck for the second time on February 8, 2012.  With his prior approval, I participated telephonically at this status conference.  Two other attorneys from my firm also participated in person at the same conference.

10. During the February 8, 2012 conference, Magistrate Judge Peck unilaterally withdrew my telephone privileges when I objected to his *sua sponte* decision to modify District Judge Sullivan's scheduling order and move up Plaintiffs' deadline to file a motion for conditional certification by 13 months, before Plaintiffs had received complete compensation data from Defendants. In response to my objection, Judge Peck stated: *"Ms. Wipper, your motion is due two weeks from today.  Thank you very much for not participating.  **I'm also withdrawing your ability to participate telephonically in the future.**"* See February 8, 2012 Tr. at 22. (attached hereto as Ex. A)

11. At the same conference, Magistrate Judge Peck threatened to revoke my *pro hac vice* admission when I requested that he issue a written order concerning his decision to modify the scheduling order.  Specifically, Magistrate Peck told me: *"**You're very close to getting not only your telephone privileges removed but your pro hac vice removed.** You have a written order.  It's called the transcript.  If you want to object to every single ruling I make, feel free. The rules allow you to do that.  Does it make me happy?  You figure that out. **Would you like to have your pro hac withdrawn or would you like to learn the rules of the Southern District of New York, counsel?**  Do you want to practice in California?  Do you want me to transfer this case to California?"* February 8, 2012 Tr. at 22-23 (Ex. A).

12. In response, I explained to Magistrate Judge Peck that I was complying with the Local Rules of the Southern District of New York as well as his Individual Rules.  He replied *"What local rule says I've got to give you a written order other than a transcript."* I explained that I was simply requesting one. February 8, 2012 Tr. at 23 (Ex. A)

13. Since the February 8, 2012 conference, I have not appeared again in person or telephonically before Magistrate Judge Peck.

14. Ten months after the February 8, 2012 conference, during a routine status conference held on December 14, 2012, Magistrate Judge Peck followed through on his previous threat to revoke my *pro hac vice* admission.  He ruled:  ***"Her pro hac vice is therefore ended. No more papers from her, no more ghost writing."***  I was not present at the conference, nor had I submitted any correspondence or other document to the Court for this conference. December 14, 2012 Tr. at 14-15 (attached hereto as Ex. B).

15. I first learned that Magistrate Judge Peck revoked my *pro hac vice* admission from my colleagues who appeared at the December 14, 2012 conference and then from the conference transcript.  Before the December 14, 2012 conference, Magistrate Judge Peck neither notified me of any conduct subject to inquiry nor any reason that any conduct may justify revocation of my *pro hac vice* admission.

16. Magistrate Judge Peck provided only the following comments during the conference:

    a. *"So if Ms. Wippel (sic) wants to be trial counsel instead of pulling the strings from California, if that's what's going on, then we can come here. Otherwise, I don't want anything submitted from her."*
    b. *"I don't want her to be here at trial if the case gets that far or I do want her here."*
    c. *"No more papers from her, no more ghost writing."*

    December 14, 2012 Tr. at 14-15 (Ex. B).

17. Magistrate Judge Peck's first comment --*"So if Ms. Wippel wants to be trial counsel instead of pulling the strings from California, if that's what's going on, then we can come here"* – does not provide a basis for revocation of *pro hac vice* admission.  My location in California has no bearing on my ability or commitment to represent my clients in the Southern District of New York, nor does it justify revocation of *pro hac vice* admission under controlling case law.  This matter is a national class action.  Currently, there are over thirty Plaintiffs in this case who live and/or worked in locations across the country

for the corporate Defendants, including New York, California, Georgia, Massachusetts, Michigan, Minnesota, New Jersey, Pennsylvania, Virginia, and Washington, D.C.  Defendants also maintain offices in several states, including California, and some of Defendants' counsel work in states outside New York, including California.

18. The Magistrate's second comment -- "*No more papers from her, no more ghost writing*" – also does not provide a basis for revocation of *pro hac vice* admission.  I did not "ghost write" any documents submitted to the Court for the conference and, even if I had done so, it would not justify the revocation of *pro hac vice* admission under controlling case law.

19. Finally, the Magistrate's third comment -- "*I don't want her to be here at trial if the case gets that far…*" – also does not provide a basis for revocation of *pro hac vice* admission.  Magistrate Judge Peck will not conduct the trial in this case because the District Court did not designate, upon the consent of all parties, a Magistrate Judge to conduct all proceedings, including trial, pursuant to 28 U.S.C. §636(c).  Additionally, should the case proceed to trial, I had planned to serve as trial counsel with a team of lawyers from my firm.  As indicated in his Declaration, Thomas Henderson, Senior Litigation Counsel at Sanford Heisler, LLP, misspoke before Judge Peck when he stated that I would not participate in the trial at the December 14, 2012 conference.  Given that no trial date has been set in this action, I currently cannot guarantee which lawyers from Sanford Heisler, LLP will participate in trial.

20. Other than his comments at the December 14, 2012 conference, Magistrate Judge Peck has provided no reason for his revocation of my *pro hac vice* admission.  I have not engaged nor have I been accused of engaging in any conduct that would justify revocation of *pro hac vice* admission under controlling case law. I have not been the subject of any bar complaint, disciplinary proceeding, sanction or other type of reprimand during this case or at any time in my career.

21. I believe that Magistrate Judge Peck's revocation of my *pro hac vice* admission to practice in this matter in the United States District Court for the Southern District of New York abridges my clients' rights to have the counsel of their choice represent them.

I declare under the penalties of perjury that the foregoing is true and accurate to the best of my knowledge and belief.

Dated:        December 27, 2012
Location:     San Francisco, California


_____/s/ Janette Wipper_____
Janette Wipper