UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONIQUE DA SILVA MOORE,<br>MARYELLEN O'DONOHUE,<br>LAURIE MAYERS, HEATHER<br>PIERCE, KATHERINE WILKINSON,<br>on behalf of themselves and all others<br>similarly situated, and ZANETA<br>HUBBARD, on her own behalf.<br><br>      PLAINTIFFS,<br><br>v.<br><br>PUBLICIS GROUPE SA, and<br>MSLGROUP,<br><br>      DEFENDANTS. | Civ No. 11-CV-1279 (ALC) (AJP) |

### DECLARATION OF THOMAS J. HENDERSON
### IN SUPPORT OF PLAINTIFFS' RULE 72(a) OBJECTIONS TO
### THE MAGISTRATE JUDGE'S DECEMBER 14, 2012 RULINGS

I, Thomas J. Henderson, declare as follows:

1.  I am a Senior Litigation Counsel at the law firm Sanford Heisler, LLP, counsel of record for Plaintiffs in the above-referenced matter. In early December of 2012, I was asked to take a role as co-counsel along with the existing team of counsel to assist in accomplishing class related discovery and seeking class certification in this matter. I moved for admission *pro hac vice* on December 13, 2012, which was granted on December 14, 2012. My admission followed the addition of Susan Rubenstein as co-counsel for Plaintiffs on October 24, 2012. I have personal knowledge of the following facts and, if called upon to do so, could and would competently testify thereto.

2. I was one of three counsel for Plaintiffs appearing at a discovery hearing before U. S. Magistrate Judge Andrew J. Peck on December 14, 2012. The hearing followed Judge Peck's

directive that the Parties meet and confer regarding the anticipated scope of discovery necessary for a class action determination. Specifically, at the hearing on November 20, 2012, attended by Ms. Rubenstein and others, recognizing the impracticability of the use of predictive coding at this juncture of the case, Judge Peck had ordered the parties to consider the feasibility of conducting discovery on a bifurcated basis, first addressing discovery necessary for class certification, followed by merits discovery. November 20, 2012 Reporters Transcript at p.3:3-24; p. 15:1-10. (*See* Reporter's Transcript of November 20, 2012, attached hereto as Exhibit A.)  Judge Peck directed the parties to discuss the issue of bifurcation and attempt to come to an agreement on the scope of discovery appropriate for class certification and to submit a proposed "agenda" to the court on December 7, 2012.   11-20-12 Reporters Transcript at 26-27.

    3. As directed by the Magistrate Judge, Plaintiffs drafted a proposal including a list of categories of discovery believed to be necessary and appropriate for class certification. Plaintiffs provided the proposal to counsel for MSL on November 30, 2012, and the parties held a meet and confer on the subject. Plaintiffs made revisions to their initial proposed list and provided the revised proposal to counsel for MSL and, later, the Court on December 7, 2012. (*See*, Exhibit A to letter from Susan Rubenstein to Judge Peck, dated December 7, 2012, attached hereto as Exhibit B.) MSL sent Plaintiffs their own discovery plan on December 6, 2012.  (*See* letter from Jeffrey Brecher, dated December 6, 2012, attached hereto as Exhibit C.)  On December 7, 2012, rather than submitting a joint proposal as Judge Peck requested, MSL's counsel indicated its preference to submit a "separate" letter, and Plaintiffs thus submitted their own letter to Judge Peck.  MSL's letter stated its view that "discovery should be bifurcated between class discovery and individual discovery," and "… because the merits and class certification are intertwined…Plaintiffs will have full discovery regarding their class theories before they file a motion for class certification and MSL would be in a position to move for summary judgment regarding the merits of the class claims at the conclusion of the discovery relating to class issues." (*See* letter dated December 7,

2012 from Victoria Chavey to Judge Peck, at pp. 2-3, attached hereto as Exhibit D to this Declaration.) MSL's letter also attached the proposals the parties' had exchanged. *See* Exhibits 1, 2 and 3 to Exhibit D.

    4. On December 10, 2012, Judge Peck entered an Order directing Plaintiffs to "provide defendants, and the Court, with proposed document requests for class certification discovery, corresponding to the Exhibit A categories in plaintiffs' December 7, 2012 letter." (*See* Order, entered December 10, 2012 by Judge Peck, attached hereto as Exhibit E). The Order also suggested that Defendants "may want to try their hand" at drafting such discovery requests that they "agree are ripe for class discovery," and "note[d] that it appears that 'policy' documents are appropriate, but 'implementation' documents, i.e., re specific individuals, do not appear appropriate." *Id.* In response, on December 13, 2012, Plaintiffs submitted to the Court an augmented itemization of the discovery in Plaintiffs Exhibit A to the December 7, 2012 letter. Plaintiffs made no additions to the categories of discovery identified in that Exhibit A, but rather, added only annotations that specifically identified Plaintiffs' already-served Requests for Production corresponding to each category of documents in Exhibit A, as requested by the Court. MSL made no December 13, 2012 submission.

    5. The discussions at the December 14, 2012 hearing concerned the parties' December 7, 2012 submissions, Plaintiffs' December 13, 2012 submission, and issues associated with class certification and class merits discovery. At one point during the hearing, Judge Peck expressed displeasure about the entry of new counsel for Plaintiffs and the departure of another, and inquired about who was going to be "lead trial counsel." (*See,* Reporter's Transcript, dated December 14, 2012 ,at p. 9:7-12., attached hereto as Exhibit F) In order to assure the Judge that counsel present had authority regarding the matters at issue, I responded using the Judge's words that Ms. Rubenstein and I, joined by others would be "lead counsel." I further stated: "I have been asked to get involved in this Conference specifically to resolve these class issues and move it forward.

That is why I'm here today, your Honor." (Reporter's Transcript, p. 10: 22-11:2; *see also* 15:15-16). In conveying to Judge Peck that I and others would serve as "lead counsel," I did not intend to suggest that anyone was displacing Janette Wipper as a senior member of Plaintiffs' litigation counsel.

6. The discussion returned to questions regarding bifurcation and class-related discovery and Judge Peck's perception that Plaintiffs' December 13, 2012 submission somehow departed from their December 7, 2012 proposal. Judge Peck then abruptly interrupted the discussion and asked again if I and other counsel present were going to try the case and whether counsel for Plaintiffs, Janette Wipper, was going to participate in the trial of this matter. Reporter's Transcript, p. 14:24-15:18. I intended to give an indefinite response to the question regarding Ms. Wipper's participation at trial because I had only been involved in the case for approximately two weeks, and had only been asked to assist in accomplishing class discovery and class certification. I understand that no trial has been scheduled in this action and Plaintiffs' counsel have had no specific discussions about how the trial would be staffed. The hearing transcript reflects an indefinite response, but not as indefinite as I intended:

> 17    THE COURT:  OK.  And Ms. Wippel, who I would assume is
> 18  senior to you, is not going to be here at trial or she is?
> 19    MR. HENDERSON: *At this point* we do not contemplate
> 20  that she would be.  It's Wipper.

Reporter's Transcript at p. 15 (emphasis added). Indefinite or not, my statement regarding Ms. Wipper's participation was and is incorrect. I spoke with Ms. Wipper after the hearing, and she intends to continue to participate as a senior member of Plaintiffs' litigation team and to participate in the trial of this matter—she has represented the Plaintiffs since before the Complaint was filed, initiated this litigation, and intends to remain an active participant through its conclusion.

7. I did not expect Judge Peck to inquire about the plans for trial staffing in this discovery hearing and I also did not understand the purpose of Judge Peck's inquiry, so I was shocked when Judge Peck stated:

> 21      THE COURT: Wipper. Sorry. It's been a while.
>
> 22      OK. Her pro hac vice is therefore ended. No more
>
> 23  papers from her, no more ghost writing. You two are in charge.
>
> 24  Write it.
>
> 25      OK. Now that we have taken care of that, now you tell
>
> 1  me what you want. Forget how we got here. Tell me what you
>
> 2  want.

December 14, 2012 Transcript at 15-16.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 27th day of December, 2012, at Washington, D.C.

                                                          */s/Thomas J. Henderson*
                                                          Thomas J. Henderson