# Exhibit B

**SANFORD HEISLER, LLP**
1350 Avenue of the Americas, 31st Floor
New York, New York 10019
(646) 402-5650
Fax: (646) 402-5651
Email: srubenstein@sanfordheisler.com
**www.sanfordheisler.com**

| | |
|---|---|
| 555 Montgomery Street | 1666 Connecticut Avenue |
| Suite 1206 | Suite 300 |
| San Francisco, CA 94111 | Washington, D.C. 20009 |
| Fax: (415) 795-2021 | Fax: (202) 499-5199 |

December 7, 2012

**VIA FAX**
Honorable Andrew J. Peck
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 20 D
New York, New York   10007-1312

   Re:  *da Silva Moore, et al. v. Publicis  Groupe SA, et al., Case No. 11-CV-1279*

Dear Judge Peck:

   On November 20, 2012, this Court directed the Parties to meet and confer regarding the anticipated scope of discovery necessary for a class action determination. Recognizing the impracticability of predictive coding at this juncture of the case, the Court ordered the parties to engage in a dialogue and jointly submit an "agenda" on how discovery should proceed in a bifurcated fashion, focused on class issues. This letter is not being served jointly in accordance with the Court's wishes because MSL's counsel indicated a preference to submit a "separate letter."

   In accordance with the Court's directive, Plaintiffs prepared a specific proposal setting forth examples of targeted discovery necessary for the determination of class certification (attached hereto as Exhibit A). The discovery sought consists of updates of discovery previously produced, in addition to information directed at class issues. Plaintiffs also propose taking 30(b)(6) depositions to identify additional documents and data relevant to class issues. Plaintiffs sent their proposal to MSL's counsel on November 30, 2012. On December 4, 2012, counsel participated in a scheduled telephone conference; however, MSL's counsel did not respond to Plaintiffs' proposal. Instead, on December 6, 2012, MSL sent Plaintiffs its own proposed discovery plan (attached hereto as Exhibit B). There are stark and substantial differences between the proposed plans. MSL's plan is not a bifurcated discovery plan; rather, it is a proposal to allow MSL to seek full merits discovery of individual Plaintiffs. **MSL's proposal further seeks to limit Plaintiffs' class discovery, while allowing MSL to rely on discovery withheld from Plaintiffs to attack class certification** (see underlined portion of Exhibit B)**.**

1

      Notwithstanding the differences in their respective approaches to discovery, the Parties have agreed on two main points: (1) it is not preferable to continue with predictive coding at this time, and (2) it is preferable to focus discovery at this stage on class issues. The Parties have further agreed to meet and confer next week, and to include counsel for Publicis Groupe, given Judge Carter's recent decision. Counsel for Plaintiffs and counsel for Publicis Group had previously planned to confer next week regarding discovery.

      Plaintiffs will make every effort to abide by this Court's directive and continue to confer to determine whether an agreement can be reached prior to the hearing on December 14, 2012.

      Respectfully Submitted,

      /s/Susan Rubenstein

      Susan Rubenstein

Cc:    All counsel of record
        Judge Andrew L. Carter

Enclosures

# Exhibit A

**PLAINTIFFS' PROPOSED DISCOVERY PLAN TARGETED FOR CLASS CERTIFICATION**

## DOCUMENTS

**1. Pay**
  a) Updated HR data, payroll data and W2 data (including data to correct for errors & omissions, provide added itemization, etc. necessary for statistical analysis)
  b) Updated compensation policies
  c) Utilization reports noting billability and targets
  d) Documents reflecting interpretation, application and implementation of compensation policies and practices (to be identified after 30(b)(6) depositions)

**2. Promotion**
  a) Job postings for any positions along PR professional track
  b) Updated promotion policies
  c) Recruitment/hiring policies
  d) Documents reflecting interpretation, application and implementation of promotion and recruitment/hiring policies and practices (to be identified after 30(b)(6) depositions)

**3. Pregnancy/Caregiver**
  a) Updated maternity leave / flexible work schedule / other leave policies
  b) Documents re: maternity leave plans and other leave plans created by HR
  c) Documents re: any adverse action (removal from accounts, bad performance review, discipline, termination, etc.) taken against an employee within two years of returning from maternity leave, any other leave or working on a flex schedule
  d) Documents reflecting interpretation, application and implementation of maternity leave / other leave/ flexible work schedule policies and practices (to be identified after 30(b)(6) depositions)

**4. HR Documents**
  a) Directory of HR files
  b) Updated HR training documents
  c) HR complaints, including documents re: investigation/resolution of complaints (e.g., any remedial action taken)
  d) E-mails to and from HR personnel regarding pay, promotion, pregnancy/caregiver and sexual harassment issues and complaints
  e) Documents reflecting interpretation, application and implementation of HR policies related to compensation, promotion/hire/recruitment, and pregnancy/caregiver/ flexible work schedules / leave policies and practices (to be identified after 30(b)(6) depositions)

**5. Other (e.g., corporate structure; centralized decision-making)**
   a) Company directory
   b) Updated Organizational charts
   c) Budgets/forecasts rolled up to headquarters
   d) Documents relating to Tsokanos' termination (including investigation leading up to termination)
   e) Annual Office Plans
   f) Updated salary/hiring freeze documents
   g) Updated Restructuring/ reorganizations of brand, management structure, offices, practice areas, personnel layoffs/ severance

**DEPOSITIONS**
Plaintiffs would also need to take a number of depositions before filing the class certification motion. These would include 30(b)(6) depositions on compensation policies and practices; policies and practices regarding how vacancies are filled through promotion or outside hire; policies and practices regarding maternity leave, other leave and flexible work schedules; and other relevant HR policies and practices.  These depositions also would be used to identify any additional categories of documents and data that reflect the interpretation, application and implementation of these policies, practices and their decision-making processes, that would need to be produced. After  production of any additional responsive documents, Plaintiffs would also take depositions of HR employees, the Company's top leadership (e.g., Tsokanos, Fleurot), and other members of the Company's leadership team (e.g., CFO, regional management). As we previously indicated, these depositions would be focused on issues bearing on class certification; accordingly, Plaintiffs reserve the right to re-depose witnesses for merits discovery.

# Exhibit B

| | |
|---|---|
| From: | Michelle Glienke |
| To: | Michelle Glienke |
| Subject: | FW: da Silva Moore v. Publicis, et al. - Proposed List of Class Discovery |
| Date: | Thursday, December 06, 2012 12:04:48 PM |

**From:** Chavey, Victoria Woodin (Hartford) [mailto:Victoria.Chavey@jacksonlewis.com]
**Sent:** Thursday, December 06, 2012 11:58 AM
**To:** Susan Rubenstein
**Cc:** Tom Henderson; Deepika Bains; Siham Nurhussein; Brecher, Jeffrey W. (Long Island); Bulmer, Peter R. (Chicago); Anders, Brett M. (Morristown); Evans, Paul C. (pevans@morganlewis.com)
**Subject:** RE: da Silva Moore v. Publicis, et al. - Proposed List of Class Discovery

Susan, Deepika, and Tom,

Following up on our meet and confer on Tuesday, we write this email in a further effort to discuss the discovery plan going forward.

After reviewing your email from Friday night, we had several questions that we raised with you concerning your proposal. During our discussion on Tuesday, we confirmed that you believe that class certification discovery is different than class merits discovery, but we were not able to discern how you think they are different. Also, in our discussion on Tuesday, you confirmed that your statement in the Friday email about potentially modifying or updating your proposal as the case progresses was intended only to mean that, during the meet and confer process, but not after we reach an agreement (if we can reach agreement), you may need to modify or change your proposal. You further confirmed that your proposal contemplates that the parties would not use the ESI protocol during class certification discovery. Finally, in our discussion on Tuesday, we tried to discuss how your proposal relates to your alleged class theories, but you were unwilling to discuss that issue further and directed us to Paragraphs 262 and 263 of the SAC.

Having further considered your proposal, we are concerned that class certification issues and class merits issues overlap to such an extent that separating them is infeasible, and we still do not understand how your proposal limits that which you would be seeking for class merits discovery. We are, however, interested in further exploring limited discovery as follows. First, we would like you to identify more specifically what depositions you would seek to take as part of limited discovery focused on class issues only. On a related note, we would seek your agreement, as part of an agreement to engage in limited discovery, that, even if you do not depose a particular witness during the limited discovery period, you would not oppose our reliance on that witness's testimony/affidavit/other evidence in opposing class certification or moving for summary judgment. Similarly, MSL would not be limited, in opposing your class certification motion, to relying on matters on which you took discovery, and thus you would not oppose MSL's use of any available information in its presentation of its opposition to class certification. Furthermore, MSL still would proceed with discovery on the EPA claims, including issuing written discovery requests, noticing the opt-in plaintiffs' depositions, deposing other witnesses who may be relevant to the EPA claims, and conducting any other discovery necessary to the defense of those claims (possibly including targeted e-mail searches). Finally, MSL may seek to move for summary judgment at or before the time you move for class certification, and we would undertake limited discovery only if you would not oppose

that motion on the ground that you have not had sufficient discovery.

There will likely be other issues that arise as we continue to discuss the parameters of a proposed limited discovery plan, but we can address them as necessary. Please feel free to respond to this email by email, or we can schedule a call for later today or Friday morning.

Thank you.
Tory

**Victoria Woodin Chavey**
**Attorney at Law**
**Jackson Lewis LLP**
**90 State House Square, 8th Floor**
**Hartford, CT 06103-3708**

860.331.1534| Direct
860.522.0404| Main
860.247.1330| Fax

victoria.chavey@jacksonlewis.com

www.jacksonlewis.com