# Exhibit D

Representing Management Exclusively in Workplace Law and Related Litigation



Attorneys at Law

| | | | |
|---|---|---|---|
| Jackson Lewis LLP | ALBANY, NY | DETROIT, MI | MINNEAPOLIS, MN | PORTSMOUTH, NH |
| 90 State House Square | ALBUQUERQUE, NM | GREENVILLE, SC | MORRISTOWN, NJ | PROVIDENCE, RI |
| 8th Floor | ATLANTA, GA | HARTFORD, CT | NEW ORLEANS, LA | RALEIGH-DURHAM, NC |
| Hartford, Connecticut 06103 | AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | RICHMOND, VA |
| Tel 860 522-0404 | BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SACRAMENTO, CA |
| Fax 860 247-1330 | BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAINT LOUIS, MO |
| www.jacksonlewis.com | BOSTON, MA | LAS VEGAS, NV | ORANGE COUNTY, CA | SAN DIEGO, CA |
| | CHICAGO, IL | LONG ISLAND, NY | ORLANDO, FL | SAN FRANCISCO, CA |
| | CINCINNATI, OH | LOS ANGELES, CA | PHILADELPHIA, PA | SEATTLE, WA |
| | CLEVELAND, OH | MEMPHIS, TN | PHOENIX, AZ | STAMFORD, CT |
| | DALLAS, TX | MIAMI, FL | PITTSBURGH, PA | WASHINGTON, DC REGION |
| | DENVER, CO | MILWAUKEE, WI | PORTLAND, OR | WHITE PLAINS, NY |

My Direct Dial Is: (860) 331-1534
My Email Address Is: Victoria.Chavey@jacksonlewis.com

December 7, 2012

**VIA FACSIMILE (212) 805-7933**

Hon. Andrew J. Peck
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

　　　　　　　　　　**Re:**　　*da Silva Moore, et al. v. Publicis Groupe SA, et al.*
　　　　　　　　　　　　　　**Case No. 11-CV-1279**

Dear Magistrate Judge Peck:

　　　　We are counsel to Defendant MSLGroup Americas Inc. ("MSL"). In accordance with your Order on November 20, 2012, we are writing to provide a status report regarding the parties' discussions relating to further discovery in this case.

　　　　At the November 20 conference, the Court noted this case has utilized substantial judicial resources and that discovery needed to be focused. The Court queried whether the ESI protocol and predictive coding could be avoided by focusing discovery on core documents and key depositions that would enable Plaintiffs to move for class certification. *See* Nov. 20 Tr. p. 9 ("What I want is either very limited discovery without necessarily predictive coding, mostly core key operating manual type things, whatever and a 30(b)(6) deposition and you've got your witnesses and then we have class certification"). The Court explained, however, "if what you are asking for is 50 to 90 percent of what you're asking for any way, then it makes no sense to do it that way," and posed the following question to Plaintiffs: "so what would you need to revisit that bifurcated discovery besides everything?" *Id.* at p. 8. The Court repeatedly cautioned that Plaintiffs could not take full discovery regarding the merits of the individual claims of putative class members as if the case had already been certified, finding that approach "backwards" and noting that what Plaintiffs appeared to seek was two rounds of full discovery regarding the putative members of the Title VII class—one prior to class certification, and then another round if the case was certified, which the Court would not do. Tr. p. 15 ("we are not doing two rounds of predictive coding one for class and another for the quote/unquote merits"). The Court again asked: "So the question is, can you either move for class certification immediately or what



minimal discovery [do you] need to move for class certification[,] but I am not going to give you full class action discovery as if the class were certified, nor am I going to allow you to use this current scheduling order as a way to do it twice." In light of the Court's comments, the parties were to meet and confer regarding a proposed discovery plan focused on class issues and report back to the Court.

Following the November 20, 2012 conference, Plaintiffs submitted a proposal on the evening of Friday November 30, 2012 (Exhibit 1). MSL responded on Monday, December 3, and the parties had a telephonic conference to discuss a proposed discovery plan on Tuesday, December 4. MSL provided further suggestions on a proposed discovery plan on December 6 (Exhibit 2) and the parties exchanged additional e-mail correspondence today, including a revised proposal submitted by Plaintiffs this afternoon (Exhibit 3). We also offered to hold an in-person meeting to continue discussing an agreed discovery plan. The parties have agreed it would be preferable not to conduct the predictive coding now in accordance with the ESI protocol and instead to focus discovery on class issues, as the Court suggested. But the parties could not agree regarding the parameters of that discovery. MSL believes, as the Court foreshadowed at the conference, that the discovery sought by Plaintiffs relating to class issues is essentially the same discovery they would seek regarding the merits of individual claims. For example, Plaintiffs' proposal seeks "job postings for any positions;" "documents re: any adverse action (removal from accounts, bad performance review, discipline, termination, etc.) taken against an employee within two years of returning from maternity leave or working a flex schedule); and all "e-mail to and from HR personnel regarding pay, promotion, and pregnancy issues." (Exhibit 1.) The more recent proposal add even more amorphous items such as "documents reflecting interpretation, *application and implementation* of compensation policies and practices" (emphasis added), code for individual discovery. (Exhibit 3.) Such discovery is not limited to "class issues" nor will it result in any efficiency. Instead, as the Court predicted, this approach would simply result in MSL conducting discovery "twice."

Additionally, Plaintiffs stated they would need to take a "limited number" of depositions, but then identified numerous categories of deponents, including "HR employees," the "Company's top leadership" and "other members of the Company's leadership team," including "regional management" and the CEO of MSL. Plaintiffs state the depositions would be limited to issues bearing on "class certification," and that they would seek to depose them *again* on the "merits," thus necessitating two depositions. Plaintiffs did not respond to MSL's request that they clarify further regarding the depositions they would need, nor did they respond to MSL's inquiry about whether Plaintiffs would object to MSL's reliance on witnesses, in opposing class certification, who had not been deposed. Determining which is a "class certification" question versus a "merits" question appears, in a case like this where every decision is being challenged, an impossible line to draw. Plaintiffs' approach will simply result in the waste of additional judicial resources in which the Court is continually called upon to identify whether the question is a "merits" question or a "certification" question, not to mention high level executives being deposed twice, once on the "class issue" and again on the "merits."

Defendants propose an approach that will streamline discovery and move this case forward. Defendants believe that discovery should be bifurcated between class discovery and



Attorneys at Law

individual discovery. Specifically, the first phase of discovery should be focused on the existence and validity of the class issues (*i.e.*, whether the requirements of Rule 23 are satisfied *and* the merits of the *class* theories) because the merits and class certification issues are intertwined. *See Wal-Mart Stores, Inc., v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (nothing that in determining whether the prerequisites for certification have been satisfied, the analysis "will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped."). Thus, Plaintiffs will have full discovery regarding their class theories before they file a motion for class certification, and because discovery necessary for that motion overlaps with merits of the *class* claims, MSL may move for summary judgment regarding the merits of the class claims at the conclusion of the discovery relating to class issues (*i.e.*, if Plaintiffs argue that the class should be certified because a particular promotion policy is allegedly discriminatory, plaintiffs would be permitted to rely on that policy in support of their claim that commonality exists, but MSL would be permitted to argue that the policy itself is not discriminatory on the merits). Only if class certification is granted (and MSL's motion for summary judgment denied) would additional discovery be conducted regarding the merits of any individual claims of absent putative class members of the Title VII class. Simultaneously with the class discovery, however, individual discovery will proceed regarding the Equal Pay Act claims of the individuals who have filed consent forms to join the action.

We look forward to discussing these issues with the Court at the conference scheduled on December 14, 2012. In light of the parties' agreement to conduct predictive coding at a later date, we do not intend to bring any experts regarding predictive coding to the conference. If, however, the Court would like them to attend, please advise.

Respectfully submitted,

JACKSON LEWIS LLP

/s/
Victoria Woodin Chavey

cc:    All counsel of record (via e-mail)

# EXHIBIT 1

**From:** Kevin Castillo [mailto:KCastillo@sanfordheisler.com]
**Sent:** Friday, November 30, 2012 7:07 PM
**To:** Anders, Brett M. (Morristown); Chavey, Victoria Woodin (Hartford); Brecher, Jeffrey W. (Long Island)
**Cc:** Janette Wipper; Deepika Bains; Susan Rubenstein; Siham Nurhussein; Tom Henderson; Jennifer Siegel
**Subject:** Re: da Silva Moore v. Publicis, et al. - Proposed List of Class Discovery

On behalf of Susan Rubenstein:

Tory/Jeff,

We would like to schedule a meet and confer to discuss the joint status report, which Judge Peck ordered the parties to submit by December 7th. Please let us know if you are available next Monday, December 3rd. To facilitate our discussion, we have identified a few discrete categories of class discovery that Plaintiffs would seek under a bifurcated discovery schedule. Unless otherwise specified, Plaintiffs are seeking discovery during the class period (through the present). Please let us know your position on our proposal.

**DOCUMENTS**

1. **Pay**
    a. Updated HR and payroll data
    b. Updated compensation policies
    c. Utilization reports noting billability and targets
2. **Promotion**
    a. Job postings for any positions along PR professional track
    b. Updated promotion policies
3. **Pregnancy**
    a. Updated maternity leave / flexible work schedule policies
    b. Documents re: maternity leave plans created by HR
    c. Documents re: any adverse action (removal from accounts, bad performance review, discipline, termination, etc.) taken against an employee within two years of returning from maternity leave or working on a flex schedule
4. **HR Documents**
    a. List of HR files (e.g., directory)
    b. HR training documents
    c. HR complaints, including documents re: investigation/resolution of complaints (e.g., any remedial action taken)
    d. E-mails to and from HR personnel regarding pay, promotion, and pregnancy issues and complaints
5. **Other (e.g., corporate structure; centralized decision-making)**
    a. Company directory
    b. Organizational charts (updated)
    c. Forecasts rolled up to headquarters
    d. Documents relating to Tsokanos' termination (including investigation leading up to termination)
    e. Annual Office Plans

**DEPOSITIONS**

Plaintiffs would also need to take a limited number of depositions before filing the class certification motion. These would include, e.g., one or more 30(b)(6) depositions (on HR policies and practices, decision-making process, etc.), as well as depositions of HR employees, the Company's top leadership (e.g., Tsokanos, Fleurot), and other members of the Company's leadership team (e.g., CFO, regional management). The scope of these depositions would be limited to issues bearing on class certification; accordingly, Plaintiffs reserve the right to re-depose witnesses for merits discovery.

Please note that this is a preliminary list of documents and depositions; Plaintiffs may update/modify the list depending on how the case progresses.

Thanks,

Kevin Castillo
Legal Assistant | Sanford Heisler, LLP
555 Montgomery Street, Suite 1206
San Francisco, CA 94111
kcastillo@sanfordheisler.com | www.sanfordheisler.com
direct: 415 795 2016 | main: 415 795 2020 | fax: 415 795 2021

Please note that our phone numbers changed.  Please update your records accordingly!

*CONFIDENTIAL INFORMATION: This message and any information contained herein or attached hereto is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any review, copying, dissemination or distribution of this communication to anyone other than the intended recipient is strictly prohibited. If you have received this communication in error, please notify this firm immediately by return e-mail and delete this message from your computer. Thank you.*


Representing management exclusively in workplace law and related litigation

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

# EXHIBIT 2

## Brecher, Jeffrey W. (Long Island)

| | |
|---|---|
| **From:** | Chavey, Victoria Woodin (Hartford) |
| **Sent:** | Thursday, December 06, 2012 11:58 AM |
| **To:** | Susan Rubenstein |
| **Cc:** | Tom Henderson (THenderson@sanfordheisler.com); Deepika Bains (DBains@sanfordheisler.com); Siham Nurhussein (SNurhussein@sanfordheisler.com); Brecher, Jeffrey W. (Long Island); Bulmer, Peter R. (Chicago); Anders, Brett M. (Morristown); Evans, Paul C. (pevans@morganlewis.com) |
| **Subject:** | RE: da Silva Moore v. Publicis, et al. - Proposed List of Class Discovery |

Susan, Deepika, and Tom,

Following up on our meet and confer on Tuesday, we write this email in a further effort to discuss the discovery plan going forward.

After reviewing your email from Friday night, we had several questions that we raised with you concerning your proposal. During our discussion on Tuesday, we confirmed that you believe that class certification discovery is different than class merits discovery, but we were not able to discern how you think they are different. Also, in our discussion on Tuesday, you confirmed that your statement in the Friday email about potentially modifying or updating your proposal as the case progresses was intended only to mean that, during the meet and confer process, but not after we reach an agreement (if we can reach agreement), you may need to modify or change your proposal. You further confirmed that your proposal contemplates that the parties would not use the ESI protocol during class certification discovery. Finally, in our discussion on Tuesday, we tried to discuss how your proposal relates to your alleged class theories, but you were unwilling to discuss that issue further and directed us to Paragraphs 262 and 263 of the SAC.

Having further considered your proposal, we are concerned that class certification issues and class merits issues overlap to such an extent that separating them is infeasible, and we still do not understand how your proposal limits that which you would be seeking for class merits discovery. We are, however, interested in further exploring limited discovery as follows. First, we would like you to identify more specifically what depositions you would seek to take as part of limited discovery focused on class issues only. On a related note, we would seek your agreement, as part of an agreement to engage in limited discovery, that, even if you do not depose a particular witness during the limited discovery period, you would not oppose our reliance on that witness's testimony/affidavit/other evidence in opposing class certification or moving for summary judgment. Similarly, MSL would not be limited, in opposing your class certification motion, to relying on matters on which you took discovery, and thus you would not oppose MSL's use of any available information in its presentation of its opposition to class certification. Furthermore, MSL still would proceed with discovery on the EPA claims, including issuing written discovery requests, noticing the opt-in plaintiffs' depositions, deposing other witnesses who may be relevant to the EPA claims, and conducting any other discovery necessary to the defense of those claims (possibly including targeted e-mail searches). Finally, MSL may seek to move for summary judgment at or before the time you move for class certification, and we would undertake limited discovery only if you would not oppose that motion on the ground that you have not had sufficient discovery.

There will likely be other issues that arise as we continue to discuss the parameters of a proposed limited discovery plan, but we can address them as necessary. Please feel free to respond to this email by email, or we can schedule a call for later today or Friday morning.

Thank you.
Tory

**Victoria Woodin Chavey**
**Attorney at Law**
**Jackson Lewis LLP**

1

# EXHIBIT 3

**Brecher, Jeffrey W. (Long Island)**

| | |
|---|---|
| **From:** | Susan Rubenstein [SRubenstein@sanfordheisler.com] |
| **Sent:** | Friday, December 07, 2012 12:24 PM |
| **To:** | Chavey, Victoria Woodin (Hartford); Brecher, Jeffrey W. (Long Island) |
| **Cc:** | Janette Wipper; Tom Henderson; Siham Nurhussein; Deepika Bains; Publicis |
| **Subject:** | Meet and confer/joint submission |

Dear Victoria and Jeff:

We have reviewed the discovery plan you proposed in your e-mail message yesterday. What MSL is proposing is not a bifurcated discovery plan; rather, your proposal seeks to limit Plaintiffs' class discovery while allowing MSL to not only pursue full merits discovery regarding the EPA claims, but also rely on discovery withheld from Plaintiffs to oppose class certification. We will be pleased to discuss any aspect of MSL's proposal, however MSL's approach at this time is neither fair nor workable.

In accordance with Judge Peck's directive, Plaintiffs set forth a very specific proposal setting forth the targeted discovery needed for class certification. To the extent MSL disagrees with the scope of discovery being sought by Plaintiffs, the reasons for any such disagreement have not been forthcoming. We would again renew our request that MSL engage in a dialogue with Plaintiffs' counsel regarding Plaintiffs' proposal. Perhaps the parties can confer in person along with counsel for Publicis next week.

Given that the Court asked for an agenda from the parties, we propose that the parties jointly submit their respective positions in one document to the Court. That would include our proposal below and the proposal you sent yesterday, with any further revisions you might want to make. If you agree to such joint submission to the Court, we ask that you provide your section to us by 3pm today so that we can consolidate and finalize everything before the Court's deadline. We also will note in the report that we plan to confer with Publicis regarding discovery next week and we expect to be able to provide a report at the December 14 conference.

Please note that we have made some modest revisions to our discovery proposal. The updated version is as follows:

**DOCUMENTS**

1.  **Pay**
    a.  Updated HR data, payroll data and W2 data (including data to correct for errors & omissions, provide added itemization, etc. necessary for statistical analysis)
    b.  Updated compensation policies
    c.  Utilization reports noting billability and targets
    d.  Documents reflecting interpretation, application and implementation of compensation policies and practices (to be identified after 30(b)(6) depositions)

2.  **Promotion**
    a.  Job postings for any positions along PR professional track
    b.  Updated promotion policies
    c.  Recruitment/hiring policies
    d.  Documents reflecting interpretation, application and implementation of promotion and recruitment/hiring policies and practices (to be identified after 30(b)(6) depositions)

3.  **Pregnancy/Caregiver**
    a.  Updated maternity leave / flexible work schedule / other leave policies
    b.  Documents re: maternity leave plans and other leave plans created by HR

     c.  Documents re: any adverse action (removal from accounts, bad performance review, discipline, termination, etc.) taken against an employee within two years of returning from maternity leave, any other leave or working on a flex schedule

     d.  Documents reflecting interpretation, application and implementation of maternity leave / other leave/ flexible work schedule policies and practices (to be identified after 30(b)(6) depositions)

**4.  HR Documents**

     a.  Directory of HR files

     b.  HR training documents

     c.  HR complaints, including documents re: investigation/resolution of complaints (e.g., any remedial action taken)

     d.  E-mails to and from HR personnel regarding pay, promotion, pregnancy/caregiver and sexual harassment issues and complaints

     e.  Documents reflecting interpretation, application and implementation of HR policies related to compensation, promotion/hire/recruitment, and pregnancy/caregiver/ flexible work schedules / leave policies and practices (to be identified after 30(b)(6) depositions)

**5.  Other (e.g., corporate structure; centralized decision-making)**

     a.  Company directory

     b.  Updated Organizational charts

     c.  Budgets/forecasts rolled up to headquarters

     d.  Documents relating to Tsokanos' termination (including investigation leading up to termination)

     e.  Annual Office Plans

     f.  Salary/hiring freeze documents (updated)

     g.  restructuring/ reorganizations of brand, management structure, offices, practice areas, personnel

     h.  layoffs/ severance

## DEPOSITIONS

Plaintiffs would also need to take a number of depositions before filing the class certification motion. These would include 30(b)(6) depositions on compensation policies and practices; policies and practices regarding how vacancies are filled through promotion or outside hire; policies and practices regarding maternity leave, other leave and flexible work schedules; and other relevant HR policies and practices. These depositions also would be used to identify any additional categories of documents and data that reflect the interpretation, application and implementation of these policies, practices and their decision-making processes, that would need to be produced. After production of any additional responsive documents, Plaintiffs would also take depositions of HR employees, the Company's top leadership (e.g., Tsokanos, Fleurot), and other members of the Company's leadership team (e.g., CFO, regional management). As we previously indicated, these depositions would be focused on issues bearing on class certification; accordingly, Plaintiffs reserve the right to re-depose witnesses for merits discovery.

Thank you for your courtesy and cooperation in letting me know how you wish to proceed with the joint submission.

Susan Rubenstein

Susan Rubenstein
Senior Litigation Counsel | Sanford Heisler, LLP
1350 Avenue of the Americas, 31st Floor
New York, NY 10019
srubenstein@sanfordheisler.com

ph: (646) 402-5650 | fax: (646) 402-5651

**Please note that our phone numbers changed.  Please update your records accordingly!**

*CONFIDENTIAL INFORMATION: This message and any information contained herein or attached hereto is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any review, copying, dissemination or distribution of this communication to anyone other than the intended recipient is strictly prohibited.  If you have received this communication in error, please notify this firm immediately by return e-mail and delete this message from your computer.  Thank you.*