USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 1/2/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

MONIQUE DA SILVA MOORE, et al.,  :

        Plaintiffs,  :  11 Civ. 1279 (ALC) (AJP)

        -against-  :  **ORDER**

PUBLICIS GROUPE & MSL GROUP,  :

        Defendants.  :

------------------------------------- x

**ANDREW J. PECK, United States Magistrate Judge:**

        The Court's revocation of Ms. Wipper's pro hac vice status was based on a misstatement by Ms. Wipper's colleague, Thomas Henderson, who stated that he (and another attorney present) would be lead trial counsel and Ms. Wipper would not be trial counsel. Mr. Henderson now admits that his statement "was and is incorrect." (Dkt. No. 357: Henderson Aff. at 4.) Accordingly, since it appears Ms. Wipper is lead counsel in this case, her pro hac vice admission is reinstated.

        The Court notes that Mr. Henderson's erroneous statement is the very thing the Court was trying to avoid by insuring that lead trial counsel attend discovery conferences. Plaintiffs have gone in short order from Mr. Wittels to Ms. Rubenstein to Mr. Henderson in the last three conferences. (In contrast, the same lawyers have appeared for MSL and Publicis at virtually every conference before me.) The Court perceived a change in position by plaintiffs from the conference attended by Ms. Rubenstein to the next conference at which Mr. Henderson first appeared. It was in this context that the Court asked who would be lead trial counsel and was informed that it would

be Rubenstein and Henderson, and that Ms. Wipper would not be trial counsel. (Had Mr. Henderson brought his error to my attention and sought reconsideration, plaintiffs could have avoided the filing of lengthy objections on this issue.)[1]

As lead trial counsel, Ms. Wipper is required to attend all discovery and status conferences before me (except only those scheduled on short notice). (The Court in the future may extend this rule to defendants' lead trial counsel if it appears to the Court that defendants take different positions at conferences depending upon which attorney appears for them.)

SO ORDERED.

Dated: New York, New York
January 2, 2013

**Andrew J. Peck**
United States Magistrate Judge

Copies **by ECF** to: All Counsel
Judge Andrew L. Carter, Jr.

---

[1] As to Ms. Wipper's claim that she had no notice, the Court views whichever attorney as appearing for a party as fully representing the party and all counsel. Henderson made no comment, let alone objection, when I said I was withdrawing Ms. Wipper's pro hac status.