UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONIQUE DA SILVA MOORE, MARYELLEN O'DONOHUE, LAURIE MAYERS, HEATHER PIERCE, and KATHERINE WILKINSON on behalf of themselves and all others similarly situated, and ZANETA HUBBARD, on her own behalf<br><br>PLAINTIFFS,<br><br>v.<br><br>PUBLICIS GROUPE SA and MSLGROUP,<br><br>DEFENDANTS. | Civ No. 11-CV-1279 (ALC) (AJP) |

## ORDER PRELIMINARILY APPROVING SETTLEMENT

Upon consideration of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, and upon the Court's review of exhibits annexed to such motion, including the Settlement Agreement and exhibits thereto, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Court preliminarily approves the Settlement Agreement as being fair, reasonable and adequate, subject to the right of any Class Member to challenge the fairness, reasonableness or adequacy of the Settlement Agreement and to show cause, if any exists, why a final judgment dismissing this case and all released claims and awarding attorneys' fees and expenses to Class Counsel, should not be entered following a Final Fairness Hearing.

2. For settlement purposes only, and without any effect whatsoever in the event that the settlement is not consummated, the Classes are preliminarily certified under Rule 23(b)(3) of the Federal Rules of Civil Procedure as follows:

**Pay Class**: All female Public Relations professionals holding the title or rank of Vice President or Senior Vice President who were employees of MSL's New York office or MSL's Headquarters, or Business Units 1 or 6, for at least one day between February 24, 2008 and February 24, 2011.

**Pregnancy Class**: female Public Relations professionals employed by MSL in New York who took pregnancy leave during the period February 24, 2008 – November 30, 2011 and all female Public Relations professionals employed by MSL elsewhere in the United States who took pregnancy leave during the period April 1, 2009 – November 30, 2011.

3. For settlement purposes only, and without any effect whatsoever in the event that the settlement is not consummated, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court appoints as Class Counsel, David W. Sanford, Esq. and Thomas J. Henderson, Esq. of SANFORD HEISLER KIMPEL, LLP to represent the Settlement Class for purposes of the Settlement.

4. The Court hereby approves the substance, form and manner of the Notice of Proposed Class Action Settlement (the "Notice"), attached as Exhibit A to the Settlement Agreement. The Parties are directed to mail the Notice following the entry of this Order.

5. Based on the deadlines set forth in the Settlement Agreement, a Final Fairness Hearing shall take place on May 20, 2016 at 10:00 a.m., in the courtroom of the Honorable Andrew L. Carter at the United States District Court for the Southern District of New York, Room 1306, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007, to determine whether the proposed settlement of this action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be finally approved by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and whether this action should be dismissed pursuant to the settlement.

6. Pursuant to the terms of the Settlement Agreement, the parties shall jointly select a Claims Administrator to perform the duties set forth in the Settlement Agreement.

7. Class Members shall be bound by the judgments in this case unless such Class Members request exclusion from the Settlement Class in a timely and proper manner, as herein provided. A Class Member requesting exclusion shall send a written request for exclusion by mail, postmarked within forty-five (45) days after the postmark date of the Notice, to the Claims Administrator at the addresses designated in the Notice. A Class Member must sign the request for exclusion and state her name, address and telephone number in the request. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

8. The Court will consider objections to the Settlement if such written objections are sent to the Claims Administrator, postmarked within forty-five (45) days after the postmark date of the Notice, and then filed with the Clerk of the Court, United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007. Any objection must detail the specific reason for the objection. Class Members who fail to submit objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection to the Settlement Agreement.

9. Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, Defendants shall serve upon the appropriate State Official in which any Proposed Class Member resides, as determined by Defendants' records, a notice of the proposed Settlement in compliance with the requirements of CAFA, 28 U.S.C. §1715.

10. If the settlement is terminated as provided in the Settlement Agreement, then, in such event, the Settlement Agreement, including any amendment(s) thereof, and this Order, shall

be deemed null and void *ab initio*, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, as set forth in the Settlement Agreement, and each party shall be restored to his, her, or its respective position as of the date and time immediately prior to the execution of the Settlement Agreement. All negotiations and information and materials pertaining in any way to the Settlement Agreement or the settlement of the Lawsuit will be inadmissible and remain confidential to the fullest extent permitted by law, as set forth in the Settlement Agreement.

11. As of the date hereof, all discovery and other proceedings in this case are stayed until further order of this Court, except as may be necessary to implement the Settlement Agreement.

IT IS SO ORDERED, this 11 day of January, 2016.

_____
HONORABLE ANDREW L. CARTER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

4