UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MONIQUE DA SILVA MOORE, ) <br> MARYELLEN O'DONOHUE, ) <br> LAURIE MAYERS, HEATHER ) <br> PIERCE, and KATHERINE ) <br> WILKINSON on behalf of themselves ) <br> and all others similarly situated, and ) <br> ZANETA HUBBARD, on her own behalf ) <br>   ) <br> PLAINTIFFS, ) <br>   ) <br> v. ) <br>   ) <br> PUBLICIS GROUPE SA and ) <br> MSLGROUP, ) <br>   ) <br> DEFENDANTS. ) <br> _____ ) | Civ. No. 11-CV-1279 (ALC) (AJP) <br><br> USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC#: _____ <br> DATE FILED: 5-20-16 | |

## ORDER FINALLY APPROVING CLASS SETTLEMENT

Upon consideration of Plaintiffs' "Motion in Support of Unopposed Application for (1) final Certification of Settlement Class; (2) Final Approval of Settlement; (3) Attorneys' Fees, Plus Litigation Costs, and (4) Service Payments to Class Representatives and Class Members Deponents," and upon the Court's review of the Memorandum and declarations in Support thereof, and of the attached exhibits, including the Settlement Agreement, the Court finally approves the Settlement Agreement as being fair, reasonable and adequate.

ACCORDINGLY, IT IS HEREBY ORDERED AS FOLLOWS:

1. <u>Definitions</u>. For purposes of this Order, the Court adopts by reference the definitions set forth in the "Definitions" section of the Settlement Agreement.

2. <u>Notice</u>. The Court finds that dissemination of the Notice as provided for in the Order Preliminarily Approving Settlement constituted the most effective and practicable notice, under the circumstances, to all Class Members concerning the proposed settlement and the final

fairness hearing, and constituted due and sufficient notice to all persons entitled to receive notice required by due process, Fed. R. Civ. P. 23(b)(3), the Equal Pay Act (EPA), and any other applicable law.

3. <u>Final Approval of the Agreement.</u>  The Court finds that the Settlement Agreement is APPROVED as fair, reasonable and adequate, pursuant to Fed. R. Civ. P. 23(e), and as meeting the applicable standards for settlement under the EPA. The Court further finds that each and every term, provision, condition and agreement of the Settlement Agreement, including all exhibits thereto, apply and are adopted, incorporated, and made part of this Judgment, as if copied herein, and shall be effective, implemented and enforced as provided in the Settlement Agreement.

4. Final Certification of Settlement Classes: The Court finalizes certification of the settlement classes pursuant to Federal Rule of Civil Procedure 23(b)(3) as follows:

**Pay Class**: All female Public Relations professionals holding the title or rank of Vice President or Senior Vice President who were employees of MSL's New York office or MSL's Headquarters, or Business Units 1 or 6, for at least one day between February 24, 2008 and February 24, 2011.

**Pregnancy Class**: female Public Relations professionals employed by MSL in New York who took pregnancy leave during the period February 11, 2008 – November 30, 2011 and all female Public Relations professionals employed by MSL elsewhere in the United States who took pregnancy leave during the period April 1, 2009 – November 30, 2011.

5. <u>Service Awards.</u>  The Court approves service awards in the total amount of $197,500 to the six Representative Plaintiffs and the 17 other Deponent Plaintiffs, to be distributed pursuant to the allocations set forth in the parties Settlement Agreement:

Lead Plaintiff Monique Da Silva Moore: $30,000

Representative Plaintiffs MaryEllen O'Donohue, Laurie Mayers, Sheila McLean, Heather Pierce, and Katherine Wilkinson: $25,000 each

The 17 remaining Plaintiff-Deponents listed in the Agreement: $2,500 each

The Court finds these amounts to be fair, reasonable, and appropriate.

6. <u>Attorney's Fees and Costs</u>: The Court approves Class Counsel Sanford Heisler's request for attorneys' fees and litigation costs in the amount of $1,437,500.

7. <u>Distribution of Settlement Funds</u>: Defendants shall pay the settlement in accordance with the parties Settlement Agreement, and settlement monies will be distributed in accordance with that Agreement. The Court approves payment of the Settlement Administrator's fees out of the Settlement Fund. It is estimated that these fees will be no more than $11,000.

8. <u>Jurisdiction.</u> The Court finds that it has jurisdiction over the subject matter of the Action, the Class Representatives, the other Class Members, and the Defendant. Without affecting the finality of the Judgment, the Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance and administration of the Settlement Agreement and/or Judgment.

9. <u>Dismissal with Prejudice.</u> The Court finds that this class and collective action is hereby DISMISSED WITH PREJUDICE and that all claims set forth in Paragraph 4 of the Settlement Agreement are fully released and discharged.

10. <u>Entry of Judgment.</u> There being no just reason to delay entry of this Judgment, the Clerk of the Court is ordered to enter this Judgment forthwith, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**, this 20 day of May, 2016.

_____
HONORABLE ANDREW L. CARTER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK